UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

| | |
|---|---|
| Techtronic Industries Company Limited, and Techtronic Industries Factory Outlets, Inc., <br><br>                 Plaintiffs, <br><br> – against – <br><br> Victor Bonilla, <br><br>                 Defendant. | Case No. 8:23-cv-01734-CEH-AEP |

**Uniform Case Management Report**

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 9/18/2023. Jason Sternberg, Nicholas Inns, and Tara MacNeill (on behalf of Plaintiffs) and Dilan Esper and Henry Self (on behalf of Defendant) attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1).   (*Defendant objects to mandatory initial disclosures. See Item 9, below.) | 10/16/2023 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 1/19/2024 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).   Plaintiff | 2/26/2024 |
| Defendant | 3/8/2024 |
| Rebuttal | 3/29/2024 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 4/30/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 6/3/2024 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.  Enter mediator's name, address, and phone number. | 7/15/2024 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 9/27/2024 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 10/4/2024 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 10/25/2024 |
| Month and year of the trial term. | 11/4/2024 |

The trial will last approximately 7 days and be

☒  jury.

☐  non-jury.

3. **Description of the Action**

    This is an action for libel and libel per se. Plaintiffs allege that Defendant Victor Bonilla, a short seller operating under the name "Jehoshaphat Research," published false and defamatory short seller reports and tweets about Plaintiffs for profit, causing extensive reputational harm and financial injury to Plaintiffs. Defendant denies that he has defamed Plaintiffs and has moved to dismiss Plaintiffs' Complaint.

4. **Disclosure Statement**

    ☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

    ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

    > "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
    >
    > The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

    ☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

    ☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

    ☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

    ☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

    > The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

    ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

    The parties submit the following discovery plan under Rule 26(f)(2):

    A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

       ☐ Yes.
       ☒ No; instead, the parties agree to these changes: The parties disagree about Rule 26 disclosures. Plaintiffs wish to go forward with them; Defendant objects based on the grounds set forth in his forthcoming motion to stay discovery, i.e., that he has a pending motion to dismiss that he contends has merit. Plaintiffs disagree that Defendant's motion to dismiss or forthcoming motion to stay have merit, for the reasons set forth in Plaintiffs' oppositions to those motions.

    B. Discovery may be needed on these subjects: The research reports and tweets published by Defendant; Defendant's financial gain from the shorting of Plaintiffs' stock; Defendant's factual basis (if any) for the statements within the research reports or knowledge that the statements were false, among other things. Whether Defendant's statements regarding Plaintiffs are true, based on the testimony and documents of Plaintiffs and third parties.

    C.    Discovery should be conducted in phases:

        ☒ No.
        ☐ Yes; describe the suggested phases.

    D.    Are there issues about disclosure, discovery, or preservation of electronically stored information?

        ☐ No.
        ☒ Yes; Plaintiffs intend to seek early discovery from third-parties with relevant ESI in their possession to protect against the spoliation of that information.

    E.    ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

    F.    The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

        ☒ No.
        ☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

12. **Signatures**

        By: /s/ *Jason D. Sternberg*
        **QUINN EMANUEL URQUHART & SULLIVAN LLP**
        Jason D. Sternberg (FL Bar 72887)
        Tara MacNeill (FL Bar 1028931)
        2601 South Bayshore Drive, 15 Floor
        Miami, FL 33133
        Telephone: (305) 402-4880
        Facsimile: (305) 901-2975
        jasonsternberg@quinnemanuel.com
        taramacneill@quinnemanuel.com

        Kristin Tahler (admitted *pro hac vice*)
        865 S. Figueroa St., 10th Floor
        Los Angeles, CA 90017
        Telephone: (213) 443-3000
        Facsimile: (213) 443-3100
        kristintahler@quinnemanuel.com

        Nicholas Inns (admitted *pro hac vice*)
        1300 I Street, NW, Suite 900
        Washington, D.C. 20005
        Telephone: (202) 538-8000
        Facsimile: (202) 538-8100
        nicholasinns@quinnemanuel.com

        *Attorneys for Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc.*

        By: /s/ *Dilan A. Esper*
        **HARDER STONEROCK LLP**
        Dilan A. Esper (admitted *pro hac vice*)
        8383 Wilshire Blvd #526
        Beverly Hills, CA 90211
        Telephone: (424) 203-1600
        desper@harderllp.com

        *Attorneys for Victor Bonilla*