UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| TECHTRONIC INDUSTRIES COMPANY LIMITED and TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., <br><br>   Plaintiffs, <br><br> v. <br><br> VICTOR BONILLA, <br><br>   Defendant. | Case No. 8:23-cv-01734-CEH-AEP |

**DEFENDANT'S MOTION TO STAY INITIAL DISCLOSURES AND DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS**

Defendant Victor Bonilla ("Bonilla") hereby moves to stay the initial disclosures, discovery, and all proceedings and compliance dates ancillary to such disclosures and discovery, in this action.

I.  INTRODUCTION

Bonilla, a financial journalist, has been sued for defamation by Plaintiffs Techtronic Industries Co. and Techtronic Industries Factory Outlets, Inc. (collectively, "Techtronic"), a multi-billion dollar multi-national corporation and its U.S. subsidiary, for two written reports by Bonilla containing lively hyperbole and opinions about Techtronic's finances that are fully protected by the First

Amendment.  This is a classic SLAPP suit—an attempt by a large, famous, publicly traded corporation, with a market capitalization of twenty billion dollars, to silence a critic and serve notice to anyone else who might attempt to inform the markets about Techtronic.  Bonilla has moved to dismiss the complaint under Rule 12(b)(6) and his motion is likely to succeed because:

1. Techtronic is a public figure, and has failed to plausibly plead "actual malice," *i.e.*, specific facts that show that Bonilla published statements he knew had a high degree of probable falsity.

2. Independent of the actual malice issue, Bonilla's statements regarding Techtronic are opinions and rhetorical hyperbole.

3. Independent of those two issues, Techtronic fails to plead a false statement of fact.

4. Independent of those three issues, the Complaint also fails under the fair comment rule, which requires a public figure plaintiff to plead common law malice, *i.e.*, spite or ill will, when suing over a fair comment.

5. Independent of the actual malice, opinion/rhetorical hyperbole, falsity, and fair comment issues, Techtronic also fails to sufficiently plead that it suffered any damage.

Thus, allowing this case to proceed into discovery will simply impose upon the parties unnecessary costs and legal fees, create unnecessary discovery fights

over legal issues such as Bonilla's legal privileges as a journalist under the reporters' shield law, and potentially require the parties to disclose private and confidential information that is unnecessary to the disposition of this case. These facts satisfy the legal standard for a stay, which centers on whether the parties will be unduly burdened or prejudiced. Here, they will be both unduly burdened and prejudiced. The proper course is thus to stay discovery and the disclosures deadline until it is established that Techtronic has pleaded a proper cause of action (which Techtronic cannot do).

## II.    PROCEDURAL HISTORY

On August 3, 2023, Techtronic filed its Complaint in this matter, alleging that Bonilla, a journalist who publishes newsletters disclosing information about publicly traded companies, defamed Techtronic by publishing two reports setting forth his opinions that Techtronic had engaged in certain acts of misfeasance and malfeasance. [Dkt. 1]

On August 29, 2023, Bonilla moved to dismiss the Complaint. [Dkt. 19] His motion to dismiss asserts multiple grounds for dismissal, including the First Amendment "actual malice" doctrine, the opinion rule, the failure of Techtronic to plead a false statement of fact, the fair comment rule, and the failure of Techtronic to plead its damages.

Techtronic's counsel thereafter contacted Bonilla's counsel seeking to start the Rule 26 conference of counsel and disclosure processes. Bonilla believes that commencing discovery is unnecessary and would be costly and counter-productive, for the reasons set forth herein.

### III.   THE MOTION SHOULD BE GRANTED

"A court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case. Motions to stay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P., and the moving party bears the burden of showing good cause and reasonableness." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)) (cleaned up); *see also CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (a district court has discretion to stay proceedings to control its docket and in the interests of justice). Although such motions are not granted as a matter of course just because of a pending motion, a showing of prejudice or undue burden justifies a stay. *Middle District Discovery: A Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida* § I.E.4

While some authorities (such as the Middle District's *Handbook*) portray such stays as disfavored, controlling Eleventh Circuit authority endorses them as proper where a motion to dismiss is pending:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins.  Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true.  Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (citing, *inter alia*, *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.")); *see also Rivas v. The Bank of N.Y. Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) ("Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility. Motions to dismiss for failure to state a claim always present[] a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court ha[s] any need for discovery before the court rules on the motion. Indeed, motions to dismiss should, ideally, be resolved before discovery begins." (internal quotations omitted) (citing *Chudasama*, 123 F.3d at 1367 (11th Cir. 1997) (citation omitted))).

"Indeed, we have repeatedly emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to

administer justice." *Perez v. Miami-Dade County*, 297 F.3d 1255, 1263 (11th Cir. 2002).

"In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman*, 176 F.R.D. at 652 (cleaned up).

"While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652–53 (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988); *see, e.g.*, *Doss v. Holder*, 2023 WL 4364863, at *2 (M.D. Fla. July 6, 2023) ("A preliminary peek at the merits of the Motion to Dismiss demonstrates that there is 'an immediate and clear possibility' that the Court will dismiss some or all of Plaintiff's claims." (quoting *Feldman*, 176 F.R.D. at 652)).

Under these standards, Bonilla is entitled to a stay.  First, Bonilla's motion to dismiss alleges five strong independent grounds for dismissal, including a First Amendment actual malice defense.  The motion to dismiss extensively discusses how Techtronic's complaint runs afoul of numerous doctrines governing the pleading of defamation claims.  *See McCabe v. Foley*, 233 F.R.D. 683, 687 (M.D.

Fla. 2006) (discovery stayed where defendants "raised meritorious challenges to the legal sufficiency of the Verified Amended Complaint").

Second, discovery will be costly and prejudicial. The parties will need to collect numerous relevant documents, including in Bonilla's case, all the various documents used to prepare his reports and all of his communications relating to the reports (some of which will be privileged, as discussed below); and, in Techtronic's case, all the (perhaps hundreds of thousands of pages of) documents relating to its various business activities that are described in Bonilla's reports. Some of these documents, on both sides, will surely be confidential, necessitating litigation over confidentiality objections and the scope of a potential protective order.

Additionally, Bonilla has valid privilege claims. Under the Florida Reporter's Shield Law, Bonilla has a qualified privilege not to disclose any information that he obtained while gathering news, as well as the identity of any of his sources. Fla. Stat. § 90.515(2). If discovery and disclosures go forward before the potentially dispositive Motion to Dismiss is decided, the parties will incur the substantial expense of prematurely litigating Bonilla's journalist's privilege, as well as whether Techtronic can overcome the privilege via a showing that information cannot be obtained from other sources and is directly relevant to the

proceeding and a compelling interest exists to order production of the information. *See id.*

Bonilla expects that Techtronic will argue in response that there is a presumption against this sort of stay and that these stays are disfavored.  While that language does appear in some discussions of stays in this district, this Court should not read too much into it.  At the end of the day, this Court must take a "preliminary peek" at the Motion to Dismiss and determine whether Bonilla's contentions are sufficiently colorable and have a strong enough potential for success that it would be inefficient to continue with discovery.  Whether one characterizes the motion as "disfavored" (language that, it should be noted, is inconsistent with the discussions in the controlling Eleventh Circuit cases) does not really change the fact that a stay is available if the Court preliminarily determines that Bonilla has made a strong enough showing in his Motion to Dismiss.

Accordingly, the cost of discovery clearly outweighs its benefit at this stage, and the parties will both be unduly burdened (with litigation costs) and prejudiced (because of the potential that confidential or privileged information will be disclosed) if discovery and disclosures commence at this time.  A stay is therefore proper.

Bonilla respectfully requests that the scope of the stay extend to initial discovery and disclosures, as well as all proceedings and deadlines associated with them (such as conferences of counsel and the like).

## IV.  CONCLUSION

For the foregoing reasons, the motion to stay discovery and initial disclosures should be granted.

### Local Rule 3.01(g) Certification

On September 18, 2023, pursuant to Local Rule 3.01(g), counsel for Defendant Victor Bonilla conferred with counsel for Plaintiffs Techtronic Industries Co. and Techtronic Industries Factory Outlets, Inc. via videoconference regarding the relief sought in this motion. The Plaintiffs oppose the motion.

DATED this 29th day of September, 2023.

**[Signature appears on next page]**

Dated: September 29, 2023                                    Respectfully submitted,

By: */s/ Dawn Siler-Nixon*

Dawn Siler-Nixon
Dsiler-nixon@fordharrison.com
Viktoryia Johnson
vjohnson@fordharrison.com
FordHarrison, LLP
401 E. Jackson St., Ste. 2500
Tampa, FL 33602-5133
Telephone (813) 261-7800
Facsimile: 813-261-7899

Dilan A. Esper (*Pro Hac Vice Pending*)
desper@harderllp.com
Charles J. Harder (*Pro Hac Vice Pending*)
charder@harderllp.com
Harder Stonerock LLP
8383 Wilshire Blvd. #526
Beverly Hills, CA 90211
Telephone (424) 203-1600
*Attorneys for Defendant Victor Bonilla*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 29, 2023, the foregoing document was electronically filed with the Clerk of Court using CM/ECF, which will electronically send a notice of electronic filing to Plaintiff's attorneys of record

Jason Sternberg
Quinn Emanuel Urquhart Sullivan LLP
2601 South Bayshore Dr., Ste 1550
Miami, FL 33133
jasonsternberg@quinnemanuel.com

Kristin Tahler (*pro hac vice*)
Quinn Emanuel Urquhart Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
kristintahler@quinnemanuel.com

Nicholas Inns (*pro hac vice*)
Quinn Emanuel Urquhart Sullivan LLP
1300 I Street, NW, Suite 900
Washington, D.C. 20005
nicholasinns@quinnemanuel.com

*/s/ Dawn Siler-Nixon*
Attorney