## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TECHTRONIC INDUSTRIES
COMPANY LIMITED and
TECHTRONIC INDUSTRIES
FACTORY OUTLETS, INC.,

      Plaintiffs,

v.                                                            Case No: 8:23-cv-1734-CEH-AEP

VICTOR BONILLA,

      Defendant.

_____/

## O R D E R

This matter comes before the Court on Defendant Victor Bonilla's Motion to Stay Initial Disclosures and Discovery Pending Resolution of Motion to Dismiss (Doc. 28). In the motion, Defendant requests an order staying initial disclosures, discovery, and all proceedings pending the Court's ruling on Defendant's motion to dismiss. Plaintiffs filed a response in opposition. Doc. 31. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion to Stay Initial Disclosures and Discovery Pending Resolution of Motion to Dismiss.

### DISCUSSION

In this defamation action, Plaintiffs Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc. ("Plaintiffs" or "Techtronic") sue Victor Bonilla ("Defendant" or "Bonilla"), for libel and libel *per se*, alleging that Bonilla published false and defamatory statements about Plaintiffs intending to lower the stock

prices of the publicly traded companies and thereafter profit from short-selling Techtronic stock. Doc. 1. Plaintiffs claim their good business reputation has been damaged by the false statements that were made by Defendant willfully and with malice. *Id.* ¶¶ 107–12. As a direct result of Defendant's conduct, Plaintiffs allege they have suffered substantial damage, including reputational injury and financial harm.

Bonilla has filed a Motion to Dismiss the complaint, which is pending. Doc. 19. Plaintiffs responded in opposition. Doc. 24. Bonilla now asks the Court to stay initial disclosures and discovery pending resolution of its Motion to Dismiss. Doc. 28. In support, Bonilla argues that allowing the case to proceed in discovery will result in significant costs and legal fees and potentially require the parties to disclose private and confidential information that is unnecessary to the disposition of this case. Bonilla asserts that because he maintains valid privilege claims under Florida Reporter's Shield Law, a stay of costly discovery is warranted as he has a strong likelihood of prevailing on his pending motion to dismiss. Plaintiffs respond that Defendant fails to carry his heavy burden of demonstrating a specific showing of prejudice or undue burden to warrant a stay of discovery. Doc. 31.

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This discretion includes the ability to stay discovery if a movant demonstrates good cause and reasonableness. *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-SDM-JSS, 2016 WL 520031, at *1 (M.D. Fla. Feb. 9, 2016) (citing Fed. R. Civ. P 26(c)(1)). In this District, the pendency of a motion to dismiss normally will not justify a stay of discovery pending the Court's resolution of the

motion to dismiss. *See* Middle District Discovery (2021) at Section I.E.4; *see also*, *e.g.*, *In re Winn Dixie Stores, Inc. Erisa Litig.*, 3:04-cv-194-VMC-MCR, 2007 WL 1877887, *2 (M.D. Fla. June 28, 2007).[1]  Indeed, "a stay of discovery pending the resolution of a motion to dismiss is the exception, rather than the rule." *Jolly v. Hoegh Autoliners Shipping AS*, 3:20-cv-1150-MMH-PDB, 2021 WL 1822758, *1 (M.D. Fla. Apr. 5, 2021).  "Such motions for stay are rarely granted"—only "unusual circumstances may justify a stay of discovery in a particular case upon a showing of prejudice or undue burden." Middle District Discovery (2021) at Section I.E.4.

In determining whether to stay discovery pending the resolution of a motion, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).  In balancing these considerations, the Court may take a "preliminary peek" at the merits of the purportedly dispositive motion to determine if, on the motion's face, "there appears to be an immediate and clear possibility" that the Court will grant the motion, which supports entering a stay. *Id.*  The Court generally denies motions to stay absent a clear

---

[1] Although the Eleventh Circuit in *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1367-68 (11th Cir. 1997) held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins," the cause of action subject to dismissal in that case significantly enlarged the scope of discovery and was "especially dubious." *Chudasama* and its progeny actually "stand for the [narrow] proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-cv-609-EAK-EAJ, 2009 WL 2579307, *2 (M.D. Fla. Aug. 19, 2009) (quoting *In re Winn Dixie Stores*, 2007 WL 1877887, at *1).

indication that the Court will dismiss the action in its entirety. *McCrimmon v. Centurion of Fla., LLC*, 3:20-cv-36-BJD-JRK, 2020 WL 6287681, *2 (M.D. Fla. Oct. 27, 2020) (collecting cases); *Jolly*, 2021 WL 1822758, at *1–2. Finally, the movant must show the necessity, appropriateness, and reasonableness of the proposed stay. *Id.* at *1.

Here, Bonilla fails to show that unusual circumstances justify the requested stay, that prejudice or an undue burden will result if the Court does not impose a stay, or that a stay is reasonable and necessary in this action. The need to request numerous relevant documents as part of the discovery process is not a valid basis to delay discovery. Moreover, the pendency of the motion to dismiss, by itself, does not supply good cause or reasonableness for the requested stay.  *See* Middle District Discovery (2021) at Section I.E.4. Finally, a preliminary peek at the motion does not demonstrate an immediate and clear possibility that the Court will dismiss the action in full. *See McCrimmon*, 2020 WL 6287681 at *2.

While the Court does not express an opinion on the ultimate merits of the motion to dismiss, the Court is not convinced, upon a preliminary review, that Plaintiffs' allegations cannot state a cause of action for libel or libel *per se*. Therefore, Bonilla has not established adequate grounds for a stay of initial disclosures, discovery and these proceedings. Because Defendant has not satisfied the high standard required to stay discovery pending resolution of a dispositive motion, his motion is due to be denied. Having balanced the harm produced by a delay in discovery against the possibility that the Court will grant the Motion to Dismiss, the Court will deny the Motion to Stay Discovery.

Accordingly, it is

**ORDERED:**

1.     Defendant Victor Bonilla's Motion to Stay Initial Disclosures and

Discovery Pending Resolution of Motion to Dismiss (Doc. 28) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on November 16, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any

5