# Exhibit 1

| | |
|---|---|
| **From:** | Dilan Esper |
| **Sent:** | Tuesday, January 16, 2024 4:39 PM |
| **To:** | Jason Sternberg; Tara MacNeill; Emmanuel Fua |
| **Cc:** | Kristin Tahler; Nicholas Inns |
| **Subject:** | RE: TTI v. Bonilla, 8:23-cv-1734 PRIVILEGE LOG |

Jason:

We have discovered two additional privileged documents in our search for documents to produce. Here is the supplemental privilege log.

```
Date    Description                                                  Privilege
1/2023  Techtronic Notes (will be produced in redacted form, 
contains  Reporters shield
        notes on communication with source who was promised 
        confidentiality)
6/7/23  Email thread with confidential source titled TTI 
Information    Reporters shield
```

Dilan

---

**From:** Dilan Esper
**Sent:** Friday, January 12, 2024 1:54 PM
**To:** Jason Sternberg <jasonsternberg@quinnemanuel.com>; Tara MacNeill <taramacneill@quinnemanuel.com>; Emmanuel Fua <efua@harderllp.com>
**Cc:** Kristin Tahler <kristintahler@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>
**Subject:** RE: TTI v. Bonilla, 8:23-cv-1734 PRIVILEGE LOG

Jason:

Here is the privilege log. It turned out to be 3 documents, from 2 confidential sources:

```
Date    Description                                                  Privilege
5/8/23  "Call notes" (MS Word document containing notes of call 
with    Reporters shield
        Confidential source 1)

5/23/23 Completed Responses to Techtronic and Home Depot 
Questions      Reporters shield
        Document (.pdf document received from confidential source 2)

5/30/23 "Discussions with (confidential source 1) on TTI" (MS 
Word    Reporters shield
```

1

```
Document containing notes of discussions with confidential
Source 1 regarding Techtronic)
```

Dilan

**From:** Jason Sternberg <jasonsternberg@quinnemanuel.com>
**Sent:** Wednesday, January 10, 2024 1:14 PM
**To:** Dilan Esper <desper@harderllp.com>; Tara MacNeill <taramacneill@quinnemanuel.com>; Emmanuel Fua <efua@harderllp.com>
**Cc:** Kristin Tahler <kristintahler@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>
**Subject:** Re: TTI v. Bonilla, 8:23-cv-1734

Thanks, Dilan.  We'll send an invite.  While we're amendable to adjusting the briefing schedule and appreciate efforts narrow the dispute, we prefer to keep the current hearing date given that it appears that we will still have a dispute over the applicability of the journalist privilege, albeit on a smaller scale.  I'm tied up the next few hours but look forward to talking at 5 p.m. PST.

**From:** Dilan Esper <desper@harderllp.com>
**Date:** Wednesday, January 10, 2024 at 2:02 PM
**To:** Jason Sternberg <jasonsternberg@quinnemanuel.com>, Tara MacNeill <taramacneill@quinnemanuel.com>, Emmanuel Fua <efua@harderllp.com>
**Cc:** Kristin Tahler <kristintahler@quinnemanuel.com>, Nicholas Inns <nicholasinns@quinnemanuel.com>
**Subject:** RE: TTI v. Bonilla, 8:23-cv-1734

**[EXTERNAL EMAIL from desper@harderllp.com]**

Jason:

I am happy to talk at 5pm pacific. Please send a zoom invite.

I may not have time to draft the actual motion before the call, but here's what I envision (and I am happy to flesh this out more). I think we should have a short continuance of the hearing and we can set a date for the opposition far enough in advance of the hearing to allow you time for your reply and for the Court to work up the motion before the hearing. Alternatively, we could agree that you could file amended moving papers after the production and have a full briefing schedule.

I already have the information I need to do a privilege log, and it is very few documents. So I am very amenable to a short timeframe to produce the privilege log. A document production, especially in electronic format, will take somewhat longer, so we will need to come to an agreement as to the timing of that.

The scope of our remaining privilege claim would be "communications with Victor Bonilla or from a source that were made under the understanding between Bonilla and his source that the communications would be confidential and not shared with anyone not necessary to the communication".

Just to be clear, I haven't analyzed comprehensively whether any of your client's requests may call for a lawyer-client privileged document (i.e., a communication with me) or my firm's work product. I assume you do not want those documents. But with the exception of any such documents, and the remaining journalist privilege documents which will be logged, we would intend to provide you with a complete production.

Please let me know if you have further questions in advance of our call.

Dilan

**From:** Jason Sternberg <jasonsternberg@quinnemanuel.com>
**Sent:** Wednesday, January 10, 2024 9:52 AM
**To:** Dilan Esper <desper@harderllp.com>; Tara MacNeill <taramacneill@quinnemanuel.com>; Emmanuel Fua <efua@harderllp.com>
**Cc:** Kristin Tahler <kristintahler@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>
**Subject:** Re: TTI v. Bonilla, 8:23-cv-1734

Dilan, we are conferring with our client about your email, but in the meantime would like to speak with you to better understand your proposal. Are you available at 5 p.m. PST today? During the call, we'd like to discuss, among other things, the anticipated timing of your client's production, a deadline for your client's privilege log that allows time for your response brief and a reply before the hearing, and the scope of any privileges that your client is continuing to maintain. It would also be helpful if you could provide a draft of whatever motion you'd be asking us to agree to.

**From:** Dilan Esper <desper@harderllp.com>
**Date:** Tuesday, January 9, 2024 at 7:31 PM
**To:** Tara MacNeill <taramacneill@quinnemanuel.com>, Emmanuel Fua <efua@harderllp.com>
**Cc:** Kristin Tahler <kristintahler@quinnemanuel.com>, Jason Sternberg <jasonsternberg@quinnemanuel.com>, Nicholas Inns <nicholasinns@quinnemanuel.com>
**Subject:** RE: TTI v. Bonilla, 8:23-cv-1734

**[EXTERNAL EMAIL from desper@harderllp.com]**

Tara:

We are still determining our position with respect to the scheduling order issue.

However, on your motion to compel, having reviewed the motion papers and in consultation with my client, I believe that we may benefit from a further meet and confer on this which may both substantially narrow the scope of the motion/dispute or obviate it, and will also allow TTI to obtain documents without waiting for the Court to rule. Specifically, there appear to be only 3 instances of communications with Mr. Bonilla that occurred under a promise of confidentiality. One involved a document that was passed between a source and Mr. Bonilla, and the other two involved messages between Mr. Bonilla and 2 sources.

The remainder of Mr. Bonilla's work product with respect to his reports does not involve communications with sources under a promise of confidentiality and, we have determined, may not fall within any claim of journalist's privilege.

Accordingly, there is a possibility of narrowing the issues that we are presenting to the Court. We would be amenable to narrowing our objections and producing the responsive non-privileged documents that do not constitute communications with sources under any promise of confidentiality. We would further be amenable to providing a privilege log on the small number of remaining source communications under promise of confidentiality to guide TTI on how it wishes to proceed.

What I would propose is that we agree to a short continuance of the due date of our opposition papers (currently due January 11, 2024), along with a schedule for production and for service of a privilege log. You can determine, based on our privilege log, if you still wish to go forward with your motion, and if so, we could inform the Court that we have narrowed the issues involved.

Please let me know if TTI is amenable to this proposal.

Dilan Esper

---

**From:** Dilan Esper
**Sent:** Monday, January 8, 2024 4:55 PM
**To:** Tara MacNeill <taramacneill@quinnemanuel.com>; Emmanuel Fua <efua@harderllp.com>
**Cc:** Kristin Tahler <kristintahler@quinnemanuel.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>
**Subject:** RE: TTI v. Bonilla, 8:23-cv-1734

Tara:

I expect to have an answer for you tomorrow.

Dilan

---

**From:** Tara MacNeill <taramacneill@quinnemanuel.com>
**Sent:** Monday, January 8, 2024 4:29 PM
**To:** Dilan Esper <desper@harderllp.com>; Emmanuel Fua <efua@harderllp.com>
**Cc:** Kristin Tahler <kristintahler@quinnemanuel.com>; Jason Sternberg <jasonsternberg@quinnemanuel.com>; Nicholas Inns <nicholasinns@quinnemanuel.com>; Tara MacNeill <taramacneill@quinnemanuel.com>
**Subject:** RE: TTI v. Bonilla, 8:23-cv-1734

Thanks Dilan. Following up here, please let us know if your client agrees to extend the case management schedule by 4 months. If so, we will prepare a joint motion for your review. Please also let us know if you agree that an in-person hearing on the motion to compel would benefit everyone.

Thank you,

**Tara MacNeill**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**
2601 South Bayshore Dr., Suite 1550
Miami, FL 33133
+1 (305) 402-4880 Office Number

+1 (786) 850-3614 Direct
+1 (607) 760-4261 Cell
taramacneill@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Dilan Esper <desper@harderllp.com>
**Sent:** Friday, January 5, 2024 10:57 AM
**To:** Tara MacNeill <taramacneill@quinnemanuel.com>; Emmanuel Fua <efua@harderllp.com>
**Cc:** TTI Short Seller <ttishortseller@quinnemanuel.com>
**Subject:** RE: TTI v. Bonilla, 8:23-cv-1734

**[EXTERNAL EMAIL from desper@harderllp.com]**

Tara:

I will discuss these issues with my client and get back to you.

Dilan

**From:** Tara MacNeill <taramacneill@quinnemanuel.com>
**Sent:** Friday, January 5, 2024 6:19 AM
**To:** Dilan Esper <desper@harderllp.com>; Emmanuel Fua <efua@harderllp.com>
**Cc:** TTI Short Seller <ttishortseller@quinnemanuel.com>; Tara MacNeill <taramacneill@quinnemanuel.com>
**Subject:** TTI v. Bonilla, 8:23-cv-1734

Dilan,

As I'm sure you saw last week, Judge Porcelli set a zoom hearing on the motion to compel for January 30, 2024. Given the importance of the legal issues to be covered, we believe all parties would benefit from an in-person hearing. Considering our discussion during our meet and confer in December, we believe that you may agree. To that end, could you please advise if you also agree that an in-person hearing would be preferable?

Additionally, given the discovery disputes, we believe that the current schedule is no longer feasible despite TTI's reasonable diligence and we plan on asking the Court to extend the case management schedule. It is our understanding that Judge Honeywell generally grants joint motions to amend scheduling orders in similar circumstances. Please provide your position on a 4 month extension of the case deadlines in the case management and scheduling order.

We are available to confer about these matters by phone.

**Tara MacNeill**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**
2601 South Bayshore Dr., Suite 1550

Miami, FL 33133
+1 (305) 402-4880 Office Number
+1 (786) 850-3614 Direct
+1 (607) 760-4261 Cell
taramacneill@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.