UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TECHTRONIC INDUSTRIES COMPANY
LIMITED, and TECHTRONIC INDUSTRIES
FACTORY OUTLETS, INC.,

      Plaintiffs,

v.                                                        Case No. 8:23-cv-01734-CEH-AEP

VICTOR BONILLA,

      Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiffs' Motion to Compel Defendant to Produce Discovery Documents ("Motion") (Doc. 42) and the Defendant's Opposition to Plaintiffs' Motion to Compel (Doc. 47), by which Defendant asserts that he should not be compelled to produce the requested discovery because such information is shielded by the journalist privilege. For the reasons that follow, the motion is due to be granted.

**I.   Factual Background**:

This action stems from the publication of "research reports" concerning the financial stability of corporate Plaintiffs Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc. (together, "TTI") by Defendant Victor Bonilla ("Bonilla"). (Doc. 1). In their Complaint, Plaintiffs bring two causes of action against Bonilla, libel and libel per se. (Doc. 1, at 23-24).

At their core, both of the claims stem from a common set of alleged facts. Plaintiffs maintain that Bonilla published "self-styled 'research' reports" to "decrease the share price of public companies so that he . . . can profit off the harm he inflicts." (Doc. 42, at 4). Specifically, Plaintiffs claim that in February 2023 and June of 2023, Bonilla published two defamatory research reports accusing TTI of fraud and other serious misconduct. (Doc. 1, ¶¶ 2-3). Plaintiffs allege that these reports and statements were "entirely false and misleading, causing TTI's stock price to drop precipitously while Bonilla earned a substantial profit on his short position." (Doc. 42, at 1). The primary issue before the Court outlined in the Motion is whether the journalist privilege applies to Bonilla's reports as Bonilla maintains he is a financial journalist.

## II. Legal Analysis

The parties dispute whether the journalist privilege under Florida Statute § 90.5015 applies in this case. In relevant part, Section 90.5015 provides that "[a] professional journalist has a qualified privilege not to be a witness concerning, and not to disclose the information, including the identity of any source, that the professional journalist has obtained while actively gathering news." Fla. Stat. 90.5015(1)(b)(2). Bonilla asserts that the privilege is applicable in this matter.

In order for Bonilla to enjoy the journalist privilege under Florida Statute 90.5015, Bonilla must meet the statutory definition of a professional journalist, which is defined as "a person regularly engaged in collecting, photographing, recording, writing, editing, reporting, or publishing news, for gain or livelihood,

who obtained the information sought while working as a salaried employee of, or independent contractor for, a newspaper, news journal, news agency, press association, wire service, radio or television station, network, or news magazine." Fla. Stat. 90.5015(1)(b). While Bonilla claims to fall within this definition as "a financial journalist," this Court finds to the contrary.

This Court does not need to conclude whether Bonilla meets the burden of having "regularly engaged" as outlined in Fla. Stat. 90.5015(1)(b) because Bonilla clearly fails to meet the second element of being a full-time employee of any news organization. Florida Courts have historically held that the journalist privilege applies to journalists employed or hired by traditional media outlets. *See, e.g., Cable News Network Inc. v. Black*, 308 So. 3d 997, 999 (Fla. Dist. Ct. App. 2020) (acknowledging that CNN held a journalist privilege which was overcome on special showing); *TheStreet.com, Inc. v. Carroll*, 20 So. 3d 947, 949 (Fla. Dist. Ct. App. 2009) (privilege granted to financial news organization TheStreet) *review denied* 39 So.3d 1264 (Fla. 2010). Here, Bonilla is not an employee of any news organization but rather is "self-employed or contracts with himself" (Doc. 47, at 9). Bonilla's "self-employment" is clearly not contemplated in the statutory definition of a professional journalist. Therefore, Bonilla flatly fails to meet the definition pursuant to Florida Statute § 90.5015(1)(b) and the journalist privilege in inapplicable in these circumstances.[1]

---

[1] The journalist privilege is also called into question because Bonilla only "publishes reports about companies in which [he] has taken a financial position prior to

Accordingly, after due consideration, it is hereby ORDERED:

1. Plaintiffs' Motion to Compel Defendant to Produce Discovery Documents (Doc. 42) is hereby GRANTED.

2. Defendant shall have 15 days from the entry of this Order to produce documents responsive to TTI's requests for production and to substantively respond to TTI's interrogatory.

DONE AND ORDERED in Tampa, Florida, on this 31st day of January 2023.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Counsel of Record

---

publication." *Beaver Cnty. Emps. Ret. Fund v. Tile Shop Holdings, Inc.*, No. 16-MC-80062-JSC, 2016 WL 3162218, at *3 (N.D. Cal. June 7, 2016)