## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## Tampa Division

Techtronic Industries Company
Limited, and Techtronic Industries
Factory Outlets, Inc.,

                    Plaintiffs,                    Case No. 8:23-cv-01734-CEH-AEP

        – against –

Victor Bonilla,

                    Defendant.

### JOINT MOTION FOR A THREE-WEEK EXTENSION OF TWO INTERIM DEADLINES SET FORTH IN THE COURT'S SCHEDULING ORDER

Pursuant to Federal Rules of Civil Procedure 6 and 16, and Middle District of Florida Local Rule 3.01(a), Plaintiffs Techtronic Industries Company Limited, and Techtronic Industries Factory Outlets, Inc. (together, "TTI"), and Defendant Victor Bonilla (collectively, the "Parties"), hereby jointly request a three-week extension of the deadlines for mediation and disclosure of expert reports as set forth in this Court's Amended Case Management and Scheduling Order (ECF No. 50). The Parties are *not* seeking to amend any other deadlines from the Scheduling Order. The Parties state as follows:

### BACKGROUND

TTI commenced this action by filing its Complaint on August 3, 2023. (ECF No. 1). In response, Bonilla moved to dismiss the Complaint in its entirety on

August 29, 2023 and moved to stay discovery on September 29, 2023 (ECF Nos. 19, 28). The Court denied Bonilla's motions and Bonilla answered the Complaint on December 26, 2023. (ECF Nos. 34, 39, 41).

The Parties conducted a case management conference on September 19, 2023 and submitted a Uniform Case Management Report. (ECF No. 27). On November 16, 2023, this Court issued a Case Management and Scheduling Order. The Parties also scheduled a mediation with Bradford D. Kimbro for April 11, 2024.

On January 17, 2024, the Parties jointly moved the Court for a short extension of the Case Management and Scheduling Order. (ECF No. 48). The parties explained that despite the Parties' good faith attempts to comply with the Court's deadlines, certain discovery disputes delayed the progression of the case. (*Id.* at 2–3). Finding good cause, the Court granted the Parties' joint motion and entered an amended scheduling order, including the following relevant deadlines:

- May 17, 2024 deadline for Plaintiffs to disclose expert reports;

- June 7, 2024 deadline for Defendant to disclose expert reports;

- June 28, 2024 deadline for rebuttal expert reports;

- July 15, 2024 deadline for mediation with Mr. Kimbro.

(ECF No. 50). Thereafter, the Parties moved for leave to reschedule the mediation with Mr. Kimbro to May 14, 2024, to allow the parties to conduct additional discovery before the mediation. (ECF No. 56). The Court also granted this request. (ECF No. 57).

Since the entry of the Amended Scheduling Order, the Parties have continued to diligently move the case forward. For example, TTI served additional discovery requests on February 9, 2024 and April 16, 2024. Further, the Parties produced documents to each other and continue to produce documents. TTI has also served multiple third party subpoenas and although many third parties have promptly provided a response, others have lodged objections and refused to produce documents. TTI is currently conferring with certain of those third parties about the sufficiency of their responses to the subpoenas.

Both parties have raised deficiencies with the discovery productions from the opposing party and other discovery disputes. The Parties are diligently working to meet and confer on those issues and may need to seek court intervention if they are unable to resolve their discovery disputes. However, these discovery disputes impact the timing of depositions and expert disclosures. Moreover, the Parties believe that mediation would be more productive if they were able to more substantially progress discovery in advance of the mediation. The parties believe that the prospects of achieving a negotiated settlement through mediation would be optimized once additional discovery has been completed.  Neither party wants a mediation where the parties do not have sufficient information about the case to realistically settle.

By way of this Motion, the Parties jointly and respectfully request a three-week extension of the current deadlines to serve expert reports and complete mediation. The Parties file this Joint Motion in good faith and not for purposes of

3

delay. Notably, the Parties are ***not*** seeking to amend the deadline to complete discovery or the trial date. Accordingly, and for the reasons set forth below, there is good cause to modify the current case schedule.

## <u>MEMORANDUM OF LAW</u>

Rule 16(b) of the Federal Rules of Civil Procedure provides that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A party seeking to modify a scheduling order must demonstrate "good cause." *Utilities Mktg. Grp., LLC v. Warrick*, 2016 WL 3189155, at *1 (M.D. Fla. June 8, 2016). Good cause exists where the schedule cannot be "met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing advisory committee's note to Fed. R. Civ. P. 16).

Courts routinely grant motions for the extension of deadlines and continuances of trial dates where good cause has been shown, recognizing that such extension will allow the parties to complete discovery and prepare for trial, as well as facilitate their ability to attempt to resolve matters amicably through a good faith mediation process. *Bassler v. George Weston Bakeries Distrib. Inc.*, 2009 WL 10670778, at *2 (M.D. Fla. Nov. 25, 2009).

The Parties have demonstrated good cause for the requested extension. The Parties are working to complete document discovery, pursue third party discovery, and prepare expert reports. The Parties have been diligent in attempting to meet the requirements of the Court's Amended Case Management and Scheduling Order (ECF No. 50). Nonetheless, it has become clear the Parties require additional time

to complete expert disclosures and to conduct further discovery to enhance the potential benefit of the mediation.

The Parties believe in good faith that the following schedule—which only extends the mediation deadline and expert report deadlines by three weeks and leaves all other deadlines unchanged—is necessary to allow sufficient time for fulsome discovery and a successful mediation:

| Event | Current Date | Proposed Date |
|---|---|---|
| Disclosure of Expert Reports<br>Plaintiff:<br>Defendant:<br>Rebuttal: | May 17, 2024<br>June 7, 2024<br>June 28, 2024 | June 7, 2024<br>June 28, 2024<br>July 19, 2024 |
| Discovery Deadline | August 2, 2024 | The parties do not propose any change to this deadline. |
| Dispositive Motions, *Daubert*, and *Markman* Motions | September 3, 2024 | The parties do not propose any change to this deadline. |
| *Meeting in Person* to Prepare Joint Final Pretrial Statement | December 6, 2024 | The parties do not propose any change to this deadline. |
| *Joint Final Pretrial Statement* | December 17, 2024 | The parties do not propose any change to this deadline. |
| All Other Motions Including Motions *In Limine* | December 24, 2024 | The parties do not propose any change to this deadline. |
| Final Pretrial Conference | January 21, 2025 | To be determined by the Court. |
| Trial Briefs and Deposition Designations | January 14, 2025 | The parties do not propose any change to this deadline. |
| Trial Term Begins | February 3, 2025 | The parties do not propose any change to this deadline. |

| Mediation Deadline | July 15, 2024 | August 5, 2024[1] |
|---|---|---|
| Estimated Length of Trial | 7 days | 7 days |
| Jury/Non-Jury | Jury | Jury |

Neither party will be prejudiced by the relief sought in this motion.

WHEREFORE, the Parties request that the Court extend the mediation and expert disclosure deadlines set forth in the Amended Case Management and Scheduling Order (ECF No. 50) by three weeks and grant any further relief the Court deems just and proper.

Dated: May 7, 2024

---

[1] The Parties anticipate scheduling the mediation with Mr. Kimbro the week of July 22. However, the Parties request an extension of the mediation deadline to August 5 to allow sufficient time to accommodate the Parties' and Mr. Kimbro's schedules.

By: */s/ Jason D. Sternberg*

**QUINN EMANUEL URQUHART & SULLIVAN LLP**

Jason D. Sternberg (FL Bar 72887)
Tara MacNeill (FL Bar 1028931)
2601 South Bayshore Drive, 15 Floor
Miami, FL 33133
Telephone: (305) 402-4880
Facsimile: (305) 901-2975
jasonsternberg@quinnemanuel.com
taramacneill@quinnemanuel.com

Kristin Tahler (admitted *pro hac vice*)
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
kristintahler@quinnemanuel.com

Nicholas Inns (admitted *pro hac vice*)
1300 I Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
nicholasinns@quinnemanuel.com

*Attorneys for Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc.*

By: */s/ Dilan A. Esper*

**HARDER STONEROCK LLP**

Dilan A. Esper (*pro hac vice*)
8383 Wilshire Blvd #526
Beverly Hills, CA 90211
Telephone: (424) 203-1600
desper@harderllp.com

*Attorney for Victor Bonilla*