UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

| | |
|---|---|
| Techtronic Industries Company Limited, and Techtronic Industries Factory Outlets, Inc., <br><br> Plaintiffs, <br><br> — against — <br><br> Victor Bonilla, <br><br> Defendant. | Case No. 8:23-cv-01734-CEH-AEP |

<u>PLAINTIFF'S UNOPPOSED *EXPEDITED* MOTION FOR ALTERNATIVE SERVICE OF SUBPOENA *DUCES TECUM* AND DEPOSITION SUBPOENA ON NON-PARTY JOEL SCHLEICHER</u>

Plaintiffs Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc. (together, "TTI") hereby move for an Order permitting alternative service of a subpoena *duces tecum* and a deposition subpoena (together, the "Subpoenas") upon non-party Joel Schleicher. Because the discovery deadline in this case is August 2, 2024, TTI makes this *unopposed* request on an *expedited* basis.

<u>INTRODUCTION</u>

As this Court is aware, this is an action for defamation stemming from two short seller reports published by Defendant Victor Bonilla (Mr. Bonilla). The short seller reports falsely accused TTI of fraudulent accounting practices and other serious misconduct and caused significant reputational and economic harm to TTI.

In discovery, Mr. Bonilla produced documents showing he consulted non-party Joel Schleicher when preparing his first report and that Mr. Bonilla may have relied on him as a purported "source" for some of the assertions therein. TTI therefore seeks documents and a deposition of Mr. Schleicher.

To that end, TTI attempted to serve Mr. Schleicher with the Subpoenas, first attempting service on March 21 and then repeatedly attempting service on different dates, times, and locations—and at material cost—since that date, including at his home and job. Through these service efforts, Mr. Schleicher has undoubtedly received fair and proper notice of the Subpoenas and, in fact, retained a lawyer who wrote TTI's counsel about the Subpoenas while noting that he was unauthorized to accept service of them. Given the approaching deadline of August 2 for the completion of discovery and to avoid unnecessary and wasteful use of party resources, TTI respectfully requests that this Court issue an Order allowing for alternative service of the Subpoenas upon Mr. Schleicher. As explained below, the relief requested in this motion is routinely granted by courts around the country in similar circumstances, and should be granted here.

STATEMENT OF FACTS

Mr. Schleicher is a Florida resident and a former board director of TTI who currently serves as a member of the Governing Board of the Southwest Florida Water Management District. In discovery, TTI received documents evidencing that Mr. Schleicher provided information to Mr. Bonilla that contributed to Mr.

2

Bonilla's short seller reports on TTI.[1] Further, the first report refers to information provided by a "former TTI Board Member" as support for certain allegations. *See* Ex. 1 (the "First Report"). As a result, TTI seeks reasonable discovery from Mr. Schleicher.

Raymond Mitchell, a process server, made four total attempts to serve a subpoena *duces tecum* on Mr. Schleicher's residence. On March 21, Mr. Mitchell, made two attempts to serve a subpoena *duces tecum* on Mr. Schleicher at his residence. *See* Ex. 2 (the "Mitchell Affidavit"). On the first attempt, Mr. Mitchell knocked on two front doors and rang the intercom doorbell, but did not hear a response. *Id.* At this time, Mr. Mitchell taped "contact cards" conspicuously on both front doors, which requested Mr. Schleicher contact him. *Id.* On his second attempt, a "female resident" called the police on Mr. Mitchell. *Id.* Mr. Mitchell spoke to the officer who arrived in response to the call as well as the above-referenced female resident. *Id.* Mr. Mitchell was informed that Mr. Schleicher was unavailable as he would be out of town for several days. *Id.*

On March 29, Mr. Mitchell reattempted service twice; first, by knocking on the main door and ringing the doorbell multiple times. *Id.* The original contact cards were no longer present. *Id.* Mr. Mitchell left another contact card requesting Mr. Schleicher to call him. *Id.* On his second attempt, Mr. Mitchell called Mr.

---

[1] These documents were produced on a confidential basis under the Court's Protective Order (ECF No. 54) so TTI has not attached them here. TTI will file the documents as a sealed exhibit should the Court so request the documents and permit sealing.

Schleicher and left a voicemail message. *Id.* The voicemail "greeting confirmed that the number belonged to [Mr.] Schleicher." *Id.* At this time, Mr. Mitchell "left a message requesting [Mr. Schleicher] to give [Mr. Mitchell] a call." *Id.* Mr. Schleicher did not attempt to contact Mr. Mitchell. *See id.*

On April 17, Adrienne Shavers, another process server, attempted to serve the subpoena *duces tecum* on Mr. Schleicher at his work address through Virginia Singer, a Board Administrator at the Southwest Florida Water Management District (Mr. Schleicher's employer). *See* Ex. 3 (the "Subpoena *Duces Tecum*"); Ex. D (the "Shavers Affidavit"). Ms. Singer indicated that she was "the person authorized and designated to accept service at the request and per the policy of [Mr.] Schleicher." Ex. 4. The subpoena *duces tecum* requested Mr. Schleicher's response by May 2. Ex. 3. Mr. Schleicher did not respond (TTI has since learned from Mr. Schleicher's counsel that he believes this service attempt was ineffective).

Because Mr. Schleicher failed to respond to the subpoena *duces tecum*, on or about May 28, TTI mailed to Mr. Schleicher's home a copy of the subpoena *duces tecum* served on Mr. Schleicher via Virginia Singer and a letter regarding Mr. Schleicher's failure to respond. *See* Ex. 5 (the "Schleicher Deficiency Letter"). TTI sent its letter via certified mail along with a return receipt and sent a copy of the same to Mr. Schleicher via email. *See* Ex. 6 (the "May 28 Email"). On June 10, TTI received the return receipt, which was signed by Diane Schleicher (Mr. Schleicher's wife). *See* Ex. 7 (the "Return Receipt").

On June 13, TTI received a letter from Kevin Kilcullen who identified himself as Mr. Schleicher's counsel. Ex. 8 (the "Kilcullen Letter"). Mr. Kilcullen's letter stated, as relevant here, that Mr. Kilcullen is not authorized to accept service on behalf of Mr. Schleicher, and stated that: (1) "there has been no proper service of Mr. Schleicher," without any supporting citations or argument; and (2) "[o]nce Mr. Schleicher has been properly served, he will be willing to comply with [TTI's] request – at appropriate convenience to [Mr. Schleicher]." *Id.*

In order to avoid burdening the Court with this Motion, TTI continued to attempt service on Mr. Schleicher after receiving the Kilcullen Letter. Indeed, on June 21, TTI twice attempted service of both a deposition subpoena and the subpoena *duces tecum* on Mr. Schleicher's home. *See* Ex. 9 (the "Deposition Subpoena"); Ex. 10 (the "Sage Declaration"). The next day, on June 22, TTI again attempted service on Mr. Schleicher's home. Ex. 10.

Prior to the filing of this Motion, counsel for TTI emailed counsel for Mr. Schleicher on July 1, stating:

> Dear Kevin, thank you for your letter dated June 6. My client (Techtronic) has expended considerable resources attempting to serve Mr. Schleicher both before and after receipt of your letter advising that although you represent Mr. Schleicher and were reaching out in connection with this matter, you would not accept service of our subpoena. Given that Mr. Schleicher has undisputedly received fair notice of the subpoena (as confirmed by his counsel) we believe that any further service efforts are unnecessary and wasteful. Please advise by July 2 whether Mr. Schleicher will agree to accept service through you or any other reasonable means to avoid needlessly burdening the Court with this matter. In the event he agrees, we remain ready to work cooperatively to minimize burden, including by scheduling the deposition for a date and place in July that is convenient for you and him and are available for a call at your convenience this week to discuss. If Mr. Schleicher is unwilling to do so, we intend on

5

moving for leave to serve him by alternative means this week. We look forward to your reply.

Ex. 11 (the "July 1 Email"). Mr. Schleicher's counsel did not respond to the e-mail.

## ARGUMENT

Service of Rule 45 subpoenas are effectuated by "delivering a copy to the named person." Fed. R. Civ. Proc. 45(b)(1). Rule 45 does not require "personal service" of said subpoena, *e.g., Saadi v. Maroun*, 2021 WL 8650800, at *1 (M.D. Fla. Mar. 22, 2021) (finding that service would be "unreasonably difficult to accomplish" where process server's repeated attempts had failed due to recipient's evasive maneuvers, including purportedly leaving town), as "there is no explicit requirement in the rule itself on the method of delivery," *BG Strategic Advisors, LLC v. FreightHub, Inc.*, 2023 WL 114864 (S.D. Fla. Jan. 6, 2023). Instead, Rule 45 subpoenas may be served through a method of delivery "*reasonably calculated to ensure receipt* of the subpoena by the witness." *Saadi*, 2021 WL 8650800, at *1 (emphasis added) (citing cases, including *Diaz v. Chapters Health Sys., Inc.*, 2020 WL 203157, at *3 (M.D. Fla. Jan. 6, 2020)). Parties may also "preemptively seek an order permitting alternative means of service" to ensure notice is timely provided, *id.*, or "when personal service cannot be reasonably accomplished," *id.* at *2 (citing *Exp. Dev. Canada v. SDR Grp., Inc.*, 2020 WL 1888825, (E.D. Mich. Apr. 16, 2020)).

Here, although TTI believes it has effectuated service on Mr. Schleicher by "delivering a copy" of the Subpoenas to him, TTI seeks an order permitting alternate service because Mr. Schleicher has refused TTI's service attempts. *See*

*Saadi*, 2021 WL 8650800, at *1 (permitting alternate service where service attempts were plainly evaded). Mr. Schleicher has, among other things, ignored phone calls and other attempts to communicate with him and rejected service attempts through Ms. Singer and his wife. *See* Ex. 2; Ex. 4; Ex. 7. As detailed above, TTI's efforts to serve Mr. Schleicher over the last three and one-half months have been extensive, time consuming, and costly. Courts arounds the country routinely allow alternate service of subpoenas in circumstances similar to those here, where service through the alternate method would provide notice of the subpoena to the recipient. *See Saadi*, 2021 WL 8650800, at *3 (collecting cases); *S.E.C. v. Rex Venture Grp., LLC*, 2013 WL 1278088, at *2 (M.D. Fla. Mar. 28, 2013) (finding service via Federal Express and email properly executed under Rule 45); *Rainey v. Taylor*, 2019 WL 1922000, at *3 (S.D. Fla. Apr. 30, 2019) (finding service of Rule 45 subpoena properly executed via email).

TTI therefore requests that this Court permit service of the Subpoenas on Mr. Schleicher by five alternate methods "reasonably calculated to ensure receipt," as Federal Rule of Civil Procedure 45(b)(1) permits. Specifically, TTI requests that service of the Subpoenas on Mr. Schleicher be made by:

(1) firmly tacking and posting the Subpoenas at his residence at 1370 Harbor Drive, Sarasota, FL 34239;

(2) sending the Subpoenas by Federal Express and U.S. Mail to Mr. Schleicher's residence at 1370 Harbor Drive, Sarasota, FL 34239 and the premises

of the Southwest Florida Water Management District at 2379 Broad Street, Brooksville, FL 34604;

(3) sending the Subpoenas by Federal Express and U.S. Mail to Mr. Schleicher's lawyer, Kevin Kilcullen, at 7108 Fairway Drive, Suite 123, Palm Beach Gardens, FL 33418;

(4) emailing the Subpoenas to the four email addresses associated with Mr. Schleicher, joel@nextonellc.com, jschleicher1@cs.com, schleicher3@compuserve.com, and joel@theschleichers.org; and

(5) emailing the Subpoenas to the email address for Mr. Schleicher's counsel, Kevin Kilcullen, at kkilcullen@sgklaw.com.

Given the deadline for discovery of August 2, TTI respectfully files this Motion on an expedited basis. Notably, counsel for Mr. Bonilla does not object to the relief requested herein.

## CONCLUSION

WHEREFORE, Plaintiff TTI hereby requests that this Court issue an Order permitting service of a subpoena *duces tecum* and deposition subpoena on Joel Schleicher by the following methods:

(1) firmly tacking and posting the Subpoenas at his residence at 1370 Harbor Drive, Sarasota, FL 34239;

(2) sending the Subpoenas by Federal Express and U.S. Mail to Mr. Schleicher's residence at 1370 Harbor Drive, Sarasota, FL 34239 and the premises

of the Southwest Florida Water Management District at 2379 Broad Street, Brooksville, FL 34604;

(3) sending the Subpoenas by Federal Express and U.S. Mail to Mr. Schleicher's lawyer, Kevin Kilcullen, at 7108 Fairway Drive, Suite 123, Palm Beach Gardens, FL 33418;

(4) emailing the Subpoenas to the four email addresses associated with Mr. Schleicher, joel@nextonellc.com, jschleicher1@cs.com, schleicher3@compuserve.com, and joel@theschleichers.org; and

(5) emailing the Subpoenas to the email address for Mr. Schleicher's counsel, Kevin Kilcullen, at kkilcullen@sgklaw.com.

CERTIFICATION PURSUANT TO LOCAL RULE 3.01(g).

TTI certifies, pursuant to Local Rule 3.01(g), that it contacted counsel for non-party Joel Schleicher and for the Defendant, Victor Bonilla, in a good faith attempt to gain consent to the relief requested. Mr. Schleicher did not respond to TTI's attempt to confer. On July 1, 2024, Mr. Bonilla's counsel confirmed that he does not oppose this Motion.

Dated: July 8, 2024

By: /s/ *Jason D. Sternberg*
QUINN EMANUEL URQUHART & SULLIVAN LLP
Jason D. Sternberg (FL Bar 72887)
Tara MacNeill (FL Bar 1028931)
David Nabors (FL Bar 1024722)
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133

Telephone: (305) 402-4880
Facsimile: (305) 901-2975
jasonsternberg@quinnemanuel.com
taramacneill@quinnemanuel.com
davidnabors@quinnemanuel.com

Kristin Tahler (admitted *pro hac vice*)
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
kristintahler@quinnemanuel.com

Nicholas Inns (admitted *pro hac vice*)
1300 I Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
nicholasinns@quinnemanuel.com

*Attorneys for Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2024, the foregoing was served upon non-party Joel Schleicher's counsel via electronic mail.

Kevin Kilcullen
Stern Kilcullen & Rufolo, LLC
325 Columbia Turnpike,
Suite 110
P.O. Box 992
Florham Park, NJ 07932
kkilcullen@sgklaw.com

/s/ *Jason D. Sternberg*
Jason D. Sternberg