## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| TECHTRONIC INDUSTRIES COMPANY LIMITED and TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., | Case No. 8:23-cv-01734-CEH-AEP |
|        Plaintiffs, | |
|   v. | |
| VICTOR BONILLA, | |
|        Defendant. | |

## <u>DEFENDANT VICTOR BONILLA'S ANSWER<br>AND AFFIRMATIVE DEFENSES</u>

Defendant Victor Bonilla ("Bonilla"), by and through his undersigned counsel, hereby responds to the Amended Complaint filed by Plaintiffs Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc. (together "TTI") as set forth below.

1.     Bonilla admits that he published two reports regarding TTI, among other topics, in February 2023 and June 2023.  Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 1.

2.     Bonilla admits that on or about February 22, 2023, he published a report regarding TTI containing the terms "web of deceit" and "manipulative accounting."  Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 2.

3.      Bonilla admits that on or about June 5, 2023, he published a report regarding TTI containing the phrase "systematically defrauding Home Depot." Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 3.

4.      Bonilla denies each and every allegation in Paragraph 4.

5.      Bonilla lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5, and on that basis denies them.

6.      Bonilla lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6, and on that basis denies them.

7.      Bonilla admits the allegations in Paragraph 7.

8.      Bonilla admits that he operates Jehoshaphat Research and that he publishes reports about publicly traded companies under the name of Jehoshaphat Research on a website, www.jehoshaphatresearch.com, and that he uses a Twitter/X handle, @JehoshaphatRsch.     Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 8.

9.      Without admitting any of the factual allegations that form the basis of the claim of subject matter jurisdiction, Bonilla admits this Court has subject matter jurisdiction over this action.

10.     Without admitting any of the factual allegations that form the basis of the claim of personal jurisdiction, Bonilla admits this Court has personal jurisdiction over him.

11.     Without admitting any of the factual allegations that form the basis of the claim of venue, Bonilla admits venue lies in this District for the claims asserted in the Amended Complaint.

12.     Bonilla lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12, and on that basis denies them.

13.     Bonilla lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13, and on that basis denies them.

14.     Bonilla lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14, and on that basis denies them.

15.     Bonilla lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15, and on that basis denies them.

16.     Bonilla lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16, and on that basis denies them.

17.     Bonilla lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17, and on that basis denies them.

18.     Bonilla lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18, and on that basis denies them.

19.     Bonilla lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19, and on that basis denies them.

20.     Bonilla lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20, and on that basis denies them.

21.     Bonilla lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21, and on that basis denies them.

22.     Bonilla lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22, and on that basis denies them.

23.     Bonilla lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23, and on that basis denies them.

24.     Bonilla lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24, and on that basis denies them.

25.     Bonilla lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25, and on that basis denies them.

26.     Bonilla lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26, and on that basis denies them.

27.     Bonilla lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27, and on that basis denies them.

28.     Bonilla lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28, and on that basis denies them.

29.     Bonilla lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29, and on that basis denies them.

30.     Bonilla admits that he has published reports regarding publicly traded companies under the name Jehoshaphat Research.   Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 30.

31.     Bonilla admits that he publishes research reports under the name Jehoshaphat Research on a website, www.jehoshaphatresearch.com, and has an account on Twitter/X, using the handle @JehoshaphatRsch, which, as of the date of this Answer, has more than 4,000 followers.    Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 31.

32.     Bonilla lacks knowledge or information sufficient to form a belief about the allegations concerning TTI's investigation and on that basis denies them. Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 32.

33.     Bonilla admits that his professional roles include that of an investment analyst and manager.  Bonilla admits that he is the Founder and Chief Investment Officer of Carrollwood Capital Management, LP, an investment advisory firm.     Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 33.

34.     Bonilla denies each and every allegation in Paragraph 34.

35.     Bonilla admits that he operates Jehoshaphat Research and publishes reports, including the two reports that are the subject of the Amended Complaint, with the help of investigators and analysts.  Bonilla admits that the reports that are the subject of the Amended Complaint do not identify these individuals by name. Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 35.

36.     Bonilla admits that on or about February 22, 2023, Jehoshaphat Research published a report regarding TTI and containing the assertion, among many others, that TTI has "been inflating its profits dramatically for over a decade with manipulative accounting."  Bonilla admits that a copy of the First Report is attached as Exhibit 1 to the Amended Complaint.  Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 36.

37.     Bonilla denies each and every allegation in Paragraph 37.

38.     Bonilla admits that the quoted statements appear in First Report. Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 38.

39.     Bonilla admits that the quoted statements appear in the First Report. Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 39.

40.     Bonilla admits that the quoted language appears in the First Report. Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 40.

41.     Bonilla admits that the quoted statements without the bracketed statements supplied by TTI appear in the First Report.    Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 41.

42.     Bonilla denies each and every allegation in Paragraph 42.

43.     Bonilla denies each and every allegation in Paragraph 43.

44.     Bonilla denies each and every allegation in Paragraph 44.

45.     Bonilla denies each and every allegation in Paragraph 45.

46.     Bonilla denies each and every allegation in Paragraph 46.

47.     Bonilla denies each and every allegation in Paragraph 47.

48.     Bonilla denies each and every allegation in Paragraph 48.

49.     Bonilla denies each and every allegation in Paragraph 49.

50.     Bonilla denies each and every allegation in Paragraph 50.

51.     Bonilla admits that the First Report is available on www.jehoshaphatresearch.com today.   Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 51.

52.     Bonilla denies each and every allegation in Paragraph 52.

53.     Bonilla denies each and every allegation in Paragraph 53.

54.     Bonilla admits that the First Report was published at approximately 9 p.m. Eastern Time on February 22, 2023.   Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 54.

55.     Bonilla denies each and every allegation in Paragraph 55.

56.     Bonilla admits that he posted Tweets on his Twitter account regarding TTI on or about February 22, 2023.  Bonilla admits that as of the date of this Answer, the initial Tweet referenced in Paragraph 61 had approximately 32,500 views and 30 re-Tweets, and that the initial Tweet contained the phrase "massively, persistently manipulated accounting."    Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 56.

57.     Bonilla denies each and every allegation in Paragraph 57.

58.   Bonilla denies each and every allegation in Paragraph 58.

59.   Bonilla lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59, and on that basis denies them.

60.   Bonilla admits that he published a report regarding TTI and Home Depot on or about June 5, 2023, which included the words "systematically defrauding Home Depot" and "scam."  Bonilla denies the Second Report contains "fabricated false claims against TTI."  Bonilla admits that a copy of the Second Report is attached as Exhibit 2 to the Amended Complaint.    Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 60.

61.   Bonilla denies each and every allegation in Paragraph 61.

62.   Bonilla denies each and every allegation in Paragraph 62.

63.   Bonilla denies each and every allegation in Paragraph 63.

64.   Bonilla denies each and every allegation in Paragraph 64.

65.   Bonilla denies each and every allegation in Paragraph 65.

66.   Bonilla denies each and every allegation in Paragraph 66.

67.   Bonilla denies each and every allegation in Paragraph 67.

68.   Bonilla denies each and every allegation in Paragraph 68.

69.   Bonilla admits that the quoted statements appear in the Second Report.  Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 69.

70.   Bonilla denies each and every allegation in Paragraph 70.

71.     Bonilla denies each and every allegation in Paragraph 71.

72.     Bonilla admits that the two quoted statements appear in the Second Report. Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 72.

73.     Bonilla denies each and every allegation in Paragraph 73.

74.     Bonilla admits that the quoted statement in the first sentence of Paragraph 79 appears in the Second Report.  Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 74.

75.     Bonilla denies each and every allegation in Paragraph 75.

76.     Bonilla denies each and every allegation in Paragraph 76.

77.     Bonilla denies each and every allegation in Paragraph 77.

78.     Bonilla denies each and every allegation in Paragraph 78.

79.     Bonilla denies each and every allegation in Paragraph 79.

80.     Bonilla denies each and every allegation in Paragraph 80.

81.     Bonilla denies each and every allegation in Paragraph 81.

82.     Bonilla admits that the terms "similar web traffic to DTFO's" website appear in the Second Report.  Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 82.

83.     Bonilla denies each and every allegation in Paragraph 83.

84.     Bonilla admits the term "Blemishgate" appears in the Second Report. Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 84.

85.    Bonilla denies each and every allegation in Paragraph 85.

86.    Bonilla admits that he posted Tweets regarding TTI on or about June 5, 2023.  Bonilla admits that the terms and statements quoted in Paragraph 86 appear in Tweets, though in a different order presented by TTI and without certain typos made by TTI in transcribing them.    Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 86.

87.    Bonilla denies each and every allegation in Paragraph 87.

88.    Bonilla denies each and every allegation in Paragraph 88.

89.    Bonilla admits that the Second Report was released on or about the time and date specified in Paragraph 89.  Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 89.

90.    Bonilla denies each and every allegation in Paragraph 90.

91.    Bonilla admits that he took a short position in the stock and profited from the short position.    Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 91.

92.    Bonilla denies each and every allegation in Paragraph 92.

93.    Bonilla admits that TTI seeks damages in the Amended Complaint. Except as expressly admitted herein, Bonilla denies each and every allegation in Paragraph 93.

94.    Bonilla denies each and every allegation in Paragraph 94.

95.    Bonilla incorporates his responses to Paragraphs 1 to 94 as set forth in full herein.

96.   Bonilla denies each and every allegation in Paragraph 96.

97.   Bonilla denies each and every allegation in Paragraph 97.

98.   Bonilla denies each and every allegation in Paragraph 98.

99.   Bonilla denies each and every allegation in Paragraph 99.

100.   Bonilla denies each and every allegation in Paragraph 100.

101.   Bonilla denies each and every allegation in Paragraph 101.

102.   Bonilla denies each and every allegation in Paragraph 102.

103.   Bonilla denies each and every allegation in Paragraph 103.

104.   Bonilla denies each and every allegation in Paragraph 104.

105.   Bonilla denies each and every allegation in Paragraph 105.

106.   Bonilla denies each and every allegation in Paragraph 106.

107.   Bonilla denies each and every allegation in Paragraph 107.

108.   Bonilla denies each and every allegation in Paragraph 108.

109.   Bonilla incorporates his responses to Paragraphs 1 to 94 as set forth in full herein.

110.   Bonilla denies each and every allegation in Paragraph 110.

111.   Bonilla denies each and every allegation in Paragraph 111.

112.   Bonilla denies each and every allegation in Paragraph 112.

113.   Bonilla denies each and every allegation in Paragraph 113.

114.   Bonilla denies each and every allegation in Paragraph 114.

115.   Bonilla denies each and every allegation in Paragraph 115.

116.   Bonilla denies each and every allegation in Paragraph 116.

117.   Bonilla denies each and every allegation in Paragraph 117.

118.   Bonilla denies each and every allegation in Paragraph 118.

119.   Bonilla denies each and every allegation in Paragraph 119.

120.   Bonilla denies each and every allegation in Paragraph 120.

121.   Bonilla denies each and every allegation in Paragraph 121.

122.   Bonilla denies each and every allegation in Paragraph 122.

123.   Bonilla denies each and every allegation in Paragraph 123.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

TTI's claims are barred, in whole or in part, by the First Amendment to the Constitution of the United States (including as incorporated against the states), and Article I, Section 4 of the Florida Constitution, as well as any other analogous state or local constitutional provision that might be applicable.

### SECOND DEFENSE

TTI's alleged damages, if any, are the result of its own conduct or the conduct of others beyond Bonilla's control and for whom Bonilla is not legally responsible.

### THIRD DEFENSE

TTI has failed to mitigate any alleged damages.

### FOURTH DEFENSE

By reason of the First and Fourteenth Amendments to the United States Constitution, Bonilla is immune from liability for punitive, exemplary, enhanced,

or non-pecuniary damages under the circumstances alleged in the Amended Complaint.

### FIFTH DEFENSE

TTI delayed in asserting its claims and such delays caused material prejudice to Bonilla.

### SIXTH DEFENSE

Some or all of TTI's claims are barred by the doctrine of unclean hands.

### SEVENTH DEFENSE

Bonilla's actions are protected by state, federal, and common law privileges.

### EIGHTH DEFENSE

TTI's suit against Bonilla is a strategic lawsuit against public participation barred by Florida law.

### NINTH DEFENSE

TTI failed to comply with the requirements of Fla. Stat. 770.01 including by failing to timely serve a notice with respect to either report that identified the allegedly defamatory statements.

### JURY DEMAND

Bonilla hereby demands a trial by jury on all issues triable by jury.

### PRAYER FOR RELIEF

**WHEREFORE**, Bonilla respectfully requests that:

a.  TTI take nothing on its Amended Complaint;

    b.  Bonilla be awarded his costs, including reasonable attorneys' fees to the

       extent authorized by law; and

    c.  Such other relief as the Court deems just and proper.


Dated: July 15, 2024              Respectfully submitted,

By: */s/ Dilan A. Esper*               Dawn Siler-Nixon
Dilan A. Esper (*pro hac vice*)        Dsiler-nixon@fordharrison.com
desper@harderllp.com              Viktoryia Johnson
Charles J. Harder (*pro hac vice*)     vjohnson@fordharrison.com
charder@harderllp.com              FordHarrison, LLP
Harder Stonerock LLP              401 E. Jackson St., Ste. 2500
6300 Wilshire Blvd., Ste. 640       Tampa, FL 33602-5133
Los Angeles, CA 90048           Telephone (813) 261-7800
Telephone (424) 203-1600        Facsimile: 813-261-7899

                           *Attorneys for Defendant Victor Bonilla*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 15, 2024, the foregoing document was

served via ECF to Plaintiffs' attorneys of record.

Jason Sternberg (*pro hac vice*)
Quinn Emanuel Urquhart Sullivan LLP
2601 South Bayshore Dr., Ste 1550
Miami, FL 33133
jasonsternberg@quinnemanuel.com

Kristin Tahler (*pro hac vice*)
Quinn Emanuel Urquhart Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
kristintahler@quinnemanuel.com

Nicholas Inns (*pro hac vice*)
Quinn Emanuel Urquhart Sullivan LLP
1300 I Street, NW, Suite 900
Washington, D.C. 20005
nicholasinns@quinnemanuel.com

*/s/ Dilan A. Esper*
Attorney