# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# Tampa Division

| | |
|---|---|
| Techtronic Industries Company Limited, and Techtronic Industries Factory Outlets, Inc., <br><br> Plaintiffs, <br><br> – against – <br><br> Victor Bonilla, <br><br> Defendant. | Case No. 8:23-cv-01734-CEH-AEP |

**PLAINTIFFS'** *EXPEDITED* **MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND INFORMATION FROM DEFENDANT**

Pursuant to Federal Rule of Civil Procedure 37, Plaintiffs Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc. (together, **TTI**), respectfully move the Court for an order compelling Defendant Victor Bonilla (**Bonilla**) to produce documents and information responsive to TTI's discovery requests and cure related discovery deficiencies. Because the discovery deadline is August 2, 2024, TTI makes this motion on an expedited basis.

## INTRODUCTION

At all times during the discovery period, TTI has acted diligently and persistently to prosecute this case and obtain necessary discovery. Bonilla, on the other hand, has erected roadblock after roadblock in a clear attempt to make good on his promise to investors to use this case to aggressively pursue discovery from TTI as a warning to all other injured companies that might seek redress for Bonilla's "research" reports.

TTI served its written discovery on October 31, 2023, December 15, 2023, and February 27, 2024, and followed up with numerous letters and meet and confers in an effort to avoid motion practice. In response, Bonilla has failed to provide discovery that is plainly relevant and important to the resolution of this case. With just two weeks before the end of discovery, TTI has no choice but to file this motion to compel. Bonilla refused to provide full and complete responses to TTI's interrogatories, failed to produce many documents and information he already agreed to produce, and failed to produce discovery on the issue of punitive

1

damages, among many other deficiencies outlined below. TTI seeks this Court's intervention to put an end to this obstruction and dilatory delay.

## BACKGROUND

This action stems from a "short and distort" scheme operated by Bonilla that caused significant reputational and economic harm to TTI. ECF No. 68. Bonilla shorted TTI's stock and published two false and defamatory reports about the company, causing TTI's stock price to drop. These reports were unequivocally false and TTI brought this action for libel and libel per se against Bonilla.

Before the Court even entered a case management order, Bonilla filed a motion to stay discovery (ECF No. 28), which the Court denied. ECF No. 34. While the motion was pending, TTI served its First Set of Interrogatories and Requests for Production on October 31, 2023. Declaration of Jason D. Sternberg (**Sternberg Decl.**), ¶ 3. In response, Bonilla raised a number of objections, including the journalist privilege, and refused to produce any documents or information. *Id.*, ¶ 3.

Notwithstanding Bonilla's refusal to participate in discovery, TTI continued to prosecute its case and served additional discovery requests on December 15, 2023. Sternberg Decl., ¶ 4. TTI also promptly moved the Court to overrule Bonilla's journalist privilege objection and compel him to provide responsive documents and information. ECF No. 42. On January 31, 2024, the Court granted TTI's motion and ordered Bonilla to produce previously-withheld documents and information. ECF No. 55.

2

Over the following weeks, Bonilla produced a modicum of additional information and TTI continued to serve new discovery requests. On February 9, 2024, TTI sent Bonilla a robust deficiency letter, identifying many issues in Bonilla's discovery responses and requesting a meet and confer. Sternberg Decl., Ex. 3. The parties met and conferred on these issues on February 28, 2024. *Id.*, ¶ 8. During this discussion, Bonilla agreed to reproduce his initial document production, provide an updated privilege log, provide a proposal regarding punitive damages discovery (given that the parties disagreed about whether punitive damage discovery was premature at that stage of the case), and provide further amended and verified interrogatory responses, among other things. *Id.*, Ex. 4.

Following this meet and confer, Bonilla served amended responses to TTI's first two sets of interrogatories (without verifications) and responded to TTI's Third Set of Interrogatories and Third Set of Requests for Production. *Id.*, ¶¶ 10–13; Exs. 5, 6, and 7. These amended and unverified responses remain deficient and incomplete, and TTI raised these issues, and others, in a second deficiency letter to Bonilla on April 16, 2024. *Id.*, Ex. 8. TTI again requested that the parties meet and confer regarding these issues.

The parties held a second discovery meet and confer on May 10, 2024. *Id.*, ¶ 16. During this discussion, Bonilla again made a number of representations to avoid motion practice on the discovery issues. Among others, Bonilla agreed to do the following during the May 10 meet and confer:

3

> 1) Reproduce all documents produced to date with the assistance of an e-discovery vendor on or before May 20;
>
> 2) Provide verification pages for all interrogatory responses by May 17;
>
> 3) Provide further amended or supplemental responses to TTI's interrogatories with additional information regarding the substance of discussions held with individuals identified therein by May 17;
>
> 4) Provide a proposal to address Requests for Production Nos. 39, 45, 46, 47, and 48 regarding punitive damages discovery by May 17; and
>
> 5) Produce documents responsive to TTI's Third Set of Requests for Production.

*Id.*, ¶ 17; Ex. 9. TTI sent Bonilla an email on May 16 memorializing the meet and confer and the agreements above, and Bonilla did not dispute any portion of the May 16 email. *Id.* Bonilla, however, did not comply with these agreed-upon actions or deadlines.

Instead, on May 17, Bonilla sent an email response providing updates on a few of the discovery disputes. *Id.*, ¶ 18; Ex. 10. For example, Bonilla provided some limited additional context about his discussions with his sources, but agreed that this information "will go into verified discovery responses." *Id.* Similarly, Bonilla agreed to "certify . . . in a document demand response" that there are no documents responsive to Request for Production No. 42 related to civil and criminal complaints against Bonilla. *Id.* Bonilla did not produce any documents or provide any amended discovery responses.

On May 21, after the May 17 and May 20 agreed-upon deadlines expired, TTI followed up for the second time with Bonilla regarding these discovery issues. *Id.*,

4

¶ 19; Ex. 10. In response, Bonilla advised "[t]here are things still in process," and provided only a short call log related to Bonilla's sources. *Id.*, Ex. 10. Bonilla did not cure any of the deficiencies outlined in this motion.

On June 3, 2024, TTI followed up for the third time on these issues and asked Bonilla to provide a date certain as to when Bonilla would provide the agreed-upon documents and information. *Id.*, ¶ 20; Ex. 10. Bonilla produced a few additional documents, but did not provide any amended discovery responses and did not cure any of the deficiencies outlined in this motion.

On June 14, 2024, TTI followed up for the fourth time regarding some of these outstanding discovery deficiencies. TTI explained that this discovery was essential to TTI's ability to properly conduct upcoming depositions and that the parties must resolve these issues before the close of discovery. *Id*, ¶ 21; Ex. 11. Bonilla produced a few additional documents, but did not provide any amended discovery responses and did not cure any of the deficiencies outlined in this motion. TTI followed up for a fifth time on June 24, 2024, advising Bonilla that if the parties were unable to promptly resolve their discovery disputes, TTI would be forced to seek relief from the Court. *Id.*, ¶ 22; Ex. 12.

After spending months attempting to compromise and reach agreement with Bonilla regarding these issues, TTI is simply out of time. The discovery deadline is two weeks away and Bonilla has still not produced essential discovery, including documents and information he *has already agreed* to provide. Accordingly, TTI is forced to seek this Court's intervention and moves for an order

5

compelling Bonilla to provide verified and complete responses to TTI's Interrogatories, produce documents responsive to TTI's Requests for Production, reproduce his initial document productions as agreed, and provide an updated privilege log.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery regarding any nonprivileged matter that is relevant to the parties' claims or defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Where, as here, a party asserts meritless objections and refuses to fully participate in discovery, Federal Rule of Civil Procedure 37 provides the Court with broad discretion to compel the production of documents and information. Fed. R. Civ. P. 37(a)(3)(A). If the Court grants a motion under Rule 37, the court "must" award the moving party its reasonable expenses incurred in making the motion, including attorneys' fees. Fed. R. Civ. P. 37(a)(5)(A).

## ARGUMENT

**I.   Bonilla Must Provide Verified and Complete Responses to Interrogatories.**

    **A.   The Court should compel Bonilla to produce verified interrogatory responses.**

Federal Rule of Civil Procedure 33(b)(3) plainly requires that all interrogatory responses must be verified by the responding party. *See Boasci v. Imperial Spa & Salon, Inc.*, 2014 WL 12618179, at *1 (M.D. Fla. May 2, 2014) (noting that a "verification page" is "required for [party] to fully comply with her

6

obligations under Rule 33"). Notwithstanding this simple and well-established requirement, Bonilla has failed to provide verified responses to any of TTI's interrogatories. Bonilla has provided responses to *four* sets of interrogatories and multiple amended responses—none of which have included the required verification. *See* Sternberg Decl., ¶¶ 3–5, 10–12, 15; Exs. 1, 2, 5, 6. During the February 28 and May 10 meet and confers, counsel for Bonilla acknowledged this deficiency and agreed to provide verified responses. *Id.*, Exs. 4, 9. Nevertheless, as of the date of this filing, Bonilla has not provided a single verified response to any of TTI's interrogatories. The Court should compel Bonilla to comply with Rule 33 and provide verified responses to all interrogatories.

**B.     The Court should compel Bonilla to provide a complete response to TTI's First Interrogatory.**

On October 31, 2023—more than six months ago—TTI served its fist interrogatory, requesting that Bonilla identify all persons with whom he discussed TTI and certain other topics, and describe the substance of the conversations (**Interrogatory No. 1**). *Id.*, ¶ 3; Ex. 2. Bonilla provided an initial, unverified response on November 30, 2023, a first amended, unverified response on February 6, 2024, and a second amended, unverified response on March 5. *Id.*, ¶¶ 3, 5, 10; Exs. 2, 5. In his unverified response, Bonilla identified certain sources for his "research" reports and provided only cursory, generic descriptions of his discussions with them. For example, Bonilla described a few of these conversations as "discussed potential relevance of this lawsuit to Carrollwood" and "discussed this lawsuit." *Id.*, ¶ 10; Ex. 5.

7

TTI repeatedly raised this issue with Bonilla and requested a more complete response to Interrogatory No. 1. *Id.*, ¶¶ 6, 14; Exs. 3, 8. During the May 10 meet and confer, Bonilla's counsel conceded that Mr. Bonilla had some additional information and agreed to provide a further amended (and verified) response by May 17. *Id.*, Ex. 9. On May 17, Bonilla's counsel provided an email summary with some additional, limited information and advised that this information would "go into verified discovery responses." *Id.*, Ex. 10. As of the date of this filing, no such further amended and verified responses have been provided.

Bonilla's response to Interrogatory No. 1 is facially deficient and his failure to provide a full and complete response prejudices TTI's ability to properly conduct third party discovery and gather evidence related to its claims. Accordingly, the Court should compel Bonilla to promptly provide a complete, verified response to Interrogatory No. 1. *See AIM Immunotech, Inc. v. Tudor*, 2023 WL 3975996, at *3 (M.D. Fla. June 13, 2023) (granting plaintiff's motion to compel full and complete responses to discovery requests).

### C. The Court should compel a complete response to TTI's Second Set of Interrogatories.

Bonilla persisted in his refusal to provide complete responses to TTI's interrogatories in response to TTI's Second Set of Interrogatories. On December 15, 2023, TTI propounded its Second Set of Interrogatories upon Bonilla, requesting Bonilla to identify and describe in detail the content of his discussions with specific individuals. Sternberg Decl., ¶ 4; Ex. 6. Bonilla's responses to the Second Set of Interrogatories, even after amendment on March 7, are entirely

devoid of any detail. *Id.* For example, in Interrogatory No. 8, TTI asked Bonilla to identify a former TTI executive referred to in the Second Report who was allegedly "personally, heavily involved in DTFO and its creation" and to "describe in detail the content of all" discussions with that individual. *Id.*, Ex. 6. In response, Bonilla identified the source by name and stated: "Mr. Bonilla discussed DTFO and its relationship to Home Depot with this person." *Id.*, Ex. 6.

Bonilla's responses to Interrogatory Nos. 2, 3, 4, 6, and 7 are similarly incomplete. *See, e.g.*, Response to Interrogatory No. 4, noting that a source gave information "about TTI's business, accounting, and corporate culture"; Response to Interrogatory No. 6, noting that Bonilla and a source "had discussions about the TTI-Home Depot relationship." *Id.*, Ex. 6. These generic descriptions are not responsive to the request, are plainly insufficient, and must be amended. *AIM Immunotech, Inc.*, 2023 WL 3975996, at *3.

TTI raised this deficiency with Bonilla on February 9, February 28, April 16, May 10, May 16, May 21, June 3, June 14, and June 24. Sternberg Decl., Exs. 3, 4, 8–12. During the May 10 meet and confer, Bonilla's counsel again conceded that Bonilla had additional responsive information and agreed to produce further amended responses by May 17. *Id.*, Ex. 9. As of the date of this filing, no such responses have been provided and the Court should therefore compel a full and complete response to Interrogatory Nos. 2, 3, 4, 6, 7, and 8.

Bonilla's response to Interrogatory No. 11 is likewise deficient. Interrogatory No. 11 asks Bonilla to "describe in detail" his investigation of TTI, including "all

9

efforts made by You to verify the accuracy of the statements made by third parties." *Id.*, Ex. 6. Bonilla's response includes an explanation of the initial investigation conducted by Bonilla, but states only that "[d]uring the entire research process, as he has done throughout his entire career, [Bonilla] verified the accuracy of his research." *Id.* But this is mere *ipse dixit*; it does not satisfy Bonilla's obligation under Rules 26 and 33 to fully and completely respond to interrogatories seeking information within the scope of discovery. TTI also raised this deficiency with Bonilla on February 9, February 28, April 16, May 10, and May 16. *Id.*, Exs. 3, 4, 8, 9.

TTI was forced to depose Bonilla on July 10, 2024 without these complete interrogatory responses. However, even after the deposition, TTI does not have complete answers to these interrogatories and a deposition is not a substitute for the information that TTI is entitled to obtain through other discovery mechanisms. *See Sendi v. Prudential-Bache Sec.*, 100 F.R.D. 21, 23 (D.D.C. 1983) ("That some information may have been furnished during the deposition which will answer a particular interrogatory by no means assures that a *complete* answer has been furnished."); *Fint v. Brayman Constr. Corp.*, 2018 WL 5116097, at *2 (Oct. 19, 2018) (S.D. W.Va. Sept. 7, 2016) (granting motion to compel response to interrogatory after a deposition because "the fact that [a party] may have collected some or all of the information on its own does not obviate the other party's obligation to answer the interrogatory."); *Kuriakose v. Veterans Affairs Ann Arbor Healthcare Sys.*, 2016 WL 4662431, at *5 (E.D. Mich. Sept. 7, 2016) (compelling

10

interrogatory response after a deposition because a party's "deposition testimony in this matter does not cure her failure to provide a complete answer to [the] interrogatory"). Bonilla has refused to provide more complete responses, and the Court should compel him to do so.

II.     **Bonilla Must Respond to TTI's Requests for Production.**

    A.     **The Court Should Compel a Response to Requests for Production related to punitive damages.**

On December 15, TTI propounded its Second Set of Requests for Production, which included requests for documents concerning Bonilla's financial status and other topics relating to the issue of punitive damages (Requests for Production 39, 45, 46, 47, and 48). Sternberg Decl., ¶ 4, Ex. 1. Punitive damages discovery is permissible where, as here, the plaintiff has properly pleaded a request for punitive damages in its complaint. ECF Nos. 1, 68. *See Alexander v. Allen*, 2014 WL 3887490, at *2 (M.D. Fla. Aug. 7, 2014) ("Financial net worth of a party is relevant to a properly pled claim for punitive damages."). Insofar as Bonilla objected that this discovery is prohibited by Fla. Stat. § 768.72(1), which requires a threshold showing of entitlement to recovery in state civil actions, the Eleventh Circuit and courts in this district have repeatedly held that the statute conflicts with the Federal Rules of Civil Procedure and therefore does not apply in federal diversity actions. *See, e.g.*, *Lynch v. Rose Radiology Centers, Inc.*, 2022 WL 1015815, at *2 (M.D. Fla. Apr. 5, 2022) (collecting cases and granting in part motion to compel tax returns and other financial documents). Nor is punitive damages discovery premature at this stage of litigation, just fifteen days from the close of discovery.

11

*See Soliday v. 7-Eleven, Inc.*, 2010 WL 4537903, at *2–3 (M.D. Fla. Nov. 3, 2010) (finding that financial documents were relevant and discoverable during the discovery period because punitive damages were properly pleaded in the complaint); *see also Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000). TTI's requests are limited in scope and seek relevant information for a narrow time period, August 1, 2022 to present, and just four years of tax returns. These requests are appropriately tailored to the needs of this case and not unduly burdensome or harassing. Therefore, the Court should overrule Bonilla's objections to these requests and compel production of responsive documents.

Notably, Bonilla initially refused to produce documents responsive to these requests, but during the February 28 meet and confer, Bonilla's counsel agreed that he would make a proposal to address the punitive damages requests. Sternberg Decl., Ex. 4. TTI agreed to review the proposal, but did not agree to limit the scope of its requests at that time. After not receiving any proposal following the February 28 meet and confer as originally suggested, TTI followed up on this issue on April 16, May 10, May 16, May 21, June 3, June 14, and June 24. *Id.*, Exs. 8–12. During the May 10 meet and confer, counsel agreed to send the proposal by May 17. As of the date of this filing, Bonilla has not provided any such proposal nor has he produced documents responsive to the requests. The Court should compel the prompt production of responsive documents.

12

### B. The Court should compel the production of documents responsive to TTI's Third Set of RFPs.

On February 27, 2024, TTI served a Third Set of Requests for Production on Bonilla. These requests focus exclusively on Bonilla's activity on X, f/k/a Twitter, where he tweeted about the defamatory reports, and request the production of post analytics showing views and other engagement with Bonilla's posts. *Id.*, ¶ 7; Ex. 7. On March 28, 2024—more than three months ago—Bonilla served responses to the Third Set of Requests for Production and agreed to produce responsive documents. *Id.*, ¶ 13; Ex. 7. No such documents were produced. TTI followed up with counsel regarding these documents during the May 10 meet and confer, and again on May 16, May 21, June 3, June 14, and June 24. *Id.*, Exs. 9–12. As of the date of this filing, Bonilla has not produced any documents in response to TTI's Third Set of Requests for Production. With the discovery deadline less than thirty days away, this delay to produce *agreed-upon* discovery is unacceptable. The Court should compel prompt production of all responsive documents.

### C. The Court should compel Bonilla to cure the remaining deficiencies in his document productions.

Bonilla's initial document productions were produced without the benefit of an e-discovery vendor and therefore did not include certain metadata. *See In re Seroquel Prods. Liab. Litig.*, 244 F.R.D. 650, 665 (M.D. Fla. 2007) (sanctioning party in part for failure to provide metadata in its production); *In re Netbank, Inc. Sec. Litig.*, 259 F.R.D. 656, 681–82 (N.D. Ga. 2009) (granting motion to compel documents with metadata). During the February 28 meet and confer, Bonilla's

13

counsel advised that he intended to reproduce all documents produced to date through a recently-retained e-discovery vendor. Sternberg Decl., Ex. 4. Bonilla never made this reproduction. On May 10, Bonilla again agreed to provide the reproduction by May 17. TTI followed up on this issue on May 16, May 21, June 3, June 14, and June 24. *Id.*, Exs. 9–12. As of the date of this filing, Bonilla has not provided the promised reproduction of documents.

Finally, Bonilla has not provided an updated privilege log. After the Court's order regarding the journalist privilege, Bonilla's original privilege log—which merely logged a handful of documents withheld on grounds of journalist privilege—became obsolete. During the February 28 meet and confer, Bonilla's counsel advised that he could produce a revised privilege log easily with the assistance of the recently-retained e-discovery vendor. Bonilla did not produce a revised log.

Moreover, on June 24, TTI notified Bonilla that a third party, Guidepoint, stated that it produced certain allegedly privileged or protected documents to Bonilla instead of TTI in response to TTI's Rule 45 subpoena. *Id.*, Ex. 12. TTI requested that Bonilla identify the bates numbers of those documents if they had already been produced. Bonilla's counsel subsequently advised that his client was withholding these materials on the basis of a claimed "client work product privilege" and that he would produce a privilege log.[1] As of the date of this filing,

---

[1] Bonilla also agreed to produce any non-privileged documents received from Guidepoint and should be compelled to do so.

14

Bonilla has not provided a privilege log reflecting these allegedly privileged documents from Guidepoint.

As above, the Court should put an end to this pattern of delay and compel Bonilla to promptly cure these deficiencies in his discovery responses.[2]

## CONCLUSION

For the foregoing reasons, TTI respectfully requests that the Court grant this motion to compel, overrule Bonilla's objections, and compel Bonilla to provide verified and complete responses to TTI's Interrogatories, produce documents responsive to TTI's Requests for Production, reproduce his initial document productions as agreed, and provide an updated privilege log. TTI further respectfully requests that the Court award TTI its reasonable expenses incurred in conferring with Bonilla on these discovery issues and bringing this motion, including attorneys' fees, and grant such other and further relief as the Court deems just and proper.

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), I hereby certify that TTI's counsel conferred with Bonilla's counsel by letter, phone, and email in advance of filing this motion. Defendant Bonilla opposes the relief requested in this motion.

---

[2] Following the May 10 meet and confer, Bonilla's counsel also advised, by email, that Bonilla does not have any documents responsive to Request for Production No. 42 in his possession. Counsel noted that "[w]e will certify that in a document demand response." Sternberg Decl. Ex. 10. Despite TTI's follow-up emails on May 16, May 21, and June 3, Bonilla has failed to provide the promised response.

15

Dated: July 18, 2024

By: /s/ *Jason D. Sternberg*
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Jason D. Sternberg (FL Bar 72887)
Tara MacNeill (FL Bar 1028931)
David Nabors (FL Bar 1024722)
2601 South Bayshore Drive, 15 Floor
Miami, FL 33133
Telephone: (305) 402-4880
Facsimile: (305) 901-2975
jasonsternberg@quinnemanuel.com
taramacneill@quinnemanuel.com

Kristin Tahler (admitted *pro hac vice*)
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
kristintahler@quinnemanuel.com

Nicholas Inns (admitted *pro hac vice*)
1300 I Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
nicholasinns@quinnemanuel.com

*Attorneys for Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc.*