UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TECHTRONIC INDUSTRIES COMPANY
LIMITED, and TECHTRONIC INDUSTRIES
FACTORY OUTLETS, INC.,

      Plaintiffs,

v.                                            Case No.  8:23-cv-01734-CEH-AEP

VICTOR BONILLA,

      Defendant.
_____/

## ORDER

This matter comes before the Court upon Plaintiffs' Unopposed Expedited Motion for Alternate Service of Subpoena Duces Tecum and Deposition Subpoena on Non-Party Joel Schleicher. (Doc. 70). By way of their motion, Plaintiffs seek an Order from this Court permitting them to serve Ms. Schleicher the above-referenced subpoenas through five alternative means. (Doc. 70, at 8–9). Defendant does not oppose the motion. (Doc. 70, at 9). Accordingly, for the reasons stated below, the motion is granted.

    **I.**    **Background**

This case arises from a defamation dispute surrounding Defendant Victor Bonilla's publication of two short seller reports. (Doc. 1). Plaintiffs maintain that in discovery Defendant produced documents indicating he consulted Mr. Schleicher, a former board director of Plaintiffs who currently serves as a member of the

Governing Board of the Southwest Florida Water Management District, when preparing his first report. (Doc. 70 at 1-2). Accordingly, Plaintiffs seek to depose Mr. Schleicher and retain certain documents from him. (Doc. 70, at 2). However, Mr. Schleicher has continually evaded Plaintiffs' service attempts.

On March 21, 2024, process server Raymond Mitchell made two separate attempts to serve Mr. Schleicher in person at his residence and left "contact cards" on both of Mr. Schleicher's front doors. (Doc. 70-2). On March 29, 2024, Mr. Mitchell made two additional service attempts at Mr. Schleicher's residence and left Mr. Schleicher a voicemail requesting that Mr. Schleicher contact him. (*Id.*). On April 17, 2024, process server Adrienne Shavers attempted to serve Mr. Schleicher and left the subpoena with Virginia Singer, a board administrator for Southwest Florida Water Management District, who identified herself as "the person authorized and designated to accept service at the request and per the policy of [Mr.] Schleicher."[1] (Doc. 70-4).

Following Mr. Schleicher's failure to respond to the subpoena, Plaintiffs sent a copy of the subpoena and a letter to Mr. Schleicher's residence via certified mail. (Doc. 70-5). The package was signed for by Mr. Schleicher's wife, Diane Schleicher. (Doc. 70-7). On June 13, 2024, Plaintiffs received a letter from Mr. Schleicher's identified counsel, Kevin Kilcullen, who indicated that: 1) Mr. Schleicher had not been properly served; 2) Mr. Schleicher would comply with Plaintiffs' request once properly served; and 3) Mr. Kilcullen was not authorized to accept service on Mr.

---

[1] It appears Mr. Sleicher disputes that Ms. Singer had this authorization. *See* Doc. 70-8.

2

Schleicher's behalf. (Doc. 70-8). Accordingly, Plaintiffs attempted service at Mr. Schleicher's residence on two additional dates to no avail. (Doc. 70-10). In a final attempt, Plaintiffs contacted Mr. Kilcullen via email inquiring as to whether Mr. Schleicher would agree to accept service through Mr. Kilcullen or another reasonable means but received no response. (Doc. 70-11).

Plaintiffs now request the Court allow alternative service through five alternative methods to include: 1) firmly tacking and posting the subpoenas at Mr. Schleicher's residence; 2) sending the subpoenas via Federal Express and U.S. mail to Mr. Schleicher's residence; 3) sending the subpoenas via Federal Express and U.S. mail to the Mr. Kilcullen's address; 4) emailing the subpoenas to the three email addressed known to be associated with Mr. Schleicher; and 5) emailing the subpoenas to the email address for Mr. Kilcullen. (Doc. 70, at 8).

### II.     Legal Analysis

Service of a subpoena is governed by Rule 45. To properly effectuate service under Rule 45, the moving party must "deliver[] a copy to the named person." Fed. R. Civ. P. 45. The majority position in the Eleventh Circuit is that personal service is not required by Rule 45. *See Saadi v. Maroun*, No. 8:07-CV-1976-SCB-JSS, 2021 WL 8650800, at *1 (M.D. Fla. Mar. 22, 2021) (providing an extensive list of cases supporting same). Instead, the key inquiry is whether service was "reasonably calculated to ensure receipt of the subpoena by the witness." *Id.* (quoting *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 616 (S.D. Fla. 2019) (internal quotations omitted)). Nevertheless, where personal service cannot easily be

obtained, a party may preemptively seek an order permitting alternative means of service. *Id.* at *2. Here, based on the record before this Court, Plaintiffs have demonstrated that Mr. Schleicher is effectively evading service and, based on the communications from his counsel, aware of the subpoenas and Plaintiffs' attempts at contact. Thus, this Court finds it appropriate to authorize service through alternative means and finds that Plaintiffs' proposed methods are "reasonably calculated to ensure receipt of the subpoena by the witness." *See Diaz v. Chapters Health Sys., Inc.*, No. 8:18-cv-03052-T-36SPF, 2020 WL 203157, at *3 (M.D. Fla. Jan. 6, 2020) (finding that subpoenas could be served by Federal Express, in accordance with recent authority from district courts in the Eleventh Circuit); *Rainey v. Taylor*, No. 18-24802-mc, 2019 WL 1922000, at *2 (S.D. Fla. Apr. 30, 2019) (finding that electronic service of a subpoena was proper after diligent attempts at personal service failed and the recipient received actual notice of the subpoena); *S.E.C. v. Rex Venture Grp., LLC*, No. 5:13-mc-004-WTH-PRL, 2013 WL 1278088, at *2 (M.D. Fla. Mar. 28, 2013) (finding proper service of subpoena by Federal Express and certified mail); *Codrington v. Anheuser-Busch, Inc.*, No. 98-2417-CIV-T-26F, 1999 WL 1043861, at *1 (M.D. Fla. Oct. 15, 1999) (finding that service of a subpoena via first class U.S. Mail was proper under Rule 45).

Accordingly, it is ORDERED:

1. Plaintiffs' Unopposed Expedited Motion for Alternate Service of Subpoena Duces Tecum and Deposition Subpoena on Non-Party Joel Schleicher (Doc. 70) is GRANTED.

2. Plaintiffs may serve a deposition subpoena and subpoena duces tecum on Mr. Schleicher through the following method:

   1) firmly tacking and posting the subpoenas at Mr. Schleicher's residence;

   2) sending the subpoenas via Federal Express and U.S. mail to Mr. Schleicher's residence;

   3) sending the subpoenas via Federal Express and U.S. mail to the Mr. Kilcullen's address;

   4) emailing the subpoenas to the three email addresses known to be associated with Mr. Schleicher; and

   5) emailing the subpoenas to the email address for Mr. Kilcullen

3. Plaintiffs shall also serve a copy of this Order on Mr. Schleicher with the subpoena, in the same manner set forth herein.

DONE AND ORDERED in Tampa, Florida, on this 23rd day of July 2024.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

5