**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Tampa Division**

| | |
|---|---|
| Techtronic Industries Company Limited, and Techtronic Industries Factory Outlets, Inc., <br><br> Plaintiffs, <br><br> – against – <br><br> Victor Bonilla, <br><br> Defendant. | Case No. 8:23-cv-01734-CEH-AEP |

**PLAINTIFFS' UNOPPOSED MOTION TO EXTEND DEADLINE TO TAKE DEPOSITION OF NON-PARTY FREDDIE BRICK**

Pursuant to Federal Rule of Civil Procedure 6 and 16, and Middle District of Florida Local Rule 3.01(a), Plaintiffs Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc. (together, "TTI"), hereby move for an extension of the deadline to take the deposition of non-party fact witness Freddie Brick as set forth in this Court's July 17, 2024 Order. (ECF No. 73). Plaintiffs seek a brief extension of just over two weeks, moving the deadline from September 30 to October 15. Plaintiffs are *not* seeking to amend any dates in the Second Amended Case Management and Scheduling Order. (ECF No. 86). In support of their motion, Plaintiffs state as follows:

## BACKGROUND

On July 15, 2024, the parties filed a Joint Motion for Leave to Take Deposition After Discovery Deadline, requesting leave to take the deposition of Mr. Brick after the deadline for the close of discovery. (ECF No. 71). Finding good cause, this Court granted the motion, moving the deadline for the deposition of Mr. Brick to September 30, 2024. (ECF No. 73).

After the Court extended the deadline for Mr. Brick's deposition, Plaintiffs promptly conferred with all parties and noticed the deposition for September 17, 2024. However, due to changed circumstances and case developments that arose after Plaintiffs noticed Mr. Brick's deposition, a further extension is warranted.

*First*, TTI filed motions to compel compliance with document subpoenas against Muddy Waters and Mr. Brick in the Western District of Texas. These motions remain pending and are set for a hearing on September 17, 2024—the same day of Mr. Brick's scheduled deposition.

*Second*, Mr. Brick retained new counsel and the parties met and conferred regarding Mr. Brick's subpoena response. The parties have conferred to narrow their dispute and Mr. Brick has indicated he will make an initial document production on or around September 13, 2024, but that the remaining production will occur at a later date.

*Third*, scheduling Mr. Brick's deposition is further complicated by Mr. Brick's international travel schedule and the Jewish holidays Rosh Hashanah and Yom Kippur, on October 2 and October 11, respectively.

2

Plaintiffs do not expect this extension to impact any other deadline in this matter because the Court extended the deadline for filing dispositive motions from September 3 to October 1. (ECF No. 86). Plaintiffs file this motion in good faith and not for the purpose of delay. Accordingly, and for the reasons set forth below, there is good cause to modify the current deadline.

## **MEMORANDUM OF LAW**

Rule 16(b) of the Federal Rules of Civil Procedure provides that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A party seeking to modify a scheduling order must demonstrate "good cause." *Utilities Mktg. Grp., LLC v. Warrick*, 2016 WL 3189155, at *1 (M.D. Fla. June 8, 2016). Good cause exists where the schedule cannot be "met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing advisory committee's note to Fed. R. Civ. P. 16).

Plaintiffs have demonstrated good cause for this extension and no party will be prejudiced by this extension. Good causes exists because of the pending motions to compel in the Western District of Texas, the parties' efforts to meet and confer regarding the scope of the document subpoena to Mr. Brick, Mr. Brick's anticipated document production, and the parties' schedules.

WHEREFORE, Plaintiffs request that the Court grant a brief extension of the deadline to take the deposition of Freddie Brick out of time from September 30, 2024 to October 15, 2024, and grant any further relief the Court deems just and proper.

3

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), I hereby certify that TTI's counsel conferred with counsel for Defendant Victor Bonilla and with counsel for non-party Mr. Brick. Neither opposes the relief requested in this motion.

Dated: September 10, 2024

By: */s/ Jason D. Sternberg*

**QUINN EMANUEL URQUHART & SULLIVAN LLP**

Jason D. Sternberg (FL Bar 72887)
Tara MacNeill (FL Bar 1028931)
David Nabors (FL Bar 1024722)
2601 South Bayshore Drive, 15 Floor
Miami, FL 33133
Telephone: (305) 402-4880
Facsimile: (305) 901-2975
jasonsternberg@quinnemanuel.com
taramacneill@quinnemanuel.com

Kristin Tahler (admitted *pro hac vice*)
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
kristintahler@quinnemanuel.com

Nicholas Inns (admitted *pro hac vice*)
1300 I Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
nicholasinns@quinnemanuel.com

*Attorneys for Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc.*