UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TECHTRONIC INDUSTRIES
COMPANY LIMITED and
TECHTRONIC INDUSTRIES
FACTORY OUTLETS, INC.,

    Plaintiffs,

v.                                             Case No: 8:23-cv-1734-CEH-AEP

VICTOR BONILLA,

    Defendant.
_____/

# ORDER

This matter comes before the Court on Defendant's Unopposed Motion to Seal Evidence in Support of Defendant's Motion for Summary Judgment (Doc. 99), filed on October 1, 2024. In the motion, Defendant Victor Bonilla requests an Order allowing Defendant to file under seal his motion for summary judgment, a separate statement of material facts in support, and multiple exhibits to his motion. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Unopposed Motion to Seal Evidence in Support of Defendant's Motion for Summary Judgment.

## DISCUSSION

In this defamation action, Plaintiffs sue Defendant Victor Bonilla for libel and libel *per se*, alleging that Defendant published false and defamatory statements about Plaintiffs intending to lower the stock prices of the Plaintiffs' publicly traded

companies and thereafter profit from short-selling the companies' stock. Doc. 1. Plaintiffs filed a Motion for Partial Summary Judgment on October 1, 2024, which is partially redacted.[1] Doc. 92.

Before the Court is Defendant's motion to seal his motion for summary judgment, a separate statement of facts, and four exhibits referenced in his summary judgment motion.[2] Doc. 99. He attaches the proposed sealed items to his motion. *See* Docs. 99-1, 99-2, 99-3. As a preliminary matter, Defendant's motion for summary judgment with a separate statement of facts is procedurally flawed. The Court's Case Management and Scheduling Order specifically provides that a motion for summary judgment and supporting memorandum of law shall be presented in a single document of not more than twenty-five (25) pages. Doc. 35 at 7. *See also* M.D. Fla. Rule 3.01(a) ("A motion must include – in a single document no longer than twenty-five pages inclusive of all parts . . ."). Defendant's unilateral statement of facts presented in a separate document, apart from the motion for summary judgment, is contrary to the Court's CMSO and the Local Rules. Accordingly, the separate statement of facts (Doc. 99-2) is due to be stricken.[3]

---

[1] Plaintiffs redacted six sentences from their motion. *See* Doc. 92
[2] Plaintiffs filed a Motion for Leave to File Under Seal (Doc. 94) exhibits to their motion for summary judgment, and unredacted versions of their motion for partial summary judgment and motion to strike opinions of Defendant's expert. Defendant has also filed a motion to seal his motion to strike Plaintiffs' Expert. Doc. 97. These motions will be addressed by separate order.
[3] The CMSO directs the parties to submit a separate **Stipulation** of **Agreed** Material Facts on or before the date on which the response to a motion for summary judgment is due. Doc. 35 at 7. No separate unilateral statement of facts is authorized.

2

As it pertains to Defendant's request to seal the entire summary judgment motion, the motion is due to be denied. It has long been established that there is a "presumptive common law right to inspect and copy judicial records." *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597, (1978)). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune v. Bridgestone/Firestone,* 263 F.3d 1304, 1309 (11th Cir.2001)); *Digital Assurance Certification, LLC v. Pendolino*, No. 6:17-CV-72-CEM-TBS, 2017 WL 320830, at *2 (M.D. Fla. Jan. 23, 2017) (stating same).

The question of whether good cause exists is decided:

> "by the nature and character of the information in question." *Id.* at 1315. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246. Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." *Digital Assurance*, 2017 WL 320830, at *2 (citations omitted).

The only support Defendant offers for his request to seal is that the proposed sealed items contain information designated as "confidential" under a protective order in this case.[4]  Doc. 99 at 1. "The parties' mutual agreement to keep documents confidential or to seal materials is 'immaterial' to a court's decision regarding the public's right of access." *Reed v. CRST Van Expedited, Inc.*, 8:17-cv-199-JDW-CPT, 2018 WL 5077179, *2 (M.D. Fla. April 17, 2018), citing *Brown v. Advantage Engineering*, 960 F.2d 1013, 1016 (11th Cir. 1992).  Indeed, the Local Rules make clear that "sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation." Local Rule 1.11(a), M.D. Fla.  Thus, the fact that the parties agreed to the material's confidentiality does not constitute good cause.

Moreover, a motion to seal pursuant to Local Rule 1.11(b) must establish "that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory." M.D. Fla. Local Rule 1.11(b)(3)(C).  Although Defendant's motion states in conclusory fashion that redaction is not possible, Defendant fails to adequately demonstrate that less onerous means other than sealing are unavailable, particularly where Plaintiffs filed their motion for summary judgment with only six sentences redacted.

---

[4] The Court is cognizant that the Defendant's motion to seal is unopposed, but the Court, as the "primary representative of the public interest in the judicial process, is bound by duty to review any request to seal the record (or part of it) and may not rubber stamp" requests to seal. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC*, No. 3:10-cv-978-RBD-JBT, 2011 WL 5357843, at *2 (M.D. Fla. Nov. 1, 2011) (internal quotation marks and alterations omitted).

4

Accordingly, it is

**ORDERED**:

1. Defendant's Unopposed Motion to Seal Evidence in Support of Defendant's Motion for Summary Judgment (Doc. 99) is **DENIED**.

2. The Clerk is directed to electronically delete and remove the images filed under seal at Docs. 99-1, 99-2, and 99-3.

3. Within fourteen (14) days of this Order, Defendant Bonilla may refile his Motion for Summary Judgment in a single document of not more than twenty-five (25) pages, including Defendant's statement of facts. To the extent that Defendant needs additional pages, Defendant must file a motion requesting such that complies with Local Rule 3.01.

4. To the extent that Defendant seeks to file any documents under seal, he must file a motion and memorandum of law that sets forth good cause and complies with Local Rules 3.01 and 1.11.

**DONE AND ORDERED** in Tampa, Florida on October 4, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any