UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| TECHTRONIC INDUSTRIES COMPANY LIMITED and TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., <br><br>     Plaintiffs, <br><br>  v. <br><br> VICTOR BONILLA, <br><br>     Defendant. | Case No. 8:23-cv-01734-CEH-AEP |

**DEFENDANT'S UNOPPOSED MOTION TO SEAL EVIDENCE IN SUPPORT OF DEFENDANT'S OPPOSITIONS TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE AND EXCLUDE OPINIONS AND REPORT OF EXPERT J. CHRISTOPHER WESTLAND, PhD CPA**

Defendant Victor Bonilla ("Defendant"), pursuant to Local Rule 1.11, files this unopposed motion to allow Defendant to file (1) Defendant's unredacted opposition to Plaintiffs Techtronic Industries Company Limited's and Techtronic Industries Factory Outlets, Inc.'s (collectively, "Plaintiffs") motion for summary judgment; (2) one exhibit in support of the opposition to the motion for partial summary judgment; and (3) Defendant's opposition to Plaintiffs' motion to strike and exclude opinions and reports of Dr. Westland (collectively, the "Sealed Papers") under seal.

## **MEMORANDUM OF LAW**

Pursuant to Local Rule 1.11, Defendant moves to seal the Sealed Papers because they contain information designated by Plaintiffs as "confidential" under the protective order in this action [Docket Entry No. 51-1]. The Sealed Papers are attached to this motion as follows:

- Exhibit A:
  - Defendant's Unredacted Opposition to Plaintiffs' Motion for Partial Summary Judgment and Incorporated Memorandum of Law.

- Exhibit B:
  - Exhibit 1 in Support of Defendant's Opposition to Plaintiffs' Motion for Partial Summary Judgment (Excerpts from the transcript of the July 15, 2024 deposition of David Stearns).

- Exhibit C:
  - Defendants' Unredacted Opposition to Plaintiffs' Motion to Strike

and Exclude Opinions and Reports of Expert J. Christopher Westland, PhD CPA.

Good cause exists to seal the foregoing documents. Portions of Defendant's Oppositions (Exhibits A and C hereto) contain information from documents that Plaintiffs have designated "confidential" under the protective order in this action [Docket Entry No. 51-1], which means that Plaintiffs contend that they have a good faith basis to believe that the information is prohibited from disclosure by statute or qualify for production under Federal Rule of Civil Procedure 26(c). Defendant does not take a position with respect to the validity of Plaintiffs' position, and has publically filed a copy of these Oppositions which contain limited redactions to maintain the confidentiality asserted by Plaintiffs. However, an unredacted copy of the Oppositions must be reviewed by the Court to evaluate their merits. Defendant has applied a limited number of redactions to its Oppositions where possible, but using a pseudonym or a means other than sealing is unavailable or unsatisfactory with respect to the unredacted copies of the Oppositions.

Defendants have also designated the entire deposition of David Stearns as "confidential," but the excerpts of this deposition included in Exhibit B hereto must be reviewed by the Court in order to evaluate the merits of Defendant's Opposition to Plaintiffs' Motion for Partial Summary Judgment. Defendant does not take a position with respect the validity of Plaintiffs' position, but moves to seal the exhibit to maintain the confidentiality asserted by Plaintiffs. Given that

3

Plaintiffs have designated the entirety of the Stearns deposition as "confidential," using redaction, pseudonym, or a means other than sealing is unavailable or unsatisfactory.

There are no non-parties reasonably believed to have an interest in establishing or maintaining the seal.

WHEREFORE, Defendant respectfully requests that the Court enter an Order granting this Motion and permitting the Clerk of the Court to file under seal the Sealed Papers.

## **LOCAL RULE 3.01(g) CERTIFICATION**

I hereby certify that I conferred with Plaintiffs' counsel on October 22, 2024, regarding the relief requested herein and Plaintiffs do not oppose the relief sought in this motion.

Dated: October 22, 2024

By: */s/ Dilan A. Esper*
Dilan A. Esper (*pro hac vice*)
desper@harderllp.com
Charles J. Harder (*pro hac vice*)
charder@harderllp.com
Harder Stonerock LLP
6300 Wilshire Boulevard,
Suite 640
Los Angeles, CA 90048
Telephone: (424) 203-1600

Respectfully submitted,

By: */s/ Jonathan R. Weiss*
Jonathan R. Weiss (FBN: 57904)
Jonathan.weiss@squirepb.com
Squire Patton Boggs (US) LLP
200 S. Biscayne Boulevard,
Suite 3400
Miami, Florida 33131
Telephone: (305) 577-7000

Bradley W. Crocker (FBN: 118616)
Bradley.crocker@squirepb.com
Squire Patton Boggs (US) LLP
777 S. Harbour Island,
Suite 420
Tampa, Florida 33602
Telephone: (813) 202-1300

*Attorneys for Defendant Victor Bonilla*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 22, 2024, the foregoing document was electronically filed with the Clerk of Court using CM/ECF, which will electronically send a notice of electronic filing to Plaintiff's attorneys of record

Jason Sternberg (*pro hac vice*)
Quinn Emanuel Urquhart Sullivan LLP
2601 South Bayshore Dr., Ste 1550
Miami, FL 33133
jasonsternberg@quinnemanuel.com

Kristin Tahler (*pro hac vice*)
Quinn Emanuel Urquhart Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
kristintahler@quinnemanuel.com

David A. Nabors
Fla. Bar No. 1024722
Quinn Emanuel Urquhart Sullivan LLP
2601 S. Bayshore Drive, Suite 1550
Miami, FL 33133-5417

Nicholas Inns (*pro hac vice*)
Quinn Emanuel Urquhart Sullivan LLP
1300 I Street, NW, Suite 900
Washington, D.C. 20005
nicholasinns@quinnemanuel.com

*/s/ Dilan A. Esper*
Attorney