# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### Tampa Division

Techtronic Industries Company Limited, and Techtronic Industries Factory Outlets, Inc.,

     Plaintiffs,

 – against –

Victor Bonilla,

     Defendant.

Case No. 8:23-cv-01734-CEH-AEP

## PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Middle District of Florida Local Rule 1.11, Plaintiffs Techtronic Industries Company Limited, and Techtronic Industries Factory Outlets, Inc. (together, "TTI"), hereby move the Court for leave to file under seal TTI's Opposition to Defendant's Motion for Summary Judgment, and TTI's Opposition to Defendant's Motion to Strike and/or Exclude the Expert Testimony of and Report of Jeffrey W. Kopa, and select exhibits attached to those Oppositions.

## BACKGROUND

In this action, TTI brings claims for libel and libel *per se* and seeks damages for the harms caused by Defendant Victor Bonilla's ("Bonilla") false and defamatory short-and-distort reports. ECF No. 68. Defendant Victor Bonilla is a short seller who takes positions in publicly traded stocks that become more

valuable if the price of the stock declines, and then sets about trying to reduce that price. Defendant Bonilla knowingly published two false and defamatory reports about TTI falsely claiming that TTI misrepresented its financials and engaged in other fraud, including against its largest customer, The Home Depot, Inc.

Discovery in this action has concluded, and TTI and Bonilla each moved for summary judgment. ECF Nos. 92, 93, 101. Bonilla also filed a Motion to Strike and/or Exclude the Expert Testimony and Report of Jeffrey W. Kopa. ECF No. 96. TTI seeks to oppose Bonilla's Motion for Summary Judgment and the Motion to Strike and/or Exclude the Expert Testimony and Report of Jeffrey W. Kopa. TTI's Oppositions and select documents submitted in support contain confidential, proprietary, or otherwise protected information that should be shielded from public disclosure and sealed.

The documents TTI seeks to file under seal are as follows:

- Documents showing TTI's approach to accounting and its financials that TTI produced in discovery in this case at Bates TTI0000001, TTI0000005, TTI0000019, TTI0000027, TTI00007247, TTI0003958 (Exhibits 9–10, 15–16, 18, and 21, respectively, to the Declaration of Jason D. Sternberg in Opposition to Defendant's Motion for Summary Judgment ("Sternberg Opposition Declaration") attached here as **Attachments 1-6**). TTI submits these documents in support of its Opposition to Defendant Bonilla's Motion for Summary Judgment ("Summary Judgment Opposition") to demonstrate the

falsity of Bonilla's statements and the accuracy of TTI's reported financial information. These documents, which TTI designated as confidential, must be filed under seal because these documents detail the internal accounting policies and procedures of TTI, a multinational company. Revealing this information would harm the company by placing it at a competitive disadvantage because these documents would provide insight into TTI's business strategies and internal operations. Redaction or means other than sealing would be insufficient because the confidential information in Attachments 1-6 is relevant and material to TTI's Summary Judgment Opposition.

- A document containing excerpts of the transcript of the Federal Rule Civil Procedure 30(b)(6) deposition of TTI corporate designee Katherine Helf (Exhibit 11 to the Sternberg Opposition Declaration, attached here as **Attachment 7**). TTI submits this document in support of its Summary Judgment Opposition to demonstrate the falsity of Bonilla's claims and the accuracy of TTI's reported financial information. This document, which is designated as confidential, must be filed under seal because it reflects TTI's confidential and proprietary accounting and business practices. Public disclosure of this confidential information would provide an unfair advantage to TTI's competitors. Redaction or means other than sealing would be insufficient because the confidential information in Attachment 7 is

relevant and material to TTI's Summary Judgment Opposition.

- A document containing excerpts from the transcript of the Federal Rule of Civil Procedure 30(b)(6) deposition of TTI corporate designee David Stearns (Exhibit 22 to the Sternberg Opposition Declaration, attached here as **Attachment 8**). TTI submits this document in support of its Summary Judgment Opposition to demonstrate the falsity of Bonilla's statements concerning TTI's alleged fraud against The Home Depot, Inc. This document, which is designated confidential, must be filed under seal as it provides details about TTI's internal operations with respect to the DTFO stores. Revealing this information would thereby put TTI at a competitive disadvantage. Redaction or means other than sealing would be insufficient because the confidential information in Attachment 8 is relevant and material to TTI's Summary Judgment Opposition.

- A document showing DTFO store inventory that TTI produced in discovery in this case at Bates TTI0003480 (Exhibit 24 to the Sternberg Opposition Declaration, attached here as **Attachment 9**). TTI submits this document in support of its Summary Judgment Opposition to demonstrate the falsity of Bonilla's statements concerning TTI's alleged fraud against The Home Depot, Inc. This document, which TTI designated as confidential, must be filed under seal because it contains detailed information regarding the internal

operations of TTI, including its manufacturing and inventory strategies, its current and prospective sales channels, and its relationship with its largest customer. Publicly revealing this information would give other companies who produce similar products a competitive advantage against TTI. Redaction or means other than sealing would be insufficient because the confidential information in Attachment 9 is relevant and material to TTI's Summary Judgment Opposition.

- A document showing an internal annual review of DTFO that TTI produced in discovery in this case at Bates TTI0003444 (Exhibit 25 to the Sternberg Opposition Declaration, attached here as **Attachment 10**). TTI submits this document in support of its Summary Judgment Opposition to demonstrate the falsity of Bonilla's statements concerning TTI's alleged fraud against The Home Depot, Inc. This document, which TTI designated as confidential, must be filed under seal because it contains proprietary information regarding DTFO's sales, revenue, gross margins, and other accounting information. Public disclosure of this information would put TTI at a competitive disadvantage. Redaction or means other than sealing would be insufficient because the confidential information in Attachment 10 relevant and material to TTI's Summary Judgment Opposition.

- A document showing a Strategic Initiative Agreement between TTI and The Home Depot, Inc. that TTI produced in discovery in this case at Bates TTI0002878 (Exhibit 23 to the Sternberg Opposition Declaration, attached here as **Attachment 11**). TTI submits this document in support of its Summary Judgment Opposition to demonstrate the falsity of Bonilla's statements concerning TTI's alleged fraud against The Home Depot, Inc. This document, which TTI designated as confidential, must be filed under seal because it details the close business relationship between TTI and The Home Depot, Inc., and public disclosure of this information would put TTI at a competitive disadvantage. Redaction or means other than sealing would be insufficient because the confidential information in Attachment 11 is relevant and material to TTI's Summary Judgment Opposition.

- A document produced by The Home Depot, Inc., containing an internal email correspondence regarding Bonilla's second report at Bates THD_Bonilla000001 (Exhibit 26 to the Sternberg Opposition Declaration, attached as **Attachment 12**). TTI submits this document in support of its Summary Judgment Opposition to demonstrate the falsity of Bonilla's statements concerning TTI's alleged fraud against The Home Depot, Inc. This document should be sealed because it contains confidential communications of a non-

party, The Home Depot, Inc. Redaction or means other than sealing would be insufficient because the confidential information in Attachment 12 is relevant and material to TTI's Summary Judgment Opposition.

- TTI's August 1, 2024 Responses to Bonilla's Interrogatories Set One (Exhibit 27 to the Sternberg Opposition Declaration, attached here as **Attachment 13**). TTI submits this document in support of its Summary Judgment Opposition to demonstrate the falsity of Bonilla's statements concerning TTI's alleged fraud against The Home Depot, Inc. This document must be filed under seal because it contains confidential information regarding TTI's internal investigation of and response to Bonilla's false and defamatory reports. Redaction or means other than sealing would be insufficient because the confidential information in Attachment 13 is relevant and material to TTI's Summary Judgment Opposition.

- Documents containing information about Bonilla's sources, finances, and investment business that Bonilla produced in discovery in this case at Bates BONILLA 004198_0004, BONILLA 006420, BONILLA 004175_0003, BONILLA 000012, BONILLA 00010, BONILLA 00010, BONILLA 006360, BONILLA 006361, and BONILLA 004302 (Exhibits 1, 3, 5–6, 30–31, and 37–39, respectively, to the Sternberg Opposition Declaration, attached here as

**Attachment 14–22**). TTI submits these documents in support of its Summary Judgment Opposition to demonstrate the falsity of Bonilla's statements. TTI moves to file these documents under seal pursuant to the Protective Order (ECF No. 51-1), which prohibits parties from publicly filing confidential material. TTI does not take a position on whether these documents should be sealed.

- A document containing excerpts from the deposition of Victor Bonilla (Exhibit 2 to the Sternberg Opposition Declaration, attached here as **Attachment 23**). TTI submits this document in support of its Summary Judgment Opposition to demonstrate the falsity of Bonilla's statements. TTI moves to file this document under seal pursuant to the Protective Order (ECF No. 51-1), which prohibits parties from publicly filing confidential material. TTI does not take a position on whether this document should be sealed.

- A document showing payments made by Muddy Waters Capital, LLC ("Muddy Waters") to Bonilla that Muddy Waters produced in discovery in this case at Bates MW0002030 (Exhibit 4 to the Sternberg Opposition Declaration, attached here as **Attachment 24**). TTI submits this document in support of its Summary Judgment Opposition to demonstrate that Bonilla is not a media defendant and is motivated by profit, not neutral, informational reporting. TTI moves to file this document under seal pursuant to the Protective

Order (ECF No. 51-1), which prohibits parties from publicly filing confidential material. TTI does not take a position on whether this document should be sealed.

- The expert report of Christopher Rubel (Exhibit 8 to the Sternberg Opposition Declaration, attached here as **Attachment 25**). TTI submits this document in support of its Summary Judgment Opposition to demonstrate the falsity of Bonilla's statements and the accuracy of TTI's reported financial information. This document, which is designated confidential, must be filed under seal as it provides details about TTI's accounting and financial information. Revealing this information would thereby put TTI at a competitive disadvantage as it would reveal information about its internal operations. Redaction or means other than sealing would be insufficient because the confidential information in Attachment 25 is relevant and material to TTI's Summary Judgment Opposition.

- The expert report of Jeffrey Kopa (Exhibit 7 to the Sternberg Opposition Declaration and Exhibit 1 to TTI's Opposition to Bonilla's Motion to Strike and/or Exclude the Expert Testimony of and Report of Jeffrey W. Kopa ("Kopa Motion to Strike Opposition"), attached here as **Attachment 26**); the expert rebuttal report of Mr. Kopa (Exhibit 3 to TTI's Opposition to Kopa Motion to Strike, attached here as **Attachment 27**); and a document containing excerpts from Mr.

Kopa's deposition testimony (Exhibit 5 to TTI's Kopa Motion to Strike Opposition, attached here as **Attachment 28**). TTI submits these documents in support of its Summary Judgment Opposition and its Kopa Motion to Strike Opposition to demonstrate the damages TTI suffered, the reliability of Mr. Kopa's methodology in analyzing TTI's damages, and how his testimony is helpful to the jury. This document, which is designated as confidential, must be filed under seal because it reflects confidential and proprietary information about TTI's employee compensation and incentive structure, and TTI's damages. Public disclosure of this confidential information would disadvantage TTI in its recruiting and hiring and would expose its proprietary information to its competitors. Redaction or means other than sealing would be insufficient because the confidential information in Attachment 26, 27, and 28 is relevant and material to TTI's Oppositions.

- The declaration of Katherine Helf dated July 8, 2024 (Exhibit 2 to TTI's Kopa Motion to Strike Opposition, attached here as **Attachment 29**). TTI submits this document in support of its Kopa Motion to Strike Opposition to demonstrate one element of the harm inflicted by Bonilla's defamatory reports. This document, which is designated confidential, must be filed under seal because it details the parameters of one of TTI's confidential and proprietary employee

10

incentive programs. Public disclosure of this program would provide competitors an insight into TTI's employee compensation and incentive structure and disadvantage TTI in its recruiting and hiring. Redaction or means other than sealing would be insufficient because the confidential information in Attachment 29 is relevant and material to TTI's Kopa Motion to Strike Opposition.

- The expert report of Dr. J. Christopher Westland (Exhibit 4, to TTI's Kopa Motion to Strike Opposition, attached here as **Attachment 30**). TTI submits this documents in support of its Kopa Motion to Strike Opposition. TTI moves to file this document under seal pursuant to the Protective Order (ECF No. 51-1), which prohibits parties from publicly filing confidential material. TTI does not take a position on whether these documents should be sealed, except to the extent Dr. Westland's reports address TTI's competitively-sensitive employee compensation information. That information is confidential and proprietary, and should be sealed.

- TTI's Opposition to Bonilla's Motion for Summary Judgment (attached here as **Attachment 31**). TTI's Summary Judgment Opposition details the content of the documents described above, including without limitation, TTI's accounting practices, its relationship with The Home Depot, Inc., and operation of the DTFO stores. TTI's Summary Judgment Opposition must be filed under seal

to protect this sensitive and confidential information. TTI has publicly filed a redacted version of its opposition with narrowly-tailored redactions to preserve the public's interest in disclosure.

- TTI's Opposition to Bonilla's Motion to Strike and/or Exclude the Testimony of and Report of Jeffrey W. Kopa (attached here as **Attachment 32**). TTI's Kopa Motion to Strike Opposition includes discussion of the declaration of Katherine Helf and the testimony and expert reports of Mr. Kopa. TTI's Kopa Motion to Strike Opposition must be filed under seal to protect this sensitive and confidential information. TTI has publicly filed a redacted version of the opposition with narrowly-tailored redactions to preserve the public's interest in disclosure.

TTI seeks to keep these documents and information under seal for the maximum amount of time permitted by law and the Middle District of Florida Local Rules.

## MEMORANDUM OF LAW

"The public's right of access to judicial records may be overcome by a showing of good cause by the party seeking protection, which includes a balancing of interests." *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 2011 WL 5357843, at *2 (M.D. Fla. Nov. 1, 2011) (citing *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001)); *see Lawson v. Visionworks of Am., Inc.*, 2024 WL 4244333, at *1-2 (M.D. Fla. Sept. 19, 2024) (granting motion to seal sensitive internal business data and confidential

communications). Good cause includes maintaining the privacy of confidential business information. *Id.* Additionally, a document may be sealed if revealing the material would cause economic harm or a "significant competitive disadvantage." *StoneEagle Servs., Inc. v. Pay-Plus Sols., Inc.*, 2015 WL 1351153, at *2 (M.D. Fla. March 25, 2015).

As detailed above, Attachments 1–13, 25–29, 31–32, and parts of Attachment 30 contain confidential and proprietary information about TTI's finances, accounting practices, internal operations, competitive strategies, employee compensation, and relationship with its largest customer. Many of these documents, including attachments 7, 8, and 29, the deposition transcripts of Ms. Helf and Mr. Stearns and the declaration of Ms. Helf, contain extensive descriptions of TTI's internal policies, strategic decision-making, and confidential business information. Public disclosure of this information would put TTI at a significant disadvantage in the competitive marketplace. *See A.L. Walt Disney Parks & Resorts U.S. Inc.*, 2020 WL 1433050, at *1 (M.D. Fla. March 24, 2020) (granting motion to seal upon finding that the record at issue contained sensitive information regarding internal operations which, if public, would place the movant "at a competitive disadvantage") (internal citation omitted); *Barkley v. Pizza Hut of Am., Inc.*, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (granting motion to seal when deposition included information concerning "business operations"); *StoneEagle Servs.*, 2015 WL 1351153, at *2 (same).

TTI's interest in protecting this confidential information outweighs other considerations. Sealing will not impair the court's ability to evaluate TTI's Oppositions. *See ESR Performance Corp. v. JVMAX, Inc.*, 2019 WL 13082968, at *3 (M.D. Fla. Aug. 20, 2019). Additionally, this information does not concern public officials or a matter of significant public debate, and TTI has applied narrow, limited redactions where appropriate to protect the public's interest to the maximum extent feasible.

WHEREFORE, TTI respectfully requests that the Court grant this Motion, and grant such other and further relief as the Court deems just and proper.

## LOCAL RULE 1.11(b)(7) CERTIFICATION

Pursuant to Local Rule 1.11(b)(7), I hereby certify that this Motion and Attachment 12 have been delivered by email to counsel for non-party The Home Depot, Inc., Mollie Fiero, Bondurant Mixson & Elmore, LLP, 1201 West Peachtree Street NW Suite 3900, Atlanta, GA 30309. Ms. Fiero's email is fiero@bmelaw.com and her phone number is (404) 881-41111.

I further certify that this Motion and Attachment 24 have been delivered by email to counsel for non-party Muddy Waters, John S. Summers, Hangley Aronhchick Segal Pudlin & Schiller, One Logan Square, 27th Floor, Philadelphia, PA 19103-6933. Mr. Summers's email is jsummers@hangley.com and his phone number is (212)-496-7007.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), I hereby certify that TTI's counsel conferred with Bonilla's counsel by email on October 21 and October 22, 2024. Defendant Bonilla does not object to TTI's request to seal materials pursuant to the Protective Order (ECF No. 51-1), but reserves his right to object to specific documents.

Dated: October 22, 2024

By: */s/ Jason D. Sternberg*
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Jason D. Sternberg (FL Bar 72887)
Tara MacNeill (FL Bar 1028931)
Laura N. Ferguson (FL Bar 1047701)
2601 South Bayshore Drive, 15 Floor
Miami, FL 33133
Telephone: (305) 402-4880
Facsimile: (305) 901-2975
jasonsternberg@quinnemanuel.com
taramacneill@quinnemanuel.com
lauraferguson@quinnemanuel.com

Kristin Tahler (admitted *pro hac vice*)
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
kristintahler@quinnemanuel.com

Nicholas Inns (admitted *pro hac vice*)
1300 I Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
nicholasinns@quinnemanuel.com

*Attorneys for Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc.*