**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Tampa Division**

| | |
|---|---|
| Techtronic Industries Company Limited, and Techtronic Industries Factory Outlets, Inc., <br><br> Plaintiffs, <br><br> – against – <br><br> Victor Bonilla, <br><br> Defendant. | Case No. 8:23-cv-01734-CEH-AEP |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S**
**UNOPPOSED MOTIONS TO SEAL [ECF Nos. 102, 109]**

Pursuant to Middle District of Florida Local Rule 1.11, Plaintiffs Techtronic Industries Limited, and Techtronic Industries Factory Outlets, Inc. (together, "TTI"), hereby file this response to and in partial support of (1) Defendant's Unopposed Motion to Seal Evidence in Support of Defendant's Motion for Summary Judgment (ECF No. 102), and (2) Defendant's Unopposed Motion to Seal Evidence in Support of Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment and Motion to Strike and Exclude Opinions and Report of Expert J. Christopher Westland, PhD CPA (ECF No. 109) (together, "Motions to Seal").

In the Motions to Seal, Defendant Victor Bonilla ("Bonilla") moves the Court for leave to file certain documents under seal, including documents that contain

TTI's confidential and proprietary information. TTI designated the information in these documents as confidential under the protective order in this action (ECF No. 51-1). ECF Nos. 102 at 3; 109 at 3. In accordance with Middle District of Florida Local Rule 1.11, TTI asks the Court to grant Bonilla's request to seal TTI's confidential documents and information.[1]

Bonilla seeks to seal the following relevant documents:

- Defendant's Unredacted Motion for Summary Judgment (ECF No. 102-1) ("Defendant's Motion for Summary Judgment").

- The July 12, 2024 Report of Plaintiffs' Expert Christopher M. Rubel, CPA/ABV (ECF No. 102-2; Exhibit 4 in support of Defendant's Motion for Summary Judgment) ("Rubel Report").

- A document containing excerpts of the transcript of the Rule 30(b)(6) deposition of TTI designee Katherine Helf (ECF No. 102-2; Exhibit 5 in support Defendant's Motion for Summary Judgment) ("Helf Deposition").

- A document showing a Strategic Initiative Agreement between TTI and The Home Depot, Inc., that TTI produced in discovery in this case at Bates TTI0002878 (ECF No. 102-2; Exhibit 6 in support of Defendant's Motion for Summary Judgment) ("Strategic Initiative Agreement").

- Documents containing excerpts from the transcript of the Rule 30(b)(6) deposition of TTI designee David Stearns (ECF Nos. 102-2, 109-2; Exhibit 7

---

[1] TTI does not take a position on whether any information in Bonilla's Motions to Seal designated as confidential by parties other than TTI should be sealed.

in support of Defendant's Motion for Summary Judgment and Exhibit 1 in support of Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment) ("Stearns Deposition").

- Defendant's Unredacted Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 109-1) ("Defendant's Summary Judgment Opposition").

- Defendant's Unredacted Opposition to Plaintiff's Motion to Strike and Exclude Opinions and Reports of Expert J. Christopher Westland, PhD CPA (ECF No. 109-3) ("Defendant's Motion to Strike Opposition").

## **MEMORANDUM OF LAW**

"The public's right of access to judicial records may be overcome by a showing of good cause by the party seeking protection, which includes a balancing of interests." *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 2011 WL 5357843, at *2 (M.D. Fla. Nov. 1, 2011) (citing *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001)); *see Lawson v. Visionworks of Am., Inc.*, 2024 WL 4244333, at *1-2 (M.D. Fla. Sept. 19, 2024) (granting motion to seal sensitive internal business data and confidential communications). Good cause includes maintaining the privacy of confidential business information. *Id.* Additionally, a document may be sealed if revealing the material would cause economic harm or a "significant competitive disadvantage." *StoneEagle Servs., Inc. v. Pay-Plus Sol., Inc.*, 2015 WL 1351153, at *2 (M.D. Fla. March 25, 2015).

As set forth in TTI's motions to seal (ECF Nos. 94, 111), there is good cause to seal the documents identified above because they contain TTI's confidential and proprietary information and because the disclosure of their contents would cause TTI competitive harm. The documents should therefore be shielded from public disclosure and sealed. *See A.L. Walt Disney Parks & Resorts U.S. Inc.*, 2020 WL 1433050, at *1 (M.D. Fla. March 24, 2020) (granting motion to seal a document containing sensitive information related to internal operations which, if public, would place the movant "at a competitive disadvantage") (internal citation omitted); *StoneEagle Servs.*, 2015 WL 1351153, at *2 (same).

The Rubel Report contains non-public and confidential details about TTI's accounting and financial information. For example, the Rubel Report discusses at length TTI's approach to inventory and property, plant and equipment. Public disclosure of this information would thereby put TTI at a competitive disadvantage as it would reveal confidential information about its internal operations. *See Wiggins v. Medtronic MiniMed Inc.*, 2023 WL 9785045 (N.D. Fla. Nov. 21, 2023) (granting motion to seal expert report addressing proprietary information); *Allied Portables, LLC v. Youmans*, 2015 WL 12856560, at *1–2 (M.D. Fla. Oct. 15, 2015) (granting motion to seal report analyzing proprietary information because disclosure would "jeopardize [the party's] competitive advantage").

Likewise, the Helf Deposition includes testimony about one of TTI's confidential and proprietary employee incentive programs, as well as TTI's accounting practices. Public disclosure of this employee incentive program would

4

provide competitors insight into TTI's employee compensation and incentive structure and disadvantage TTI in its recruiting and hiring. *See U.S. All Star Fed'n, Inc. v. Open Cheer & Dance Championship Series, LLC*, 2024 WL 167267, at *2–3 (M.D. Fla. Jan. 16, 2024) (granting motion to seal correspondence with company bookkeeper discussing detailed financial and accounting information); *see also Rebotix Repair, LLC v. Intuitive Surgical, Inc.*, 2022 WL 3272538, at *3 n 3 (M.D. Fla. Aug. 10, 2022) (granting motion to seal documents containing confidential data and financial analysis).

Additionally, the Strategic Initiative Agreement details the close relationship between TTI and The Home Depot, Inc., and public disclosure of this confidential agreement could jeopardize the decades-old business relationship. *See Ready2Go Aviation LLC v. Galistair Trading Ltd.*, 2023 WL 7545327, at *1 (S.D. Fla. Nov. 14, 2023) (granting motion for leave to file agreement under seal because contract reflected pricing, payment terms and schedules, pricing conditions, and confidential financial information for the contracting parties). The Strategic Initiative Agreement includes a "Confidential, Recipient's Eyes Only" label and was intended by the parties to be kept confidential. *See Cottingim v. ReliaStar Life Ins. Co.*, 2023 WL 2535085 (M.D. Fla. Mar. 16, 2023) (granting motion for leave to file confidential business agreement under seal).

Similarly, the Stearns Deposition also addresses the relationship and confidential agreement between TTI and The Home Depot, Inc. Like the agreement itself, Mr. Stearns's testimony regarding the terms of the confidential

agreement should be shielded from public disclosure. *See Ready2Go Aviation*, 2023 WL 7545327, at *1. The Stearns Deposition also includes testimony related to TTI's internal DTFO operations, financials, and proprietary data. Public disclosure of this information would put TTI at a competitive disadvantage and should be sealed. *See Rosolen v. Home Performance All., Inc.*, 2020 WL 4750339, at *1 (M.D. Fla. Aug. 17, 2020) (granting motion to seal deposition transcript containing protected and proprietary information).

Finally, Defendant's Motion for Summary Judgment, Defendant's Summary Judgment Opposition, and Defendant's Motion to Strike Opposition, should be sealed because they discuss the contents of these competitively sensitive documents containing TTI's confidential information. Defendant Bonilla filed redacted versions of these document to protect the public's interest in disclosure to the maximum extent feasible. *See* ECF Nos. 101, 107, 108; *Fennell v. Navient Sols., LLC*, 2018 WL 7413302 (M.D. Fla. Oct. 16, 2018) (granting motion to file redacted version of document containing sensitive and confidential information).

TTI's interest in protecting this confidential information outweighs other considerations. And sealing will not impair the Court's ability to evaluate the motions or oppositions.[2] For these reasons, there is good cause to seal the information at issue.

---

[2] Additionally, this information does not concern public officials or a matter of significant public debate. *See ESR Performance Corp.*, 2019 WL 13082968, at *3 (M.D. Fla. Aug. 20, 2019) (granting motion to seal because the documents were designated as confidential and disclosure would harm the parties' legitimate privacy interests).

## **CONCLUSION**

Accordingly, the Court should grant Defendant's Motions to Seal with respect to the documents and information designated confidential by TTI, as identified herein.

Dated: November 1, 2024

By: /s/ *Jason D. Sternberg*
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Jason D. Sternberg (FL Bar 72887)
Tara MacNeill (FL Bar 1028931)
Laura N. Ferguson (FL Bar 1047701)
2601 South Bayshore Drive, 15 Floor
Miami, FL 33133
Telephone: (305) 402-4880
Facsimile: (305) 901-2975
jasonsternberg@quinnemanuel.com
taramacneill@quinnemanuel.com
lauraferguson@quinnemanuel.com

Kristin Tahler (admitted *pro hac vice*)
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
kristintahler@quinnemanuel.com

Nicholas Inns (admitted *pro hac vice*)
1300 I Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
nicholasinns@quinnemanuel.com

*Attorneys for Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc.*