**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Tampa Division**

TECHTRONIC INDUSTRIES COMPANY
LIMITED and TECHTRONIC INDUSTRIES
FACTORY OUTLETS, INC.,

                    Plaintiffs,

    v.

VICTOR BONILLA,

                    Defendant.

Case No. 8:23-cv-01734-CEH-AEP

**NON-PARTY MUDDY WATERS'**
**TIME-SENSITIVE UNOPPOSED MOTION FOR LEAVE TO FILE**
**UNDER SEAL ITS FORTHCOMING MOTION TO INTERVENE AND**
**RESPONSE IN OPPOSITION TO PLAINTIFF'S TIME-SENSITIVE**
**MOTION TO MODIFY THE PROTECTIVE ORDER**

Non-parties Muddy Waters Capital LLC and MW Domino Management LLC (collectively, "Muddy Waters") respectfully move, pursuant to Local Civil Rule 1.11, for leave to file under seal certain information in two forthcoming filings: (1) Muddy Waters' Unopposed Motion to Intervene for the Limited Purpose of Opposing Plaintiffs' Motion to Modify the Protective Order ("Motion to Intervene"); and (2) Muddy Waters' Response in Opposition to Plaintiffs' Time-Sensitive Motion to Modify the Protective Order ("Response").

Because these two filings are due no later than Friday, February 7, 2025, and Plaintiff requests a decision on its Time-Sensitive Motion to Modify the Protective Order, ECF 118, by February 20, 2025, Muddy Waters respectfully requests that

the Court rule on this Motion to Seal on a time-sensitive basis.  In support of this
Motion and in accordance with Local Rule 1.11, Muddy Waters submits the
following legal memorandum:

**MEMORANDUM OF LAW**

**<u>BACKGROUND</u>**

This action involves claims by Plaintiffs Techtronic Industries Company
Limited and Techtronic Industries Factory Outlets, Inc. (together, "TTI") against
Defendant Victor Bonilla for Libel and Libel *Per Se.*

A non-party, Muddy Waters produced documents and deposition testimony
in this action in response to Rule 45 subpoenas issued by TTI to Muddy Waters
and its personnel in 2024.  Muddy Waters produced that discovery subject to the
Protective Order entered in this action. ECF 51-1, 54.  The Protective Order
provides that "special protection" is needed "to prevent dissemination and
unnecessary disclosure of . . . confidential business information, proprietary
information, trade secrets, and/or confidential information."  ECF 51-1 at p. 1 &
§ 1.  It defines "CONFIDENTIAL" information as "Information (regardless of how
it is generated, stored or maintained) or tangible things that are prohibited from
disclosure by statute or qualify for protection under Federal Rule of Civil Procedure
26(c)."  *Id.* § 2.2.  The Protective Order also expressly states that "[a] Receiving
Party [here, TTI] may use Protected Material . . . **only** in connection with this case
and for no other purpose of any kind."  *Id.* § 7.1 (emphasis in original).

On January 24, 2025, TTI filed a Motion to Modify the Protective Order to allow TTI to use Muddy Waters' confidential discovery materials in furtherance of a new lawsuit that TTI intends to file against Muddy Waters in Texas.  *See* ECF 118. Muddy Waters opposes TTI's Motion and intends to file an Opposition.  Muddy Waters also intends to file a Motion to Intervene in this action under Federal Rule of Civil Procedure 24(a) or 24(b) for the limited purpose of opposing TTI's Motion to Modify the Protective Order.

**ARGUMENT**

## I.    Description of Items to Be Sealed.

By this Motion to Seal, Muddy Waters seeks leave to file under seal certain information that will appear in those two filings.  In particular, Muddy Waters seeks to seal:

- Information related to a confidential agreement between Mr. Bonilla and Muddy Waters according to which Muddy Waters would purchase research from Mr. Bonilla in exchange for certain compensation.  The agreement is designated as confidential under the Protective Order by both Muddy Waters and Mr. Bonilla.   TTI filed that document under seal as an attachment to its Motion to Modify the Protective Order.  ECF 118-2.

- Deposition testimony of two Muddy Waters personnel—(1) founder and CIO Carson Block, and (2) employee Freddy Brick—relating to that agreement and to Muddy Waters' practices in working with Mr. Bonilla and other third-party researchers.   TTI filed Mr. Block's and Mr. Brick's deposition

transcripts under seal as attachments to its Motion to Modify the Protective

Order.  *See* ECF 118-5 & 118-6.

Muddy Waters will file redacted versions of its submissions on the public

docket that omit the above confidential information.

## II.    The Filing of the Items is Necessary.

With this Motion, Muddy Waters seeks to redact from its public filings

information that is necessary for its forthcoming Motion to Intervene and

Response.  Filing unredacted versions of the Motion to Intervene and Response

under seal is necessary so that Muddy Waters can adequately and completely

present its argument in opposition to TTI's Time-Sensitive Motion to Modify the

Protective Order.   *See* M.D. Fla. Loc. R. 1.11(b)(3)(A).   In particular, the

information  is  necessary  to  adequately  present  Muddy  Water's  arguments

opposing TTI's request to use Muddy Waters' confidential discovery material in

furtherance of a proposed collateral litigation.

## III.    The Sealing of the Items is Necessary.

"[M]aterial filed with discovery motions is not subject to the common-law

right of access." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d

1304, 1323 (11th Cir. 2001).  Even assuming *arguendo* that this right did apply,

"[t]he public's right of access to judicial records may be overcome by a showing of

good cause by the party seeking protection, which includes a balancing of

interests." *StoneEagle Servs., Inc. v. Pay-Plus Solutions, Inc.*, No. 8:13-cv-2440,

2015 WL 1351153, at *2 (M.D. Fla. Mar. 25, 2015) (quoting *Mobile Shelter Sys.*

4

*USA, Inc. v. Grate Pallet Solutions, LLC*, No. 3:10-cv-978, 2011 WL 5357843, at *2 (M.D. Fla. Nov. 1, 2011)). In balancing those interests, courts consider, *inter alia*, whether public access would "harm legitimate privacy interests, the degree of and likelihood of injury if made public, . . . whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* (quoting *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)).

Under this framework, "[a] party's . . . proprietary interest in information" may be sufficient to warrant sealing. *Romero*, 480 F.3d at 1246. Accordingly, courts in this District routinely seal information that "would cause economic harm or significant competitive disadvantage" to a litigant if disclosed. *StoneEagle Servs., Inc.*, 2015 WL 1351153, at *2; *see also, e.g.*, *Lawson v. Visionworks of Am., Inc.*, No. 6:23-cv-1566, 2024 WL 4244333 (M.D. Fla. Sept. 19, 2024) (sealing "confidential business information"); *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399, 2017 WL 2021761, at *3 (M.D. Fla. May 12, 2017) (sealing "financial records and the terms of confidential agreements"); *Patent Asset Licensing, LLC v. Bright House Networks, LLC*, No. 3:15-cv-742, 2016 WL 2991057, at *1-2 (M.D. Fla. May 24, 2016) (sealing "confidential business information," the disclosure of which would harm "legitimate . . . proprietary interests").

The information that Muddy Waters seeks to file under seal is precisely the kind of proprietary, competitively sensitive information that courts in this District

5

routinely seal. First, information concerning an agreement between Muddy Waters and Mr. Bonilla is proprietary, competitively sensitive, and would cause irreparable harm to Muddy Waters' business if revealed because competitors would gain insight into how and on what terms Muddy Waters publishes research from Mr. Bonilla and other third-party researchers. The deposition testimony of Muddy Waters' personnel relating to that agreement and to Muddy Waters' practices in working with Mr. Bonilla and other third-party researchers is similarly proprietary and competitively sensitive. This testimony should be sealed for the same reasons. There is thus good cause to seal the above information.

## IV.    Redaction is Available and Appropriate.

Muddy Waters submits that the redaction of its public filings is available and satisfactory to remove certain confidential and proprietary information from its forthcoming Motion to Intervene and Response. *See* M.D. Fla. Loc. R. 1.11(b)(3)(C).

## V.    Proposed Duration of the Seal

Muddy Waters proposes that the seal remain permanently in place, including after the case is closed and all appeals are exhausted. *See* M.D. Fla. Loc. R. 1.11(b)(5) and (e).

## VI.    Person Authorized to Retrieve Sealed, Tangible Item.

Should the Court permit filing under seal, undersigned counsel are authorized to retrieve sealed, tangible items. *See* M.D. Fla. Loc. R. 1.11(b)(6).

## VII. Non-Party with an Interest in Establishing and Maintaining the Seal.

Muddy Waters is not aware of any non-parties with an interest in establishing or maintaining the seal as requested herein. *See* M.D. Fla. Loc. R. 1.11(b)(7).

## VIII. Inclusion of the Item to be Sealed.

As of this filing, the items proposed to be sealed have not been finalized. As such, Muddy Waters has not included the items proposed to be sealed with this motion. *See* M.D. Fla. Loc. R. 1.11(b)(8). Muddy Waters anticipates filing its Motion to Intervene and Response by the February 7, 2025 deadline.

## <u>CONCLUSION</u>

For the foregoing reasons, Muddy Waters has complied with Local Rule 1.11 and has shown good cause to file redacted versions of its forthcoming Motion to Intervene and Response on the public docket and to file unredacted versions under seal with the Court. Muddy Waters therefore respectfully requests that the Court grant this Time-Sensitive Unopposed Motion for Leave to File Under Seal Muddy Waters' Forthcoming Motion to Intervene and Response in Opposition to Plaintiff's Time-Sensitive Motion to Modify the Protective Order.

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

Pursuant to Local Rule 3.01(g), I hereby certify that the undersigned counsel for Muddy Waters conferred with counsel for TTI and counsel for Mr. Bonilla by email on February 5, 2025. Both TTI and Mr. Bonilla have indicated that they do

not oppose Muddy Waters' Motion to Seal; however, counsel for TTI indicated that

TTI "takes no position on whether the documents produced by Muddy Waters or

Mr. Bonilla are properly designated as Confidential or Attorney's Eyes Only and

should be sealed."

Date: February 6, 2025          Respectfully submitted,

/s/ John E. Clabby
John E. Clabby
Florida Bar Number 113664
Julian C. Velez
Florida Bar Number 1032236
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd., 10th Floor (33607)
P.O. Box 3239
Tampa, Florida 33601
Telephone: (813) 223-7000
Fax: (813) 229-4133
jclabby@carltonfields.com
jcvelez@carltonfields.com
*Counsel for Non-Party Muddy Waters Capital LLC and MW Domino Management LLC*

HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER
John S. Summers (*pro hac vice* forthcoming)
jsummers@hangley.com
Andrew M. Erdlen (*pro hac vice* pending)
aerdlen@hangley.com
Kyle Victor (*pro hac vice* pending)
kvictor@hangley.com
Mark A. Aronchick (*pro hac vice* pending)
maronchick@hangley.com
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568-6200
*Counsel for Muddy Waters*