**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Tampa Division**

| | |
|---|---|
| TECHTRONIC INDUSTRIES COMPANY LIMITED and TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>VICTOR BONILLA,<br><br>Defendant. | Case No. 8:23-cv-01734-CEH-AEP |

**NON-PARTY MUDDY WATERS' UNOPPOSED TIME-SENSITIVE MOTION TO INTERVENE FOR A LIMITED PURPOSE AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 24, non-parties Muddy Waters Capital LLC and MW Domino Management LLC (collectively, "Muddy Waters") respectfully submit this Unopposed Time-Sensitive Motion to Intervene for the limited purpose of responding to TTI's Time-Sensitive Motion to Modify Stipulated Protective Order (ECF 118, "TTI Motion") and related proceedings.

In discovery in this action, Muddy Waters produced highly confidential and proprietary documents and information in response to non-party subpoenas issued by TTI to it and two of Muddy Waters' senior officials. Muddy Waters produced that discovery pursuant to the Protective Order, ECF 51-1, which governs the exchange of confidential information in this case and expressly prohibits the use of such confidential information in any other proceeding. Among other things,

Muddy Waters produced a confidential Research Agreement between it and Defendant Victor Bonilla. Further, two senior Muddy Waters executives were deposed, and were asked many questions about that agreement.

The TTI Motion seeks modification of the Protective Order to allow TTI to use Muddy Waters' confidential discovery in a putative litigation to be filed by TTI against Muddy Waters in Texas. As best as can be determined from TTI's Motion, it intends to sue Muddy Waters for defamation, and no other potential claim can be discerned from TTI's Motion. Muddy Waters opposes that relief because TTI has failed to meet its substantial burden of showing good cause to modify the Protective Order. Most acutely, TTI has failed to demonstrate a need for, or relevance of, such confidential discovery in a Texas action because nothing in that discovery establishes a non-frivolous defamation or other claim against Muddy Waters. *See generally* Muddy Waters' Response in Opposition to TTI's Time-Sensitive Motion to Modify Protective Order, Feb. 7, 2025 at pp. 10-16.

As further explained herein, because TTI's Motion seeks the use of Muddy Waters' confidential and proprietary business information in collateral litigation, Muddy Waters has a strong interest in this matter and should be given leave to intervene pursuant to Fed. R. Civ. P. 24(a) or (b).[1]

[1] This Motion to Intervene has been designated "time sensitive" because TTI requested a ruling on the TTI Motion by February 20, 2025. Muddy Waters is simultaneously filing a Response in Opposition to TTI's Time-Sensitive Motion to Modify Protective Order by the default response deadline of February 7, 2025.

# MEMORANDUM OF LAW

## I. Factual Background

### A. TTI's Complaint and the Protective Order

1. In this action, TTI alleges that Defendant Victor Bonilla issued two research reports that allegedly contain false and defamatory statements about TTI, including that TTI engaged in fraudulent accounting practices and defrauded one of its partners. *See* ECF 68 (Am. Compl.). The Amended Complaint asserts two causes of action, Libel and Libel *Per Se*. *Id.* Mr. Bonilla is the sole defendant in this action.

2. The Protective Order, ECF 51-1, 54, governs the exchange of confidential information in this litigation and states that "special protection" is needed "to prevent dissemination and unnecessary disclosure of . . . confidential business information, proprietary information, trade secrets, and/or confidential information." ECF 51-1 at p. 1 & § 1. It defines "CONFIDENTIAL" information as "Information (regardless of how it is generated, stored or maintained) or tangible things that are prohibited from disclosure by statute or qualify for protection under Federal Rule of Civil Procedure 26(c)." *Id.* § 2.2.

3. The Protective Order expressly states that "[a] Receiving Party [here, TTI] may use Protected Material . . . **only** in connection with this case and for no other purpose of any kind." *Id.* § 7.1 (emphasis in original).

4. Any modification of the Protective Order to allow confidential information to be used for any other purpose requires a party to carry the heavy

burden of showing good cause for the requested modification, specifically, the movant must show a need for, and the relevance of, the discovery to be used in collateral litigation to specific claims and the Court must weigh the prejudice caused by the modification. *See generally* Muddy Waters' Response in Opposition to TTI's Time-Sensitive Motion to Modify Protective Order, Feb. 7, 2025 at pp. 9-20 (explaining why TTI has failed to carry its burden).

5. The Protective Order contains fundamental and agreed-on protections over the confidential discovery materials non-party Muddy Waters produced in response to Federal Rule of Civil Procedure 45 subpoenas issued to Muddy Waters and its personnel by TTI.

**B. Muddy Waters' Production of Confidential Information in Discovery**

6. In 2024, TTI issued discovery subpoenas to non-party Muddy Waters Capital LLC, and two of its senior executives, non-parties Carson Block, Muddy Waters' founder and CIO, and Freddy Brick, a Muddy Waters employee. The discovery Muddy Waters produced in response to the subpoenas was designated "Confidential" pursuant to the Protective Order, ECF 51-1, because it is highly confidential and commercially sensitive, as it discloses the terms of Muddy Waters' business strategies, relationships, and practices.

[redacted]



[redacted]

9. The Research Agreement contains confidential details about the business arrangement between Muddy Waters and Mr. Bonilla. Muddy Waters regards this Agreement as highly sensitive, and public disclosure would impose serious harm on Muddy Waters' business. [redacted]

10. None of the materials produced in discovery show that Muddy Waters made any false or defamatory statement concerning TTI, published any such defamatory statement, engaged in any actionable conduct as against TTI, or is otherwise liable to TTI.

**C. TTI Seeks to De-Designate Muddy Waters' Confidential Information and Use It in Litigation against Muddy Waters**

11. In January 2025, counsel for TTI contacted counsel for Muddy Waters to meet and confer regarding TTI's requests to: (1) de-designate as "Confidential"

the Research Agreement in this action; and (2) modify the Protective Order to allow TTI to use unspecified documents, information, and testimony designated "Confidential" under the Protective Order in a separate potential lawsuit against Muddy Waters. *See* ECF 118-9 (Ltr. from J. Sternberg to J. Summers, Jan. 2, 2025). The undersigned advised TTI's counsel, *inter alia*, that there was no good faith basis for any such lawsuit against Muddy Waters. *Id.* (Ltr. from J. Summers to J. Sternberg, Jan. 3, 2025).

12. In subsequent exchanges, TTI stated its disagreement with the designation of the Research Agreement as "Confidential" and – just like in the TTI Motion pending before this Court – refused to identify the nature of the claim it intended to bring against "Muddy Waters."



ECF 118-9 (Ltr. from J. Summers to J. Sternberg, Jan. 17, 2025).

After the exchange of correspondence, the parties met and conferred on January 16.

15. On January 24, TTI filed its Motion to Modify the Protective Order. ECF 118.

16. Muddy Waters files this Motion to Intervene for the sole purpose of responding to TTI's Motion and any related proceedings. Muddy Waters is entitled to intervene because TTI seeks to modify the permitted uses of Muddy Waters' confidential and proprietary information, specifically, for a putative defamation claim in Texas against Muddy Waters.[2]

17. Neither TTI nor Mr. Bonilla oppose the relief sought in this Motion to Intervene. *See* Local Rule 3.01(g) Certification, *infra*.

## II. MEMORANDUM OF LAW

TTI's Motion seeks to modify the permitted use of Muddy Waters' confidential and proprietary information to allow it to use that information in a collateral litigation TTI intends to bring against Muddy Waters in Texas, even though TTI has failed to establish that the discovery establishes any basis for a non-frivolous claim. Muddy Waters indisputably has a protectable interest with respect to its confidential business information that would likely be impaired in its

[2] Muddy Waters' Motion to Intervene and the accompanying Response in Opposition to TTI's Time-Sensitive Motion to Modify Protective Order are filed without waiver or prejudice to Muddy Waters' right to object to personal jurisdiction or to any claim brought by TTI against Muddy Waters.

absence. Muddy Waters should thus be permitted to intervene for the limited purpose of opposing TTI's Motion.

**A. Muddy Waters Is Entitled to Intervene as of Right**

Federal Rule of Civil Procedure 24(a)(2) authorizes intervention as of right if: [1] the motion to intervene is timely; [2] the movant has an interest relating to the property or transaction that is the subject of the action; [3] the movant is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect that interest; and [4] the movant's interest is not adequately represented by the existing parties to the suit. *See* Fed. R. Civ. P. 24(a)(2); *Stone v. First Union Corp.*, 371 F. 3d 1305, 1308-09 (11th Cir. 2004) (quoting *Worlds v. Dep't of Health & Rehabilitative Servs.*, 929 F. 2d 591, 593 (11th Cir. 1991)). Courts are guided by practical and equitable considerations in evaluating whether these requirements are met and generally construe Rule 24 broadly in favor of intervention. *See United States v. City of Los Angeles*, 288 F. 3d 391, 397 (9th Cir. 2002). Intervention for a limited purpose is also authorized by Rule 24. *See United States v. S. Fla. Water Mgmt. Dist.*, 922 F. 2d 704, 707 (11th Cir. 1991) ("A nonparty may have a sufficient interest for some issues in a case but not others, and the court may limit intervention accordingly."). Muddy Waters amply satisfies each of the requirements for intervention as of right.

**1. Muddy Waters' Motion to Intervene Is Timely**

There can be no doubt that Muddy Waters' Motion to Intervene is timely. Muddy Waters is a non-party and received notice of TTI's Motion on January 24,

2025. Because less than two weeks have passed since Muddy Waters received notice, it has not delayed seeking leave to intervene. For similar reasons, there can be no prejudice to the existing parties; Muddy Waters is filing this Motion to Intervene and its substantive Response in opposition to TTI's Motion within the default two week response period set forth in Local Civil Rule 3.01(c).[3]

Should intervention be denied, the prejudice to Muddy Waters would be great. The discovery at issue – including the Research Agreement and Mr. Block's and Mr. Brick's testimony – is highly confidential and commercially and competitively-sensitive. The information is Muddy Waters' property, and it can and should be heard on the use of that information. The bases for intervention are thus personal to Muddy Waters and cannot be asserted by the existing parties.

**2. Muddy Waters Has a Substantial, Legally-Protectable Interest Relating to the Subject Matter of TTI's Motion**

"A movant's interest relating to the property or transaction that underlies the case must be 'direct, substantial and legally protectable.'" *Retina-X Studios, LLC v. ADVAA, LLC*, 303 F.R.D. 642, 653 (M.D. Fla. 2014) (quoting *Hawes v. Gleicher*, 745 F. 3d 1337, 1339, n.5 (11th Cir. 2014)). "To decide if a movant has a

[3] When evaluating timeliness, the Court "must consider (a) the period of time during which the putative intervenor knew or reasonably should have known of [its] interest in the case before moving to intervene, (b) the degree of prejudice to the existing parties resulting from a failure to move promptly, (c) the prejudice to the would-be intervenor if [the] motion is denied, and (d) any unusual circumstances that affect timeliness." *See Resort Timeshare Resales v. Stuart,* 764 F. Supp. 1495, 1496-97 (S.D. Fla. 1991) (citing *Walker v. Jim Dandy Co.*, 747 F. 2d 1360, 1365 (11th Cir. 1984)).

legally protectable interest, a court must be flexible, with focus on the particular facts and circumstances of the case." *Id.* (citing *Huff v. Comm'r of IRS*, 743 F.3d 790, 796 (11th Cir. 2014)).

Muddy Waters unquestionably has a substantial, legally-protectable interest in how its confidential and proprietary information – produced pursuant to, and in reliance on, the Protective Order – is used. The Research Agreement and other confidential discovery produced by Muddy Waters discloses the competitively sensitive terms of Muddy Waters' business strategies, relationships, and practices, including confidential details about the business arrangement between Muddy Waters and Mr. Bonilla. Intervention to protect a movant's rights in "commercially-sensitive and confidential information is a well-established interest sufficient to justify intervention under Rule 24(a)." *100Reporters LLC v. United States Dep't of Just.*, 307 F.R.D. 269, 275 (D.D.C. 2014) (citing *Pub. Citizen Health Research Grp. v. FDA*, 185 F.3d 898, 900 (D.C. Cir. 1999)); *see also* Fed. R. Civ. P. 26(c)(1).

### 3. The Disposition of TTI's Motion May, as a Practical Matter, Impair or Impede Muddy Waters' Ability to Protect Its Interests

"Whether a movant is situated in such a way that the disposition of the case, as a practical matter, may impede or impair its ability to protect his [or her] interest is 'closely related' to the nature of [the] interests." *Retina-X*, 303 F.R.D. at 654 (quoting *Chiles v. Thornburgh*, 865 F. 2d. 1197, 1214 (11th Cir. 1989)). The question is whether the movant's ability to protect its interest "may" be impaired

or impeded "as a practical matter," not whether such ability will in fact be impaired or impeded. *See* Fed. R. Civ. P. 24(a)(2).

Here, TTI seeks modification of the Protective Order to use the Research Agreement and other confidential discovery produced by Muddy Waters in putative collateral litigation against Muddy Waters in Texas. TTI has also expressed a desire to de-designate the Research Agreement as "Confidential" in this matter and has implied that it would do that in the potential Texas action. ECF 118-8 & 118-9. Yet public disclosure or misuse of this information would impose serious and irreparable harm on Muddy Waters' business. [redacted] Further, as explained in Muddy Waters' Response to TTI's Motion, TTI has failed to carry its significant burden of showing good cause for the modification of the Protective Order, including because TTI has not identified any non-frivolous claim it would file against Muddy Waters in Texas. *See* Muddy Waters' Response to TTI's Time-Sensitive Motion to Modify Protective Order, Feb. 7, 2025. Unless the Court grants the Motion to Intervene, Muddy Waters will be unable to assert its rights and protect its interests, which would be impaired in Muddy Waters' absence.

#### 4. The Existing Parties Do Not Adequately Represent Muddy Waters' Interests

Neither TTI nor Mr. Bonilla can adequately represent Muddy Waters' interests within the meaning of Rule 24(a). TTI requests modification of the

Protective Order to use Muddy Waters' confidential information in a lawsuit against Muddy Waters and thus its interests are squarely at odds with Muddy Waters'. Further, although Mr. Bonilla also opposes TTI's Motion, the confidential information that is the subject of the Motion is owned by Muddy Waters and therefore Mr. Bonilla does not have the same interests or incentives in seeking to protect it. TTI's Motion also concerns a threatened lawsuit against Muddy Waters, not Mr. Bonilla. Accordingly, no existing parties can adequately represent Muddy Waters' interests. *See Retina-X*, 303 F.R.D. at 654 (this requirement is met "if the [movant] shows that representation of [its ] interest may be inadequate; and the burden of making that showing should be treated as minimal'") (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538, n.10 (1972)).

For the foregoing reasons, Muddy Waters is entitled to intervene as of right under Fed. R. Civ. P. 24(a).

### B. Alternatively, Muddy Waters Should Be Permitted to Intervene under Rule 24(b)

Under Rule 24(b)(1)(B), Federal Rules of Civil Procedure, "the Court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). This rule requires an intervenor to show timeliness and commonality. *Chiles*, 865 F. 2d at 1213. Additionally, in determining whether to exercise its discretion in granting permissive intervention, "the court must consider whether the

intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

As discussed in Part II.A.1, Muddy Waters' Motion to Intervene is timely. Muddy Waters also meets the commonality requirement because its interests in protecting the use of its confidential and proprietary information are put squarely at issue in TTI's Motion. Further, Muddy Waters seeks leave to intervene for only the limited purpose of responding to TTI's Motion, and any related proceedings, and thus it is not seeking to raise new issues in this litigation. That is, Muddy Waters seeks only to assert and protect its interests with respect to the matters TTI has already raised. For the same reason, intervention will not unduly delay or prejudice the adjudication of other parties' rights.

## III. CONCLUSION

For the foregoing reasons, Muddy Waters Capital LLC and MW Domino Management LLC should be given leave to intervene for the limited purpose of opposing TTI's Time-Sensitive Motion to Modify the Protective Order (ECF 118).

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), I hereby certify that the undersigned counsel for Muddy Waters conferred with counsel for TTI and counsel for Mr. Bonilla by email on February 5, 2025. Both TTI and Mr. Bonilla have indicated that they do not oppose Muddy Waters' Motion to Intervene for a Limited Purpose; however, counsel for TTI indicated that "TTI has not reviewed the contents of this motion in advance of its filing, but does not oppose the relief requested. This non-opposition

is limited solely to Muddy Waters' request to intervene and should not be construed as agreement with or endorsement of any factual assertions or legal arguments contained within the motion."

Date: February 7, 2025

Respectfully submitted,

*/s/ John E. Clabby*
John E. Clabby
Florida Bar Number 113664
Julian C. Velez
Florida Bar Number 1032236
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd., 10th Floor (33607)
P.O. Box 3239
Tampa, Florida 33601
Telephone: (813) 223-7000
Fax: (813) 229-4133
jclabby@carltonfields.com
jcvelez@carltonfields.com

HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER
John S. Summers (*pro hac vice* forthcoming)
jsummers@hangley.com
Andrew M. Erdlen (*pro hac vice*)
aerdlen@hangley.com
Kyle Victor (*pro hac vice*)
kvictor@hangley.com
Mark A. Aronchick (*pro hac vice*)
maronchick@hangley.com
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 568-6200
*Counsel for Non-Parties Muddy Waters Capital LLC and MW Domino Management LLC*