UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TECHTRONIC INDUSTRIES COMPANY
LIMITED and TECHTRONIC INDUSTRIES
FACTORY OUTLETS, INC.,

    Plaintiffs,

v.                                       Case No. 8:23-cv-01734-CEH-AEP

VICTOR BONILLA,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon Plaintiffs' Sealed Time Sensitive Motion to Modify Stipulated Protective Order (Doc. 145) and Non-Parties Muddy Waters Capital LLC and MW Domino Management LLC's Response in Opposition (hereinafter collectively "Muddy Waters") (Doc. 144). In their Motion, Plaintiffs seek a modification of the parties' protective Order (Doc. 54) to allow Plaintiffs to use certain information produced in discovery in a collateral lawsuit it intends to file against Muddy Waters. Oral argument was heard on February 10, 2025 (Doc. 143). For the reasons stated herein, the Motion is granted.

**I.    Background**

This case arises from a defamation dispute concerning Defendant Victor Bonilla's publication of two short seller reports. (Doc. 1). Plaintiffs maintain that Mr. Bonilla published two false and misleading "research reports" in 2023,

intending to profit from the decline in Plaintiffs' stock. (Doc. 145, at 1). As a result, Plaintiffs brought the instant suit. During the course of the litigation, the parties submitted a Stipulated Protective Order which the Court reviewed and entered on January 30, 2024 (Doc. 54). The Stipulated Protective Order governs the procedures through which the parties are to conduct discovery and ensure the confidentiality of the documents exchange. As pertinent here, the Stipulated Protective Order provides that "[a] Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party only in connection with this case and for no other purposes of any kind." (Doc. 51-1, § 7.1). However, the Order further provides that "Nothing in this Order abridges the right of any person to seek its modification by the Court in the future." (Doc. 51-1, § 12.1).

Plaintiffs now maintain that a contract between Mr. Bonilla and Muddy Waters was produced in discovery which shows that Muddy Waters commissioned Mr. Bonilla to produce the disputed reports and provided Muddy Waters the exclusive right to short Plaintiffs' stock in advance of publication (Doc. 145, at 15; Doc. 145-1, at 14–26). As a result, Plaintiffs sought further discovery from Muddy Waters and deposed two of its executives.[1] Based on this discovery, Plaintiffs now allege Muddy Waters "essential and enabling partner in Mr. Bonilla's short-and-distort-scheme and should be held liable for its tortious conduct" (Doc. 145, at 17). Accordingly, Plaintiffs plan to bring suit against Muddy Waters in the Western

---

[1] Muddy Waters initially objected to the production and depositions but was overruled by a federal judge in the Western District of Texas.

2

District of Texas[2] and now seek a modification of the Stipulated Protective Order to allow Plaintiffs to use the documents obtained in discovery in the forthcoming suit.

## II.     Analysis

"When faced with a motion to modify a stipulated protective order, the party seeking the stipulated order's protection must satisfy Rule 26(c)'s good cause standard." *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1250 (11th Cir. 2020). To satisfy Rule 26's good cause requirement, "federal courts have superimposed a balancing on interests approach." *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001). This approach "requires the district court to weigh the [moving] party's interest in obtaining access against the other's party's interest in keeping the information confidential." *Id.* Ultimately, "whether good cause exists . . . is a factual matter to be decided by the nature and character of the information in question", and a district court has "considerable discretion to modify its own protective order." *Id.* at 1315; *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 58 (11th Cir. 2013).

Here, Plaintiffs argue that modification is appropriate to ensure that Muddy Waters will be held liable for its role in the tortious conduct at issue. Plaintiffs maintain that they should be allowed to frame their pleadings in the Western District of Texas with the full force and effect of all known information, and a

---

[2] Plaintiffs allege they have no personal jurisdiction over Muddy Waters in the Middle District of Florida, but they would in the Western District of Texas where Muddy Waters is based (Doc. 145, at 12).

3

contrary finding would essentially allow Muddy Waters to use the Stipulated Protective Order as a shield. In response, Muddy Waters argues that Plaintiffs have failed to show it has an actionable suit against Muddy Waters, and modification of the protective order would risk disclosure of Muddy Waters' confidential documents and information. Upon reviewing the filings and the arguments made at hearing, the Court finds that the materials at issue are relevant to the proffered defamation case against Muddy Waters. Moreover, the forthcoming litigation is inherently intertwined with the instant case such that Plaintiffs would likely be entitled to the same materials at some point in the Texas suit. Thus, the Court finds that good cause exists to modify the protective order, and the confidently concerns raised by Muddy Waters can be alleviated through proper precautions. Accordingly, it is so

ORDERED:

1. Plaintiffs' Sealed Time Sensitive Motion to Modify Stipulated Protective Order (Doc. 145) is GRANTED.

2. Plaintiffs must take proper precautions to ensure any confidential information utilized in furtherance of the anticipated case in the Western District of Texas shall remain confidential unless otherwise ordered by this Court or the Western District of Texas.

3. DONE AND ORDERED in Tampa, Florida, on this 19th day of February 2025.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

5