UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TECHTRONIC INDUSTRIES
COMPANY LIMITED and
TECHTRONIC INDUSTRIES
FACTORY OUTLETS, INC.,

    Plaintiffs,

v.                                                     Case No: 8:23-cv-1734-CEH-AEP

VICTOR BONILLA,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court on the following motions to seal filed by the parties:

> Plaintiffs' Motion for Leave to File Under Seal (Doc. 94), which seeks to seal twenty-five exhibits and unredacted versions of Plaintiffs' Motion to Strike and Exclude the Opinions and Reports of Expert J. Christopher Westland and Plaintiffs' Motion for Partial Summary Judgment;
>
> Defendant's Motion to Seal Evidence in Support of Defendant's *Daubert* Motion to Strike and/or Exclude Expert Testimony and Report of Jeffrey Kopa, CFA (Doc. 97), including sealing the exhibits in support of the motion;
>
> Defendant's Motion to Seal Evidence in Support of Defendant's Motion for Summary Judgment (Doc. 102), in which Defendant seeks to seal an unredacted version of his Motion for Summary Judgment and the exhibits in support;
>
> Defendant's Motion to Seal Evidence in Support of Defendant's Oppositions to Plaintiffs' Motion for Summary Judgment and Motion to Strike and Exclude Opinions and

> Report of Expert J. Christopher Westland (Doc. 109), in which Defendant seeks to seal excerpts of David Stearns deposition and unredacted versions of his memoranda in opposition to Plaintiffs' motions;
>
> Plaintiffs' Motion for Leave to File Under Seal (Doc. 111), in which Plaintiffs seek to seal thirty exhibits and unredacted versions of Plaintiffs' opposition to Defendant's Motion for Summary Judgment and Plaintiffs' Opposition to Defendant's *Daubert* motion;
>
> Defendant's Motion to Seal Evidence in Support of Defendant's Motion to Remove Confidentiality Designation from Certain Documents Produced by Techtronic (Doc. 152), in which Defendant seeks to seal an unredacted version of his motion and the Declaration of Dilan Esper; and
>
> Plaintiffs' Motion for Leave to File Under Seal (Doc. 157), which seeks to seal Plaintiffs' Opposition to Defendant's Motion to Remove Confidentiality Designations and the Declaration of Katherine Helf.

For the most part, the motions to seal are unopposed but, as discussed below, the parties' stipulation or agreement to maintain the confidentiality of documents does not provide a basis for sealing a document in the public record. *See* M.D. Fla. Local Rule 1.11(a). Upon consideration of the motions and for the reasons discussed in this Order, the parties' motions to seal will be granted-in-part, denied-in-part, and deferred-in-part.

Also pending are cross motions for summary judgment (Docs. 92, 101) and a redacted version of Defendant's Motion to Remove Confidentiality Designation from Certain Documents Produced by Plaintiff (Doc. 153). Defendant requested oral argument (Doc. 159), which the Court granted (Doc. 162), on Defendant's Motion to Remove Confidentiality Designation from Certain Documents Produced by Plaintiff.

2

The Court will hear argument on the parties' motions for summary judgment (Docs. 92, 101) and the motion to remove confidentiality designation (Doc. 153) on July 2, 2025. (Doc. 161)

Additionally, Defendant filed a blank document titled "Motion for Summary Judgment" (Doc. 98) as a "placeholder" for his anticipated (sealed) summary judgment motion, which included a separate statement of material facts (Doc. 98-1). As the Court explained in its October 4, 2024 Order, Defendant's unilateral statement of facts presented in a separate document, apart from the motion for summary judgment, is contrary to the Court's Case Management and Scheduling Order. *See* Doc. 100 at 2. Additionally, Defendant sought to seal his entire motion for summary judgment. Following the Court's Order, Defendant filed a redacted Motion for Summary Judgment (Doc. 101) and the parties filed a Joint Statement of Stipulated Facts (Doc. 104). Accordingly, Defendant's "placeholder" motion at Doc. 98 is due to be denied as moot as Defendant has now filed a new motion at Doc. 101.[1]

## DISCUSSION

In this defamation action, Plaintiffs Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc. (collectively "Plaintiffs" or "TTI"), sue Defendant Victor Bonilla ("Defendant" or "Bonilla") for state law claims of libel

---

[1] Also pending is Plaintiffs' motion to strike and/or exclude Defendant's expert Westland (Doc. 95) and Defendants' "placeholder" motion to strike Plaintiffs' expert Kopa (Doc. 96). The placeholder motion at Doc. 96 is due to be denied without prejudice as Defendant fails to state good cause for sealing the entirety of the motion. Plaintiffs' *Daubert* motion will be addressed by the Court in a separate order, along with Defendant's *Daubert* motion should he choose to refile one.

and libel *per se* arising out of Bonilla's publication, under the name Jehoshaphat Research, of two reports asserting TTI's purported corporate malfeasance. Bonilla is an investment analyst and manager who, in addition to operating Jehoshaphat Research, is a principal of Carrollwood Capital Management, L.P.

Pending before the Court are seven motions to seal—three motions filed by Plaintiffs (Docs. 94,111, 157) and four motions filed by Defendant (Docs. 97, 102, 109, 152). The Court has previously advised the parties that there is a "presumptive common law right to inspect and copy judicial records." Doc. 100 at 3 (quoting *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597, (1978)). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune v. Bridgestone/Firestone,* 263 F.3d 1304, 1309 (11th Cir. 2001)); *Digital Assurance Certification, LLC v. Pendolino*, No. 6:17-CV-72-CEM-TBS, 2017 WL 320830, at *2 (M.D. Fla. Jan. 23, 2017) (stating same).

The question of whether good cause exists is decided:

> "by the nature and character of the information in question." [*Chicago Tribune,* 263 F.3d] at 1315. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information,

4

>whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.  Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." *Digital Assurance*, 2017 WL 320830, at *2 (citations omitted).

Many of the parties' requests to seal are tethered to their mutual agreement to keep documents confidential. However, such agreements of confidentiality or to seal materials is "'immaterial' to a court's decision regarding the public's right of access." *Reed v. CRST Van Expedited, Inc.*, 8:17-cv-199-JDW-CPT, 2018 WL 5077179, *2 (M.D. Fla. April 17, 2018) (citing *Brown v. Advantage Eng'g*, 960 F.2d 1013, 1016 (11th Cir. 1992)). Indeed, the Local Rules make clear that "sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation." Local Rule 1.11(a), M.D. Fla.  Thus, the fact that the parties agreed to the material's confidentiality does not constitute good cause.

Relevant to many of the documents sought to be sealed here, a motion to seal pursuant to Local Rule 1.11(b) must establish "that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory." M.D. Fla. Local Rule 1.11(b)(3)(C). While the parties do redact some documents in an effort to comply with the Local Rules, for many of the exhibits the parties have made no effort at all to redact, erroneously relying solely upon the protective order and confidentiality agreement as a basis for sealing documents in their entirety.

Most of the documents sought to be sealed have been submitted by Plaintiffs. In support of the wholesale sealing of these documents, Plaintiffs argue that the public disclosure of Plaintiffs' finances, accounting practices, internal operations, competitive strategies, employee compensation, and customer relationships would be competitively disadvantageous to Plaintiffs. Plaintiffs are the ones, however, who brought this lawsuit, these documents, and the alleged defamatory comments before the Court. Plaintiffs cannot prevail on their defamation claims without proving that the statements are false. To the extent questions of fact exist on that issue, that process will occur in public before a jury. Likewise, the Defendant can defend himself at trial only by discussing the statements in public. Absent sealing the case, which there is no basis for the Court to do, it will be logistically impossible to adjudicate the defamation claims without publicly discussing the allegedly-false statements, the basis for same, and Plaintiffs' claimed damages.

"Judicial records are open to the public, and for good reason—access to judicial proceedings is crucial to our tradition and history, as well as to continued public confidence in our system of justice." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1358–59 (11th Cir. 2021). These records "are presumptively available to the public under the common law so that the judicial process can remain accessible and accountable to the citizens it serves." *Id.* at 1363. "Judicial records provide grounds upon which a court relies in deciding cases, and thus the public has a valid interest in accessing these records to ensure the continued integrity and transparency

of our governmental and judicial offices." *Comm'r, Alabama Dep't of Corr. v. Advance Loc. Media, LLC*, 918 F.3d 1161, 1173 (11th Cir. 2019).

The documents the parties seek to seal are addressed in the seven motions discussed in turn below:

### 1. Doc. 94 Plaintiffs' Motion for Leave to File Under Seal

Attached to Plaintiffs' motion at Doc. 94 are twenty-seven exhibits they seek to file under seal in support of their Motion for Partial Summary Judgment and their *Daubert* motion directed to expert Christopher Westland. The documents Plaintiffs request be sealed consist of vendor invoices (Docs. 94-1, 94-2); internal accounting documents and policies (Docs. 94-3, 94-4, 94-5, 94-6); internal memo addressing Bonilla's reports (Doc. 94-7); summary of prepayments prepared by Plaintiffs and produced in discovery (Doc. 94-8); inventories from Direct Tool Factory Outlet Stores from various years (Docs. 94-9, 94-10, 94-11); email communications with Home Depot regarding Bonilla's report (Doc. 94-12); Strategic Initiative Agreement with Home Depot (Doc. 94-13); review of the Direct Tools Factory Outlet budget and sales information for various years (Docs. 94-14, 94-15); Plaintiffs' responses and objections to interrogatories (Doc. 94-16); excerpts of depositions of Bonilla (Doc. 94-17), Katherine Helf (Doc. 94-18), and David Stern (Docs. 94-20, 94-21); Declaration of Katherine Helf (Doc. 94-19); deposition of J. Christopher Westland, PhD (Doc. 94-22); Westland report (Doc. 94-23); Westland rebuttal report (Doc. 94-24); Christopher Rubel report (Doc. 94-25); unredacted version of Plaintiffs' Motion for Partial Summary Judgment (Doc. 94-26) (redacted version of which is filed on the public

7

docket at Doc. 92); unredacted version of Plaintiffs' Motion to Strike and Exclude the Opinions and reports of Expert J. Christopher Westland (Doc. 94-27) (redacted version of which is filed on the public docket at Doc. 95).

2. **Doc. 97 Defendant's Motion to Seal Evidence in Support of Defendant's *Daubert* Motion to Strike and/or Exclude Expert Testimony and Report of Jeffrey W. Kopa, CFA**

In this motion, Defendant requests the Court seal Defendant's *Daubert* Motion to Strike and/or Exclude Expert Testimony and Report of Jeffrey W. Kopa, CFA (Doc. 97-1) and excerpts of the deposition of Kopa (Doc. 97-2). No redacted version of the *Daubert* motion was filed. *See* Doc. 96 [placeholder motion].

3. **Doc. 102 Defendant's Motion to Seal Evidence in Support of Summary Judgment**

Defendant requests permission to file under seal an unredacted version of his summary judgment motion (Doc. 102-1), a redacted version of which was filed at Doc. 101. Additionally, he seeks to have sealed exhibits 4 through 7 (Doc. 102-2), which consist of the expert report of Christopher Rubel, CPA (Doc. 102-2 at 3-52), excerpts of the deposition of Katherine Helf (Doc. 102-2 at 54-62), the Strategic Initiative Agreement with Home Depot (Doc. 102-2 at 64-92), and excerpts of the deposition of David Stearns (Doc. 102-2 at 94-105).

4. **Doc. 109 Defendant's Motion to Seal Evidence in Support of Defendant's Oppositions to Plaintiffs' Motion for Summary Judgment and Motion to Strike and Exclude Opinions and Report of Expert J. Christopher Westland, PhD CPA**

Defendant's motion requests that his unredacted responses to Plaintiffs' summary judgment and *Daubert* motion be filed under seal, along with an exhibit in support of his opposition. Specifically, he seeks an order sealing an unredacted version (Doc. 109-1) of his opposition to motion for partial summary judgment, a redacted version of which was filed on the public docket at Doc. 107. He also requests an excerpt of the deposition of David Stearns be filed under seal (Doc. 109-2). Lastly, he requests an unredacted version (Doc. 109-3) of his opposition to strike and exclude opinions and reports of expert J. Christopher Westland be filed under seal. A redacted version of his response is filed on the public docket at Doc. 108.

**5. Doc. 111 Plaintiffs' Motion for Leave to File Under Seal**

Plaintiffs attach to their motion thirty-two documents that they request be filed under seal. The documents are being filed in support of Plaintiffs' opposition to Defendant's summary judgment motion and Defendant's *Daubert* motion directed to expert Jeffrey Kopa. Some of the documents are the subject of Plaintiffs' prior motion to seal at Doc. 94. While some of the documents sought to be sealed have been redacted, most have not, and Plaintiffs fail to establish good cause for the sealing of the entire documents. The documents Plaintiffs request be sealed include the following: Plaintiffs' internal accounting and financial policies (Docs. 111-1, 111-2, 111-3, 111-4); Plaintiffs' internal memo regarding Bonilla's reports (Doc. 111-5); Plaintiffs' summary of prepayments (Doc. 111-6); excerpts of depositions of Katherine Helf (Doc. 111-7) and David Stearns (Doc. 111-8); inventories from Direct Tool Factory Outlet Stores from various years (Doc. 111-9); review of the Direct Tools

9

Factory Outlet (Doc. 111-10); Strategic Initiative Agreement with Home Depot (Doc. 111-11); email communications with Home Depot regarding Bonilla's report (Doc. 111-12); Plaintiffs' responses and objections to interrogatories (Doc. 111-13); Carrollwood Capital Management documents (Doc. 111-14); Amended and Restated Muddy Waters Research Agreement Sept. 8, 2022 (Doc. 111-15); Carrollwood Cash Collateral Statement (Doc. 111-16); Bonilla's trading records (Doc. 111-17); Bonilla's spreadsheets (Docs. 111-18, 111-19); transcript of audio recording of conversation between Albert Vita and Bonilla (Doc. 111-20); transcript of audio recording of conversation between Mark Hartman and Bonilla (Doc. 111-21); email from Molly Powers of Guidepoint NOW to Bonilla dated May 1, 2023 (Doc. 111-22); excerpts of deposition of Bonilla (Doc. 111-23); payment to Bonilla pursuant to the Muddy Waters' research agreement (Doc. 111-24); expert report of Christopher Rubel (Doc. 111-25); expert report of Jeffrey Kopa, CFA (Doc. 111-26); rebuttal expert report of Jeffrey Kopa (Doc. 111-27); excerpts of deposition of Jeffrey Kopa (Doc. 111-28); declaration of Katherine Helf (Doc. 111-29); report of expert Christopher Westland, PhD CPA (Doc. 111-30); Plaintiffs' unredacted memorandum in opposition to Defendant's motion for summary judgment (Doc. 111-31) (the redacted version of which was filed at Doc. 105); and Plaintiffs' unredacted memorandum in opposition to Defendant's Daubert motion directed to Kopa (Doc. 111-32) (the redacted version of which was filed at Doc. 106).

6. **Doc. 152 Defendant's Motion to Seal Evidence in Support of Defendant's Motion to Remove Confidentiality Designation from Certain Documents Produced by Techtronic**

Defendant seeks to file under seal an unredacted version (Doc. 152-1) of his motion to remove confidentiality designation from certain documents produced by Techtronic, a redacted version of which is filed on the public docket at Doc. 153. He also seeks sealing of the unredacted declaration of Dilan Esper (Doc. 152-2) filed in support of his motion. A redacted version (Doc. 153-1) is attached to his redacted motion.

### 7. Doc. 157 Plaintiffs' Motion for Leave to File Under Seal

In their motion, Plaintiffs request the Court enter an order sealing their unredacted memorandum in opposition (Doc. 157-1) to the motion to remove confidentiality designation and the declaration of Helf filed in support of the opposition (Doc. 157-2). A redacted version of the response memorandum is filed at Doc. 156.

The documents the parties request be sealed are filed in connection with their summary judgment and *Daubert* motions and directly pertain to the merits of Plaintiffs' claims and Defendant's defenses. The Eleventh Circuit has repeatedly held that material "filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Callahan*, 17 F.4th at 1362; *see also Romero*, 480 F.3d at 1245. Caselaw and the Local Rules contemplate redacting as a more favorable method to protect matters deemed proprietary and confidential rather than sealing the entire document. *See* M.D. Fla. Local Rule 1.11(b)(3)(C). Redaction is a reasonable means of balancing the public's right of access with a party's

concern of confidentiality. For some of the documents sought to be sealed, the parties have made reasonable efforts to file on the public docket minimally redacted versions of those documents. As the Court will need to review the entirety of the documents in order to rule upon the motions, the Court will permit the unredacted versions of the summary judgment and *Daubert* motions and responses in opposition (Docs. 94-26; 94-27; 102-1; 109-1; 109-3; 111-31; 111-32; 152-1; 157-1) to be filed under seal to the extent that a redacted version was filed on the public docket. As no redacted version was filed of Defendant's *Daubert* Motion to Strike and/or Exclude Expert Testimony and Report of Jeffrey W. Kopa, CFA, *see* Docs. 96, 97-1, the motion will be denied and Defendant will be permitted to refile the motion, either in its entirety or a minimally redacted version of his motion (along with a motion to seal an unredacted version) within seven days.

Similarly, as to deposition excerpts requested to be sealed, the parties have made an effort to balance the public's right of access with the parties' concern to protect the proprietary information contained in the depositions by seeking to seal only limited portions of these depositions and not the entire deposition. Accordingly, the Court will grant the motions to seal to the extent that they seek to seal only excerpts of the depositions at Docs. 94-17; 94-18; 94-20; 94-21; 102-2 at 54-62; 102-2 at 94-105; 109-2; 111-7; 111-8; 111-23; 111-28. Plaintiffs' request to seal the entire Westland deposition (Doc. 94-22) is denied.

The Court also declines to seal the experts' reports as the parties have failed to show good cause for the sealing of the entire reports. Indeed, they have made zero

effort to redact the reports. The parties rely on the expert reports for their claims and defenses, and they are the subject of pretrial *Daubert* motions. Because the documents at issue "were used in connection with merits briefing[,] . . . the public right of access attaches." *Callahan*, 17 F.4th at 1363. To the extent the parties want the Court to consider the experts' reports in support of their substantive pretrial motions, then the reports shall be filed on the public docket as they are subject to the common law right of access at this stage of the proceedings. *See id.* at 1362; *Romero*, 480 F.3d at 1245.

Most of the documents sought to be sealed are at Plaintiffs' request. Yet, Plaintiffs fail to analyze or explain why every portion of every document sought to be sealed in its entirety should be sealed. It is the parties' burden to support sealing; it is not the Court's role to comb through the documents to determine which portions of the documents specifically reveal proprietary information. And even still, Plaintiffs are the ones who initiated this litigation. Thus, they cannot use their internal documents as both a sword and shield to pursue their defamation claims against Defendant. Accordingly, it is

**ORDERED**:

1. Plaintiffs' Motion for Leave to File Under Seal (Doc. 94) is **granted** to the extent that Plaintiff's unredacted Motion for Partial Summary Judgment (Doc. 94-26) and unredacted Motion to Strike and Exclude the Opinions and Reports of Expert Christopher Westland (Doc. 94-27) are to remain under seal until further order of the Court. The motion is also **granted** as to those exhibits consisting of deposition excerpts

(Docs. 94-17, 94-18, 94-20, 94-21). The Court defers ruling as to the Strategic Initiative Agreement with Home Depot (Doc. 94-13) pending the hearing on July 2, 2025. It shall remain under seal until further order of the Court. In all other respects, the motion is **denied**.

2. Defendant's Motion to Seal Evidence in Support of *Daubert* Motion to Strike and/or Exclude Expert Testimony and Report of Jeffrey W. Kopa, CFA (Doc. 97) is **denied without prejudice**. Defendant's [placeholder] Motion to Strike and/or Exclude Expert Testimony of Kopa (Doc. 96) is **denied without prejudice**. Within **SEVEN (7) days**, Defendant may file (a) a renewed *Daubert* motion directed to Kopa or (b) a redacted *Daubert* motion directed to Kopa and a renewed motion to seal an unredacted version of the motion.

3. Defendant's Motion to Seal Evidence in Support of Summary Judgment (Doc. 102) is **granted, in part**, to the extent the unredacted version of his summary judgment motion (Doc. 102-1) may remain filed under seal. And the excerpts of the depositions of Katherine Helf (Doc. 102-1 at 54-62) and David Stearns (Doc. 102-1 at 94-105) shall remain sealed. The Court defers ruling as to the Strategic Initiative Agreement with Home Depot (Doc. 102-2 at 64-92) pending the hearing on July 2, 2025. It shall remain sealed until further order of the Court. In all other respects, the motion is **denied**.

4. Defendant's Motion to Seal Evidence in Support of Defendant's Oppositions to Plaintiffs' Motion for Summary Judgment and Motion to Strike and

14

Exclude Opinions and Report of Expert J. Christopher Westland, PhD CPA (Doc. 109) is **granted**. Defendant's unredacted version (Doc. 109-1) of his opposition to motion for partial summary judgment; his unredacted version (Doc. 109-3) of his opposition to strike and exclude opinions and reports of expert J. Christopher Westland; and deposition excerpts of David Stearns (Doc. 109-2) filed in support, shall remain under seal.

5. Plaintiffs' Motion for Leave to File Under Seal (Doc. 111) is **granted, in part**, to the extent that Plaintiffs' unredacted memorandum in opposition to Defendant's motion for summary judgment (Doc. 111-31) and unredacted memorandum in opposition to Defendant's *Daubert* motion directed to Kopa (Doc. 111-32) shall remain under seal. Additionally, the excerpts of depositions of Katherine Helf (Doc. 111-7), David Stearns (Doc. 111-8), Victor Bonilla (Doc. 111-23), and Jeffrey Kopa (Doc. 111-28) shall remain sealed. The Court defers ruling as to the Strategic Initiative Agreement with Home Depot (Doc. 111-11), pending the hearing on July 2, 2025. It shall remain under seal until further order of the Court. In all other respects, the motion is **denied**.

6. Defendant's Motion to Seal Evidence in Support of Defendant's Motion to Remove Confidentiality Designation from Certain Documents Produced by Techtronic (Doc. 152) is **granted**. The unredacted versions of Defendant's motion to remove confidentiality designation from certain documents produced by Techtronic

15

(Doc. 152-1) and the unredacted declaration of Dilan Esper (Doc. 152-2) shall remain under seal.

7. Plaintiffs' Motion for Leave to File Under Seal (Doc. 157) is **granted, in part**, to the extent that Plaintiffs' unredacted memorandum in opposition (Doc. 157-1) to the motion to remove confidentiality designation shall remain sealed. In all other respects, the motion is **denied**.

8. Defendant's [placeholder] Motion for Summary Judgment (Doc. 98) is **denied as moot**.

9. Absent a court order to the contrary, the items sealed by this Order shall remain under seal for one year after which time any party may file a motion to renew sealing of the document.

10. The portions of this Order denying the requests to seal are stayed for 14 days to permit withdrawal of the item or for other relief. *See* M.D. Fla. Local Rule 1.11(d). Absent withdrawal or other requests for relief, **FIFTEEN (15) DAYS** from the date of this Order, the Clerk is directed to unseal the documents at Docs. 94-1, 94-2, 94-3, 94-4, 94-5, 94-6, 94-7, 94-8, 94-9, 94-10, 94-11, 94-12, 94-14, 94-15, 94-16, 94-19, 94-22, 94-23, 94-24, 94-25, 102-2 at 3-52, 111-1, 111-2, 111-3, 111-4, 111-5, 111-6, 111-9, 111-10, 111-12, 111-13, 111-14, 111-15, 111-16, 111-17, 111-18, 111-19, 111-20, 111-21, 111-22, 111-24, 111-25, 111-26, 111-27, 111-29, 111-30, 157-2.

**DONE AND ORDERED** in Tampa, Florida on June 23, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record
Unrepresented Parties