UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TECHTRONIC INDUSTRIES COMPANY
LIMITED and TECHTRONIC INDUSTRIES
FACTORY OUTLETS, INC.

    Plaintiffs,

    v.

VICTOR BONILLA,

    Defendant.

Case No. 8:23-cv-01734-CEH-AEP

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY
RELATING TO CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Defendant Victor Bonilla calls the Court's attention to *Grifols, S.A. v. Yu*, No. 24-cv-576 (LJL), 2025 WL 1531713 (S.D.N.Y. May 29, 2025), decided after briefing was closed on the parties' pending cross-motions for summary judgment. (Dkt. 92; Dkt. 101.) *Grifols* granted in part and denied in part a motion to dismiss made by defendants accused of authoring a short seller's report that the plaintiff contended was defamatory.

On pages 14-16 of Bonilla's points and authorities in support of summary judgment (Dkt. 101), Bonilla argues that a "web of deceit", "Accounting trickery", "Overstated", "Accounting games", "TTI's financials are littered with evidence of costs", "Costs being deceptively managed downward", "improperly refusing to write down certain overdue debts", and "struggling to pay its bills on time" are statements of opinion.[1] *Grifols* states as follows, starting at page *14 of the opinion:

> The Report criticizes Grifols' definitions of EBITDA as 'materially misleading and incorrect,' . . . , and states that Grifols 'manipulates reported debt and EBITDA,' . . . . It claims that Grifols 'understates its debt burden' and has 'true debt' greater than reported . . . , uses 'non-obvious' and 'suspect' accounting . . . [and] 'overstates [its] earning power considerably' by fully including GDS in Grifols' EBITDA . . . . None of these statements are actionable.
>
> Courts have regularly held that a short-seller's analysis of a company's financial position, based on disclosed facts, is nonactionable opinion. [citing cases]  The Report's criticisms of Grifols' EBITDA, debt reporting, and consolidation practices all start with undisputed facts regarding how Grifols has chosen to report its income. . . . The Report then expresses an opinion that given these

---

[1] The same arguments are also made starting on page 10 of Bonilla's opposition to Techtronic's cross-motion for summary judgment. (Dkt. 107 at 10.)

-2-

> facts, calculating EBITDA, debt, and related metrics in a different way would give a more accurate picture of Grifols' earning power and actual debt given the relevant facts. . . . 'That is a viewpoint; it is not an actionable claim for defamation.'
>
> Terms such as 'overstate[d]' as opposed to accurate EBITDA, or 'true debt' as opposed to 'manipulat[ed] debt,' . . ., do not carry 'a precise meaning which is readily understood,' especially in the context of the Report . . . .
>
> A similar conclusion follows with respect to debt. 'Actuarial or accounting assumptions depend on the particular methodology and assumptions used and are not objective factual matters.' [citing cases] . . . But while IFRS is a standard metric in some settings, it is not the only possible method of calculating debt. Simply making nonstandard accounting assumptions is not a proper grounds for liability, if those assumptions are disclosed. . . .
>
> [T]he characterization that Grifols actively 'manipulates' its accounting is no more actionable than the Report's views that Grifols' accounting is 'inaccurate.' . . . The Report clearly discloses the publicly available facts underlying the claim of manipulation . . . .

On pages 1, 2, and 6-10 of Techtronic's motion for summary judgment (Dkt. 92), Techtronic argues Mr. Bonilla makes false statements regarding Hong Kong (i.e., international) accounting standards. Footnote 9 of *Grifols* states:

> Notably, 'IFRS commonly requires management to employ estimates, assumptions, and judgment calls in financial reporting.' . . . Therefore, even under IFRS, there is not one "true" measure of a company's debt.

-3-

| | |
|---|---|
| Dated: June 25, 2025 | Respectfully submitted, |
| By: */s/ Dilan A. Esper*<br>Dilan A. Esper (*pro hac vice*)<br>desper@harderllp.com<br>Charles J. Harder (*pro hac vice*)<br>charder@harderllp.com<br>Harder Stonerock LLP<br>6300 Wilshire Boulevard,<br>Suite 640<br>Los Angeles, CA 90048<br>Telephone: (424) 203-1600 | By: */s/ Bradley W. Crocker*<br>Jonathan R. Weiss (FBN: 57904)<br>Jonathan.weiss@squirepb.com<br>Squire Patton Boggs (US) LLP<br>200 S. Biscayne Boulevard,<br>Suite 3400<br>Miami, Florida 33131<br>Telephone: (305) 577-7000<br><br>Bradley W. Crocker (FBN: 118616)<br>Bradley.crocker@squirepb.com<br>Squire Patton Boggs (US) LLP<br>777 S. Harbour Island,<br>Suite 420<br>Tampa, Florida 33602<br>Telephone: (813) 202-1300<br>*Attorneys for Defendant Victor Bonilla* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 25, 2025, the foregoing document was electronically filed with the Clerk of Court using CM/ECF, which will electronically send a notice of electronic filing to Plaintiff's attorneys of record

| | |
|---|---|
| Jason Sternberg (*pro hac vice*)<br>Quinn Emanuel Urquhart Sullivan LLP<br>2601 South Bayshore Dr., Ste 1550<br>Miami, FL 33133<br>jasonsternberg@quinnemanuel.com | Kristin Tahler (*pro hac vice*)<br>Quinn Emanuel Urquhart Sullivan LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017<br>kristintahler@quinnemanuel.com |
| David A. Nabors<br>Fla. Bar No. 1024722<br>Quinn Emanuel Urquhart Sullivan LLP<br>2601 S. Bayshore Drive, Suite 1550<br>Miami, FL 33133-5417<br>Davidnabors@quinnemanuel.com | Nicholas Inns (*pro hac vice*)<br>Quinn Emanuel Urquhart Sullivan LLP<br>1300 I Street, NW, Suite 900<br>Washington, D.C. 20005<br>nicholasinns@quinnemanuel.com |

*/s/ Bradley W. Crocker*
Attorney