UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TECHTRONIC INDUSTRIES
COMPANY LIMITED and
TECHTRONIC INDUSTRIES
FACTORY OUTLETS, INC.,

    Plaintiffs,

v.                                                  Case No: 8:23-cv-1734-CEH-AEP

VICTOR BONILLA,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Defendant Victor Bonilla's Motion to Remove Confidentiality Designation from Certain Documents Produced by Techtronic (Doc. 153). In the motion, Defendant requests an Order removing the confidentiality designation from certain deposition transcripts and documents produced in discovery. Plaintiffs filed a response in opposition. Doc. 156. The Court heard argument on the motion on July 3, 2025. The Court, having considered the motion and being fully advised in the premises, will grant in part and deny in part Defendant's Motion to Remove Confidentiality Designation.

### DISCUSSION

In this defamation action, Plaintiffs Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc. (collectively "Plaintiffs" or "TTI"), sue Defendant Victor Bonilla ("Defendant" or "Bonilla") for state law claims of libel

and libel *per se* arising out of Bonilla's publication, under the name Jehoshaphat Research, of two reports asserting TTI's purported corporate malfeasance. For purposes of facilitating discovery, the parties entered into a confidentiality agreement regarding many of the documents produced in this litigation. In the instant motion, Defendant requests an Order removing the confidentiality designation as to the following: (1) Home Depot-TTI Agreement; (2) all deposition testimony of TTI's executive Katherine Helf and Home Depot executive Devid Stearns; (3) all deposition testimony of Plaintiff's expert Jeffrey Kopa; (4) the expert reports of Kopa and Defendant's expert Chris Westland; (5) TTI's accounting policies; (6) redacted compensation vouchers; and (7) correspondence showing an alleged denial of a loan to TTI. At the hearing, defense counsel represented that he would be unable to make his argument on behalf of Defendant without disclosing information from these documents, particularly the Home Depot contract, because its terms are central to the Plaintiffs' claims of defamation. As discussed at the hearing, the Home Depot agreement produced in discovery has been highly redacted with only a few paragraphs being disclosed. Notwithstanding, Plaintiffs urge these few paragraphs should remain under seal citing the proprietary and competitively sensitive nature of the business terms of the agreement.

    A.    Other Documents

As it relates to the other documents sought to be de-designated, Plaintiffs' counsel represented at the hearing that the Home Depot agreement is the only one filed with the Court that TTI has an objection to being publicly reviewed. Doc. 173 at

21. And, as noted by counsel, several of the documents have not even been filed on the docket. As it pertains to items not filed on the docket, including the entire deposition transcripts of Helf and Stearns, the redacted compensation vouchers, and the loan correspondence, the motion is denied without prejudice. Regarding the accounting policies, the expert reports and expert depositions, the Court has already ruled that the accounting policies and the expert reports are to be unsealed, along with expert depositions in their entirety. *See* Doc. 164 at 12–13, 16. As for the excerpts of the expert depositions, the parties present no new argument to alter the Court's prior ruling that the deposition excerpts may remain under seal. *See id.* at 12.

    B.    The Home Depot Agreement[1]

The Eleventh Circuit has identified several factors that courts consider in balancing the public's interest in accessing court documents against a party's interest in keeping the information confidential, including "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir.

---

[1] The parties previously filed motions to seal (Docs. 94, 102, 111), which included a request to seal the Home Depot agreement. The Court deferred ruling on the request pending the hearing on the instant motion. *See* Doc. 164 at 14–15.

2007). The parties argue the *Romero* factors support their respective positions regarding disclosure/nondisclosure of the redacted Home Depot Agreement.

As discussed at the hearing, only a few paragraphs in the Home Depot Agreement have been disclosed, with the remainder of the document being heavily redacted. Defendant is not seeking disclosure of the redacted portions, only the ability to have the confidentiality designation lifted as to the unredacted portions, which are essentially two substantive paragraphs labeled "Exclusivity" and "Reconditioned, Obsolete, and Excess Inventory." Considering the allegations of TTI's Amended Complaint and the pending dispositive motions, particularly as it relates to the claims of libel arising out of Bonilla's statements in the Second Report, the *Romero* factors weigh in favor of lifting the confidentiality designation as to the unredacted portions of the Home Depot agreement. Defendant must be given the opportunity to respond to the claims against him and those provisions of the agreement are central to Plaintiffs' claims of defamation.

Given the fact that the document is already heavily redacted, efforts have been made to balance the parties' privacy interests and the public's right of access, and TTI fails to demonstrate that further redaction or sealing is necessary, the motion will be granted as to the unredacted provisions of the Home Depot agreement. Additionally, the Court previously deferred ruling as to the motion to seal the Home Depot agreement. Considering the Court's ruling at the hearing and in this Order, the motions to file the Home Depot agreement under seal will be denied. The Clerk will be directed to lift the seal of the heavily redacted Home Depot agreement, which has

been filed under seal at Doc. 94-13; Doc. 102-2 at 64-92, and Doc. 111-11. Accordingly, it is

      **ORDERED**:

      1.    Defendant's Motion to Remove Confidentiality Designation (Doc. 153) is **GRANTED in part** and **DENIED in part** as set forth in this Order.

      2.    The motions to seal (Docs. 94, 102, 111) as it relates to the Home Depot Agreement are **DENIED**.

      3.    The portions of this Order denying the requests to seal are stayed for 14 days to permit withdrawal of the item or for other relief. *See* M.D. Fla. Local Rule 1.11(d). Absent withdrawal or other request for relief, **FIFTEEN (15) DAYS** from the date of this Order, the Clerk is directed to unseal the documents at Docs. 94-13; Doc. 102-2 at 64-92, and Doc. 111-11.

      **DONE AND ORDERED** in Tampa, Florida on July 22, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any