UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| TECHTRONIC INDUSTRIES COMPANY LIMITED and TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> VICTOR BONILLA, <br><br> Defendant. | Case No. 8:23-cv-01734-CEH-AEP |

**DEFENDANT VICTOR BONILLA'S MOTION TO BIFURCATE PUNITIVE DAMAGES ISSUES AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 42(b), Defendant Victor Bonilla ("Defendant" or "Bonilla") moves this Court to order a separate trial as to the issue of the amount of punitive damages, if any, in this case.

## BACKGROUND

1. Plaintiffs Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc. (together, "Plaintiffs" or "TTI") sued Bonilla for defamation based on two purportedly defamatory reports published by Bonilla regarding Plaintiffs' financial records.

2. On September 19, 2025, this Court entered an order on the parties' respective summary judgment motions (the "Summary Judgment Order") (D.E. 179). The Court granted in part Defendant's Motion for Summary Judgment (D.E. 101) as

to Plaintiffs' claims related to statements made in the First Report. Specifically, the Court found that the statements made in the First Report were not false and defamatory. As a result of the Summary Judgment Order, Plaintiffs' claims are now limited to damages stemming from Bonilla's Second Report.[1]

3. Notably, in the wake of the Summary Judgment Order, it is now unclear which damages theories are applicable to Plaintiffs' claims. Indeed, Defendant cannot discern *any* disclosed specific items of damages that are directly tied to the Second Report. As such, Defendant is unsure what, if any, damages theories it is now defending against. Still, Plaintiffs persist that their compensatory damages claims are alive (in the form of a claim for "general" damages) and insist on pursuing their punitive damages claims as well.[2]

4. This case was just scheduled for jury trial on June 1, 2026. As such, this motion is timely and no party will be unfairly prejudiced by the bifurcation of the trial on Plaintiffs' punitive damages claim.

5. Bonilla will be severely and unfairly prejudiced if Plaintiffs are allowed to introduce evidence supporting punitive damages, including evidence of financial worth. Likewise, the suggestion to the jury that a certain amount of punitive damages

---

[1] Plaintiffs' claims are based on two purportedly defamatory reports published by Defendant, referred to as the "First Report" and the "Second Report." In the Summary Judgment Order, this Court found that the First Report did not contain any false information, thereby removing any damages allegedly tied to that report from any prospective damages calculation. There remain issues of fact surrounding only the Second Report.

[2] Since the Summary Judgment Order, Bonilla's counsel has repeatedly requested updated damages calculations from Plaintiffs' counsel.

is appropriate when liability has not yet been determined is likely to "poison the well" and unfairly prejudice Bonilla. To avoid such prejudice, Plaintiffs should be precluded from demanding any amount of punitive damages during the initial phase at trial, or from introducing evidence or argument in support of punitive damages (including any evidence of Bonilla's wealth or net worth) where liability and the amount of compensatory damages will be determined in accordance with the framework recognized in *W.R. Grace & Co.—Conn. v. Waters*, 638 So. 2d 502 (Fla. 1994).

## MEMORANDUM OF LAW

### A. Legal Standard and Framework for Bifurcation

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). Rule 42(b) evidences an intent by the drafters of the Federal Rules of Civil Procedure to provide the courts with broad discretion in the structuring of litigation and framing of issues." *AF Holdings, LLC v. Does 1-31*, No. 12-CV-20922-UU, 2012 WL 12874930, at *4 n. 5 (S.D. Fla. Aug. 7, 2012) (explaining that Rule 42(b) "results in separate trials of claims which were originally sued upon together and typically results in the ultimate entry of a single judgment") (citing *Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 441–42 (7th Cir. 2006) (explaining that bifurcation under Rule 42(b) is appropriate in cases where final resolution of one claim affects the resolution of the other and the claims are factually interlinked, but separate trials may

3

be appropriate)). The United States Court of Appeals for the Eleventh Circuit has likewise confirmed that an order to bifurcate rests within the district court's discretion. *E.g.*, *Ulysse v. Waste Mgmt., Inc. of Fla.*, 645 F. App'x 838, 839 (11th Cir. 2016) ("District courts have 'broad discretion' in this area, and may grant Rule 32(b) severance to 'clarify[] the issues.'" (quoting *Harrington v. Cleburne Cty. Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001)).

Where, as here, a request is made to bifurcate the issues of liability from the amount of punitive damages, the Florida Supreme Court's decision in *W.R. Grace & Co.—Conn. v. Waters*, 638 So. 2d 502 (Fla. 1994), provides the following framework for bifurcation:

> We hold that henceforth trial courts, when presented with a timely motion, should bifurcate the determination of the amount of punitive damages from the remaining issues at trial. At the first stage of a trial in which punitive damages are an issue, the jury should hear evidence regarding liability for actual damages, the amount of actual damages, and liability for punitive damages, and should make determinations on those issues. If, at the first stage, the jury determines that punitive damages are warranted, the same jury should then hear evidence relevant to the amount of punitive damages and should determine the amount for which the defendant is liable.

*W.R. Grace*, 638 So. 2d at 506. In so holding, the *W.R. Grace* court ruled that a bifurcated proceeding is necessary because defendants would suffer significant prejudice if evidence relevant to the amount of punitive damages were presented before the jury determined whether such damages were even appropriate. *Id.* The court stated, "[w]e recognize that defendants in mass tort litigation who are forced to litigate the issue of liability and punitive damages in the same proceeding are at a severe

4

disadvantage." *Id.* The court further acknowledged Due Process considerations where evidence related to the amount of punitive damages is presented in the same proceeding, commenting that "we are mindful of the concerns of the Supreme Court in [*Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 S. Ct. 1032 (1991)], that the procedures followed in punitive damage cases must accord with due process." *Id.*

Since *W.R. Grace* was decided, the Florida Standard Pattern Jury Instructions have incorporated the bifurcated proceedings framework. The Punitive Damages provision contains a "Note on Use for Punitive Damages Charges," which states that "[u]pon timely motion, a demand for punitive damages and determination of the issues raised by such a demand must be submitted to the jury under the bifurcated procedure established in *W.R. Grace & Co.—Conn. v. Water*, 638 So.2d 502 (Fla. 1994). Instruction 503.1 is intended to comply with the required bifurcated procedure."

Federal courts in Florida follow the *W.R. Grace* framework. *See Soliday v. 7-Eleven, Inc.*, No. 2:09-CV-807-FTM-29, 2011 WL 2413656, at *1 (M.D. Fla. June 13, 2011) ("While this procedure is not binding upon a federal trial court, it makes a great deal of sense. Therefore, the motion will be granted in part, to the extent that the Court will utilize the procedure described in *W.R. Grace & Co.*").

Other district courts in the Eleventh Circuit have employed this procedure. *See, e.g.*, *Jacobson v. R.J. Reynolds Tobacco Co.*, No. 1:12-cv-223781 (S.D. Fla. Sept. 12, 2013) (Doc. 336) (Order on Bifurcation, at 1) (bifurcating trial into two faces consistent with the framework provided in *W.R. Grace*). In *Blanco v. Capform, Inc.*, No. 11-23508-CIV,

2013 WL 118171 (S.D. Fla. Jan. 9, 2013), the district court granted the defendant's pretrial request for bifurcation of punitive damages: "I agree that [defendant] may be prejudiced by the introduction of evidence related to [its] value before the determination of liability is made. [Plaintiff] suffered a catastrophic injury and evidence of [defendant's] net worth may render some jurors more inclined to find [it] liable because, in their perception, [it] could afford to compensate the Plaintiffs." *Blanco*, 2013 WL 118171 at *4. *See also, e.g.*, *Horrillo v. Cook Inc.*, No. 08-60931, 2014 WL 2712341 (S. D. Fla. Apr. 29, 2014) ("Both compensatory and punitive damages liability, as well as the amount of compensatory damages, if any, shall be determined in the first phase of the trial. In the event liability for punitive damages is found in the first phase of the trial, the jury will then determine the amount of punitive damages to be awarded in the second phase of the trial. The same jury will hear both phases of the trial.").

Federal courts outside the Eleventh Circuit have ruled similarly. *See Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 363, 374 (2d Cir. 1988) ("the preferred method of accommodating the various interests is to delay trial as to the amount of an award of punitive damages until the usual issues of liability and compensatory damages have been tried, along with the matter of whether the defendant's conduct warrants any award of punitive damages at all. If the jury finds in favor of the claimant on all of these issues, the parties should then be allowed to present evidence with respect to the amount of the punitive damage award"); *see also Mattison v. Dallas Carrier Corp.*, 947 F.2d 95, 110 (4th Cir. 1991) ("we observe that, when it is determined that the evidence

relevant to the appropriate amount of punitive damages will be prejudicial to the jury's consideration of liability or compensatory damages, bifurcation of the trial under Fed. R. Civ. P. 42(b) remains an available solution. . . . Whenever the district court orders a bifurcated trial, the jury should be required, in the first phase, to determine whether punitive damages are to be awarded, and only if its verdict so determines, should it be presented in the second phase with the evidence relevant to the factors for finding the appropriate amount.").

### B. Bonilla will suffer unfair prejudice if the punitive damages issue are not bifurcated.

Bifurcating trial of the punitive damages amounts will serve the interests of convenience, expedition, economy, and avoiding prejudice. The introduction of evidence of Bonilla's financial net worth, amounts made from stock trades involving Plaintiffs, and comments regarding punitive damages are likely to unfairly prejudice Bonilla if presented before the jury has determined that compensatory damages are even appropriate, or the amount to be awarded. Trying the amount of punitive damages along with the liability issue and amount of compensatory damages is likely to confuse the jurors or create bias against Bonilla. It could lead the jury to believe it should take such evidence into account when determining entitlement to or amount of compensatory damages, which would be improper.

Plaintiffs would gain an unfair advantage if the punitive damages amount is not determined in a second phase, as prescribed by the *W.R. Grace* framework. By making a claim for a certain amount of punitive damages or asking the jury to determine the

amount of punitive damages, it could cause a juror to presuppose (whether intentionally or unintentionally) that punitive damages are appropriate before that threshold question is answered.

Bifurcating will preserve "a fair and impartial trial to all litigants through a balance of benefit and prejudice." *See Kremer v. Lysich*, No. 3:19-cv-887-BJD-JBT, 2022 WL 18358957, at *1 (M.D. Fla. June 27, 2022) (quoting *Medtronic Xomed, Inc. v. Gyrus ENT LLC*, 440 F. Supp. 2d 1333, 1334 (M.D. Fla. 2006)). The two-stage framework identified in *W.R. Grace* and followed by various federal courts in this district presents a convenient, streamlined manner to try the issues presented in a fair and equitable manner.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant this motion, bifurcate the trial of this matter into two phases: (1) in the first phase, the jury would consider liability, if any, as to compensatory and punitive damages and the amount of any compensatory damages award; and (2) if punitive damages liability were established, in the second phase, the jury would consider the amount, if any, of punitive damages to be awarded. Defendant also requests the Court award all other relief that may be just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned hereby certifies that, prior to filing this request, Defendant's counsel conferred via phone call on February 13, 2026, with counsel for Plaintiffs, who oppose the relief requested herein.

| | |
|---|---|
| Dated: February 20, 2026 | Respectfully submitted, |

By: */s/ Dilan A. Esper*
Dilan A. Esper (*pro hac vice*)
desper@harderstonerock.com
Charles J. Harder (*pro hac vice*)
charder@harderstonerock.com
Harder Stonerock LLP
6300 Wilshire Boulevard,
Suite 640
Los Angeles, CA 90048
Telephone: (424) 203-1600

By: */s/ Jonathan R. Weiss*
Jonathan R. Weiss (FBN: 57904)
Jonathan.weiss@squirepb.com
Squire Patton Boggs (US) LLP
200 S. Biscayne Boulevard,
Suite 3400
Miami, Florida 33131
Telephone: (305) 577-7000

Bradley W. Crocker (FBN: 118616)
Bradley.crocker@squirepb.com
Squire Patton Boggs (US) LLP
777 S. Harbour Island,
Suite 420
Tampa, Florida 33602
Telephone: (813) 202-1300

*Attorneys for Defendant Victor Bonilla*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 20, 2026, the foregoing document was electronically filed with the Clerk of Court using CM/ECF, which will electronically send a notice of electronic filing to Plaintiff's attorneys of record

| | |
|---|---|
| Jason Sternberg (*pro hac vice*)<br>Quinn Emanuel Urquhart Sullivan LLP<br>2601 South Bayshore Dr., Ste 1550<br>Miami, FL 33133<br>jasonsternberg@quinnemanuel.com | Kristin Tahler (*pro hac vice*)<br>Quinn Emanuel Urquhart Sullivan LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017<br>kristintahler@quinnemanuel.com |
| David A. Nabors<br>Fla. Bar No. 1024722<br>Quinn Emanuel Urquhart Sullivan LLP<br>2601 S. Bayshore Drive, Suite 1550<br>Miami, FL 33133-5417 | Nicholas Inns (*pro hac vice*)<br>Quinn Emanuel Urquhart Sullivan LLP<br>1300 I Street, NW, Suite 900<br>Washington, D.C. 20005<br>nicholasinns@quinnemanuel.com |

*/s/ Jonathan Weiss*
Attorney