**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TECHTRONIC INDUSTRIES
COMPANY LIMITED and
TECHTRONIC INDUSTRIES
FACTORY OUTLETS, INC.,

      Plaintiffs,

v.                                                                      Case No: 8:23-cv-1734-CEH-AEP

VICTOR BONILLA,

      Defendant.
_____/

## **ORDER**

This matter comes before the Court on Defendant Victor Bonilla's Motion to Bifurcate Punitive Damages Issues (Doc. 195) and Plaintiffs' response in opposition (Doc. 201). In the motion, Defendant requests the Court preclude Plaintiffs from demanding any amount of punitive damages or introducing any evidence of Bonilla's net worth during the initial phase of the trial to avoid prejudice to Bonilla. The Court, having considered the motion and being otherwise advised in the premises, will deny the motion to bifurcate.

## **LEGAL STANDARD**

In federal court, bifurcation is governed by Rule 42(b), Federal Rules of Civil Procedure, which permits a court to order a separate trial of any claim or any separate issue or issues. Rule 42(b) identifies the following factors courts may consider in

ordering separate trials: "convenience, to avoid prejudice, or to expedite and economize[.]" Fed. R. Civ. P. 42(b). The decision to grant or deny a motion to separate issues of damages and liability under Rule 42(b) is a matter within the court's discretion. *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001).

## DISCUSSION

The factual background of this case is familiar to the parties and therefore not repeated here. This defamation action is scheduled for trial during the Court's June 2026 trial term. Defendant requests the Court bifurcate the issues of liability and punitive damages and order separate trials. In support, Defendant contends that he will be severely and unfairly prejudiced if Plaintiffs are allowed to introduce evidence supporting punitive damages, including evidence of his financial worth, during the liability phase of the trial. Additionally, he argues that any argument about awarding a certain amount of punitive damages will "poison the well" where there has been no initial determination as to his liability.

To avoid prejudice to him, Defendant urges the Court to apply the framework implemented by the Florida Supreme Court in *W.R. Grace & Co.—Conn. v Waters*, 638 So. 2d 502 (Fla. 1994). The *W.R. Grace* procedure for bifurcation provides:

> We hold that henceforth trial courts, when presented with a timely motion, should bifurcate the determination of the amount of punitive damages from the remaining issues at trial. At the first stage of a trial in which punitive damages are an issue, the jury should hear evidence regarding liability for actual damages, the amount of actual damages, and liability for punitive damages, and should make determinations on those issues. If, at the first stage, the jury determines that punitive damages are warranted, the same

2

> jury should then hear evidence relevant to the amount of punitive damages and should determine the amount for which the defendant is liable.

638 So. 2d at 506. As a procedural framework, the *W.R. Grace* bifurcation procedure is not binding on a federal court.

When evaluating whether bifurcation is proper, federal courts will consider—in addition to the Rule 42(b) factors of convenience, prejudice, expedition and economy— the following factors: whether the issues sought to be tried separately are significantly different; whether they are triable by jury or the court; whether discovery has been directed to a single trial of all issues; whether the evidence required for each issue is substantially different; whether one party would gain some unfair advantage from separate trials; whether a single trial of all issues would create the potential for jury bias or confusion; and whether bifurcation would enhance or reduce the possibility of a pretrial settlement. *See Wyndham Vacation Ownership, Inc. v. Bluhm*, No. 6:19-cv-2300-WWB-LHP, 2022 WL 18492537, at *1 (M.D. Fla. Mar. 1, 2022) (citing *Medtronic Xomed, Inc. v. Gyrus ENT LLC*, 440 F. Supp. 2d 1333, 1334 n.2 (M.D. Fla. 2006)). The party requesting bifurcation has the burden of identifying "particular facts and circumstances" and "specific reason[s]" that justify bifurcation. *Wyndham Vacation Ownership*, 2022 WL 18492537, at *1 (quoting *Dzafic v. Geovera Specialty Ins. Co.*, No. 8:08-cv-0026-T-SCB-EAJ, 2008 WL 3874602, at *1 (M.D. Fla. Aug. 15, 2008)).

Defendant argues that he will be prejudiced by the introduction of evidence of his financial worth, amounts made from stock trades involving Plaintiffs, and any

comments regarding punitive damages. He further argues that trying the punitive damages issue along with the liability issue and amount of compensatory damages will likely confuse the jury. Defendant argues the jury may improperly consider financial worth evidence when assessing compensatory damages. On the facts of this case, Defendant's arguments are unavailing.

Civil cases by their nature almost always involve the dual issues of liability and damages. This is a straightforward case with limited issues. The jury will be instructed on the issues of liability and of damages. Additionally, the jury will receive instructions about completing the verdict form. Any slight prejudice can be cured by a limiting instruction to the jury to consider Defendant's financial worth evidence only in conjunction with any punitive damages award.

Defendant has failed to demonstrate that the particular facts and circumstances of this case justify bifurcation. The typical scenario in which bifurcation of punitive damages is warranted is a situation where a defendant's exorbitant net worth has the potential to improperly influence a jury's decision-making. That fact-pattern does not arise here where Plaintiffs are the ones alleged to be the multi-billion-dollar companies. Thus, this is not a case where the *W.R. Grace* bifurcation procedure is needed to avoid undue sympathy for an injured plaintiff.

In response to Defendant's motion, Plaintiffs represent that there is significant overlap in the evidence they will present to prove compensatory damages and punitive damages with the latter requiring the additional "handful of documents establishing Defendant's net worth." Doc. 201 at 9. This could result in a second trial involving

many of the same witnesses and testimony. Thus, bifurcation would be an inefficient use of the parties' and the Court's resources and would only serve to delay the proceedings. Accordingly, it is

**ORDERED:**

1.      Defendant Victor Bonilla's Motion to Bifurcate Punitive Damages Issues (Doc. 195) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on April 2, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any