**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TECHTRONIC INDUSTRIES
COMPANY LIMITED and
TECHTRONIC INDUSTRIES
FACTORY OUTLETS, INC.,

      Plaintiffs,

v.                                                      Case No: 8:23-cv-1734-CEH-AEP

VICTOR BONILLA,

      Defendant.

_____/

**<u>ORDER</u>**

This matter comes before the Court on Defendant's Renewed Motion of Victor Bonilla to Remove Confidentiality Designation from Certain Evidence (Doc. 177). He files an affidavit of his counsel in support, along with copies of the exhibits he seeks to de-designate (Doc. 177-1). Plaintiff filed a response in opposition. Doc. 183. Also pending is Defendant's Unopposed Motion to Seal Exhibits in Support of Renewed Motion to Remove Confidentiality (Doc. 178) to which Defendant attaches his renewed motion (Doc. 178-1), and the exhibits he seeks to de-designate: excerpts of the deposition of Katherine Helf (Doc. 178-2), excerpts of the deposition of David Stearns (Doc. 178-3), and redacted Long Term Incentive Plan (LTIP) compensation vouchers (Doc. 178-4). The Court, having reviewed the motions and being otherwise

advised in the premises, will deny the renewed motion to remove confidentiality designation and will grant the unopposed motion to seal.

## DISCUSSION

In this defamation action, Plaintiffs Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc. (collectively "Plaintiffs" or "TTI"), sue Defendant Victor Bonilla ("Defendant" or "Bonilla") for state law claims of libel and libel *per se* arising out of Bonilla's publication, under the name Jehoshaphat Research, of two reports asserting TTI's purported corporate malfeasance. Doc. 68. The Court issued a ruling on the parties' cross motions for summary judgment finding in Defendant's favor as it relates to the First Report. Doc. 179. Thus, the only issues remaining pertain to the Second Report.

For purposes of facilitating discovery, the parties entered into a confidentiality agreement regarding many of the documents produced in this litigation. In the instant motion, Defendant requests an Order removing the confidentiality designation as to the following: his renewed motion to remove confidentiality designation (Doc. 178-1), excerpts of the deposition of Katherine Helf (Doc. 178-2), excerpts of the deposition of David Stearns (Doc. 178-3), and redacted Long Term Incentive Plan (LTIP) compensation vouchers (Doc. 178-4).

In support of his renewed motion, Defendant argues that TTI should not be permitted to use litigation as both a shield and a sword. He urges the Court to lift the confidentiality designation on the attached exhibits because the public has an interest in knowing whether TTI's allegations are well-founded and Defendant has an interest

2

in clearing his name. He submits that the seal on the referenced documents should be lifted because the documents are central to TTI's claims that Bonilla's reports defamed TTI.

The Eleventh Circuit has identified several factors that courts consider in balancing the public's interest in accessing court documents against a party's interest in keeping the information confidential, including "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

As a preliminary matter, as Plaintiffs point out, the Court's summary judgment ruling already concluded that Bonilla may not be held liable for defamation based on the statements made in the First Report. Doc. 179. Thus, the Court's ruling addresses Defendant's concern regarding the public's interest, at least with regard to statements in the First Report. As for the statements in the Second Report, the Court has found that some of those statements were, in fact, false. Whether or not they are defamatory will be determined by the trier of fact. While the Eleventh Circuit has repeatedly held that material "filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access," *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1362 (11th Cir. 2021), at this juncture, there is no

3

pending motion related to the documents Defendant seeks to de-designate. Moreover, some of the documents were not previously filed in the public record or were filed in redacted form in conjunction with other motions. As for the deposition excerpts, the Court previously found that the parties made an effort to balance the public's right of access with the parties' concern to protect the proprietary information contained in the depositions by seeking to seal only limited portions of these depositions and not the entire deposition. *See* Doc. 164 at 12. Defendant fails to provide any legal basis for the Court to modify its prior ruling as to the deposition excerpts, especially considering there is no pending motion related to the deposition testimony.[1]

As Defendant has failed to come forward with any new legal basis to unseal the deposition excerpts and because there is no motion pending which pertains to those excerpts or the compensation vouchers, Defendant's motion to de-designate those exhibits is due to be denied without prejudice to Defendant raising the issue at a later time, if warranted. Accordingly, it is

**ORDERED:**

1.      Renewed Motion to Remove Confidentiality Designation from Certain Evidence (Doc. 177) is **denied**. The documents at Doc. 177 and Doc. 177-1 shall remain under seal until further order of Court.

---

[1] Of course, this ruling does not preclude the defense from using the deposition testimony to impeach the witnesses at trial (subject to any relevancy objections) to the extent the trial testimony differs from the deposition testimony.

2.      Defendant's Unopposed Motion to Seal Exhibits in Support of Renewed Motion to Remove Confidentiality (Doc. 178) is **granted**. Doc. 178 and its attachments shall remain under seal until further order of the Court.

**DONE AND ORDERED** in Tampa, Florida on April 2, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any

5