**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TECHTRONIC INDUSTRIES
COMPANY LIMITED and
TECHTRONIC INDUSTRIES
FACTORY OUTLETS, INC.,

      Plaintiffs,

v.                                                                    Case No: 8:23-cv-1734-CEH-AEP

VICTOR BONILLA,

      Defendant.
_____/

**ORDER**

      This matter comes before the Court on Plaintiffs' (second) Motion for a Special Set Jury Trial (Doc. 204), filed March 27, 2026. The motion indicates Defendant cannot take a position on the motion without knowing the specific dates Plaintiffs would propose. Defendant did not file a response to the motion. The motion is due to be denied for the same reasons stated in the Court's prior order denying the request for a date certain for the trial of this matter.

**DISCUSSION**

      In this defamation action, Plaintiffs Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc. (collectively "TTI"), sue Defendant Victor Bonilla ("Bonilla") for state law claims of libel and libel *per se* arising out of Bonilla's publication of online reports asserting TTI's corporate malfeasance. In January 2025, TTI requested this Court specially set the case for trial, which the Court

denied. Docs. 116, 117. Plaintiffs again seek a date certain for the trial, citing the complicated logistics and costs associated with coordinating travel, hotels, and office space for various witnesses, experts, and lawyers coming from outside of Florida and outside the United States. TTI asserts good cause exists for the special setting to reduce costs and avoid disruptions due to potential witness unavailability.

Although the case is now in a different procedural posture (dispositive motions are no longer pending) than when Plaintiffs made their initial request for a special setting, the primary reason stated in the Court's prior order still applies. Civil cases are not typically specially set on the Court's trial docket because, in part, criminal trials take precedence over trials in civil matters. The Court reminds the parties that they are welcome to consent to the magistrate judge conducting the trial of this case. Because magistrate judges do not have criminal trials like district judges do, they are able to specially set civil matters for trial on a date certain.

As previously indicated in the Court's January 2025 order, the Court endeavors at the pretrial conference to provide the parties with an anticipated start date for their trial during the scheduled trial term, depending on what other trials are scheduled during the same term. The pretrial conference in this case is scheduled for May 19, 2026. Because the Court will have criminal status conferences on the morning of May 19, the Court should have more information by the time of the afternoon pretrial conference regarding which criminal trials scheduled for the Court's June 2026 trial term will be tried in June and what week(s) will be available for the trial of this case. Accordingly, it is

2

**ORDERED**:

1.      Plaintiffs' Motion for a Special Set Jury Trial (Doc. 204) is **denied**.

**DONE AND ORDERED** in Tampa, Florida on April 13, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any