UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TECHTRONIC INDUSTRIES
COMPANY LIMITED and
TECHTRONIC INDUSTRIES FACTORY
OUTLETS, INC.

        Plaintiffs,

    v.

VICTOR BONILLA,

        Defendant.

Case No. 8:23-cv-01734-CEH-AEP

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION *IN LIMINE*

### I.   INTRODUCTION

Defendant Victor Bonilla opposes significant parts of the relief sought by Techtronic in its omnibus motion in limine:

1. Techtronic has willfully misinterpreted this Court's summary judgment order, which granted it summary judgment only as to false statements as to "the value, sales, and profits related to DTFO inventory". This Court never decided or analyzed whether other statements in Bonilla's statements regarding whether Techtronic committed fraud were false, and expressly left those determinations for the jury. Thus, Techtronic is not entitled to a blanket order prohibiting evidence or argument that the remaining representations in the Second Report (other than as to value, sales, and profits related to DTFO inventory) are true.

2. While Bonilla is not pursuing affirmative defenses to the defamation *per se* claim as to the Second Report (the only remaining claim in the case) at trial, Techtronic's motion *in limine* requests overbroad relief. As part of Bonilla's defense to Techtronic's claims, he intends to invoke his right to free speech and Techtronic's desire to silence a critic. This is not an "affirmative defense of the First Amendment", but it is proper argument in a case that touches on whether Bonilla has the legal right to say the things he said about Techtronic. Therefore, while Bonilla does not oppose a narrow order that the jury not be instructed on his affirmative defenses and that he not argue that his statements were constitutionally protected opinions, the order must preserve his right to discuss his right to free speech and Techtronic's attempts to silence him.

3. While there should not be a mini-trial on the First Report and Bonilla is amenable to a neutral, agreed-upon approach to limit such evidence, Techtronic by this motion is attempting to include the First Report whenever it can be used to bias the jury with irrelevant and prejudicial evidence in support of Techtronic, while excluding it when it makes Techtronic look bad. If Techtronic seeks to present the evidence on the First Report it is asking this Court to bless (that Bonilla supposedly had a "motive to lie" because he published the First Report and profited from its publication), then Bonilla's rebuttal—that everything in the First Report was found to be non-defamatory by this Court and therefore his

publication of it did not suggest he could "publish more lies about Techtronic" in the Second Report—would need to come into evidence.

Accordingly, the motion *in limine* should be denied, except to the narrow extent that Bonilla does not intend to present affirmative defenses based on the First Amendment or otherwise. The Court should direct the parties to develop a **neutral** approach to how the jury is to be informed about the First Report.

## II.    ARGUMENT

### A. Techtronic's Breathtaking Request That This Court Bar Evidence That Bonilla's Statements Regarding Fraud Were Truthful Is Based on a Gross Mischaracterization of This Court's Summary Judgment Order.

Techtronic obtained a summary judgment order only on the issue of whether the statements in the Second Report regarding "the value, sales, and profits related to DTFO inventory" were false. Dkt. 179 at 27. This Court could not have been clearer about this. It said it **twice** on page 27 of its summary judgment ruling. Dkt 179 at 27 ("As discussed above, TTI is entitled to partial summary judgment as to the falsity of the statements made in the Second Report regarding the value, profit and annual sales of the DTFO's stores, which were admittedly wrong.").

The word "admittedly" is hugely important there. The Court granted summary judgment because Bonilla admitted he got the size of the DTFO operation wrong. Dkt. 107 at 16 (Bonilla opposition to Techronic's MSJ: "It is possible Bonilla made one mistake of substance: there is evidence that shows that

the factory outlet program achieved about $100 million in sales; Bonilla estimated it at signifcantly [*sic*] more than that."). Note the language there: "one mistake". Bonilla never admitted any of his other statements in the Second Report were false, and this Court, of course, never adjudicated that they were.

Indeed, it's obvious that this Court never made any summary judgment ruling as to any broader matter than the "value, profit, and annual sales" of DTFO because it never analyzed any of Bonilla's arguments as to why his other representations were true. Bonilla, in both his **own** motion for summary judgment, as well as his opposition to Techtronic's, repeatedly pressed the argument that his statements in the Second Report regarding Techtronic's commission of a fraud were true. Dkt. 101 at 18 (Bonilla's MSJ: "The Second Report's thesis that Plaintiffs violated the terms of their contract with Home Depot by selling "blemished" goods at their factory outlet stores was **true**.") (emphasis in original); Dkt. 107 at 13-14 (Bonilla's opposition to Techtronic's MSJ; same language followed by analysis of the issue). If the Court was finding all of the representations at issue in the Second Report false in granting Techtronic's MSJ, as Techtronic now claims, how come the order does not reference any of Bonilla's analysis as to why his statements about Techtronic's fraud and its violation of its own contract with Home Depot was true? Techtronic is clearly trying to steal a base here.

Techtronic's argument to the contrary involves taking language in this Court's order completely out of context. So, Techtronic quotes the order's section

recounting what contention the parties were advancing. Dkt. 179 at 24. However, that section of the order is not the section where the Court actually decides what issues to grant summary judgment on— that section comes later, on page 27, where the Court twice says it is limited to "value, profit, and annual sales".

Similarly, Techtronic quotes this Court's conclusion on page 27 as to what is left for the jury, but of course that is not the operative language granting summary judgment either. The Court only granted summary judgment on what it said it granted summary judgment on, which is "value, profit, and annual sales". Dkt. 179 at 27.

Techtronic's final argument in support of this is egregious. Techtronic states: "TTI argued, and the Court agreed, that Bonilla marshaled no evidence to support the truth of his statements that TTI was violating its contract with Home Depot, and that this failure of proof was 'buttressed by the false numbers Bonilla reported' for DTFO. (Dkt. 179 at 26-27.)" Techtronic is quoting the Court's recitation of Techtronic's own argument here. And yet Techtronic falsely states "and the Court agreed". Bonilla invites the Court to review this passage—there is no "agreement" from the Court anywhere in the order that "Bonilla marshaled no evidence to support the truth of his statements that TTI was violating its contract with Home Depot"; Techtronic simply made this up. This is a serious misrepresentation.

Accordingly, the relief Techtronic seeks should be denied.

**B. While Bonilla Does Not Intend To Assert Affirmative Defenses, He Should be Permitted To Reference His Free Speech Rights And Being Silenced.**

Bonilla does not intend to assert the First Amendment as an affirmative defense, and has not requested any jury instructions on affirmative defenses. He also agrees with Techtronic that under the law, the opinion defense is for the Court, not the jury.

However, Techtronic's relief sweeps too broadly. The Court has broad discretion in the area of what arguments to allow parties and counsel to make. *See, e.g., Ermini v. Scott*, 937 F.3d 1329, 1341 (11th Cir. 2019) (only clearly unwarranted and plainly injurious arguments are required to be excluded). In this case, Bonilla intends to argue to the jury that Techtronic's conduct is a threat to his ability to report on corporations, to allege corporate misconduct, or to criticize corporate executives. He further intends to argue that suits such as this one have the effect of and may be intended to silence critics of corporate malfeasance. These arguments are not arguments that the jury should decide the law, but are rather proper characterizations of the stakes of cases like this and why the legal protections for defamation defendants should be important to the jury. They situate the case in the same way that Techtronic adducing evidence that Bonilla shorted its stock situates the case. There is no basis for precluding such arguments; accordingly, the relief sought by Techtronic is overbroad and the Court's order should be limited to a confirmation that Bonilla is no longer pursuing affirmative

defenses and that he will not argue that his statements were legally protected opinions.

### C. This Court Should Reject Techtronic's Attempt To Present a One Sided Screed About the First Report That Misleads the Jury Into Believing That Bonilla Published Lies About Techtronic.

While Techtronic's motion presents itself as addressed to the legitimate concern about the jury receiving a mini-trial on the already adjudicated First Report, it is actually a brazen attempt to mislead the jury and prejudice it in Techtronic's favor. Techtronic's theory is that Bonilla's motive to profit from publishing the First Report shows that he had a motive to lie about Techtronic in the Second Report. The problem with that theory, however, is that Bonilla **did not lie about Techtronic in the First Report**. This Court summarily adjudicated that **all** of the statements in the First Report were either true or were protected opinions. Dkt 179 at 23 (stating that all challenged statements in the First Report were "either factually accurate, nonactionable opinions, or colorful rhetoric or hyperbole"). Thus, by presenting the argument that Bonilla "profited from the First Report", while excluding the Court's order that found that the First Report is accurate, Techtronic is trying to mislead the jury that the First Report in fact contained false statements that would give rise to a motive for Bonilla to defame Techtronic in the Second Report. If anything, the actual evidence points the other way—that Bonilla "profited" off **truthful** statements and protected opinions in the

First Report and thus had a motive to publish more truthful statements and protected opinions in the Second Report.

In any event, none of this is actually relevant to the case. Bonilla has already pointed out in his motion *in limine* on "benchmarking" that Techtronic should not be able to introduce evidence of trading profits, and this discussion of the First Report underscores why—none of this shows that any of Bonilla's statements are actually false, or that he did not use reasonable care in his reporting methods, or Techtronic was damaged (i.e., the actual issues in the case). They are just a transparent attempt by Techtronic to distract the jury by showing that Bonilla is supposedly a "bad person" because, like almost everyone in the media, he makes money by publishing information. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 584 (1994) (quoting Samuel Johnson: "no man but a blockhead ever wrote, except for money").

The out of jurisdiction, unpublished case Techtronic cites to in a half-hearted attempt to justify its position is completely inapposite. In *Gilmore v. Jones*, 2021 WL 68684 at *7 (W.D. Va. Jan 8, 2021), the Court held that **discovery** of profit information was permissible in a putative **public figure** defamation case where the defendant's actual malice (i.e., his subjective motivations) were at issue. *Gilmore* did not hold the evidence discoverable on any other theory other than actual malice. *Gilmore* has no application to trial at all, let alone a private figure trial where Bonilla's conduct will be adjudicated under a standard of **objective** negligence. (Notably, *Gilmore*'s holding is very questionable even as to actual

malice. The Supreme Court has stated "Nor can the fact that the defendant published the defamatory material in order to increase its profits suffice to prove actual malice." *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 667 (1989).).

To be clear, Bonilla does not believe there should be a mini-trial on the First Report. However, the way to handle this is not to allow Techtronic to mislead the jury and imply that Bonilla's statements in the First Report were false and defamatory and provided a motive for him to lie in the Second Report, but rather for the parties to meet and confer and agree on a **neutral** approach to telling the jury about the background of the case (i.e., that there was a First Report and it is no longer in the case). This Court should deny Techtronic's motion and direct the parties to so meet and confer.

## III. CONCLUSION

For the foregoing reasons, the motion *in limine* should be denied except for the narrow issues of Bonilla not presenting affirmative defenses and not arguing the legal issue of opinion to the jury. The parties should be directed to meet and confer on how to neutrally present the existence of the First Report to the jury.

Dated: May 1, 2026

By: */s/ Dilan A. Esper*
Dilan A. Esper (*pro hac vice*)
desper@Harderstonerock.com
Charles J. Harder (*pro hac vice*)
charder@Harderstonerock.com

Respectfully submitted,

By: */s/ Jonathan R. Weiss*
Jonathan R. Weiss (FBN: 57904)
Jonathan.weiss@squirepb.com
Squire Patton Boggs (US) LLP
200 S. Biscayne Boulevard,

Harder Stonerock LLP
6300 Wilshire Boulevard,
Suite 640
Los Angeles, CA 90048
Telephone (424) 203-1600

Suite 3400
Miami, Florida 33131
Telephone: (305) 577-7000

*Attorneys for Defendant Victor Bonilla*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 1, 2026, the foregoing document was electronically filed with the Clerk of Court using CM/ECF, which will electronically send a notice of electronic filing to Plaintiff's attorneys of record

Jason Sternberg (*pro hac vice*)
Quinn Emanuel Urquhart Sullivan LLP
2601 South Bayshore Dr., Ste 1550
Miami, FL 33133
jasonsternberg@quinnemanuel.com

Kristin Tahler (*pro hac vice*)
Quinn Emanuel Urquhart Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
kristintahler@quinnemanuel.com

David A. Nabors
Fla. Bar No. 1024722
Quinn Emanuel Urquhart Sullivan LLP
2601 S. Bayshore Drive, Suite 1550
Miami, FL 33133-5417

Nicholas Inns (*pro hac vice*)
Quinn Emanuel Urquhart Sullivan LLP
1300 I Street, NW, Suite 900
Washington, D.C. 20005
nicholasinns@quinnemanuel.com

*/s/Jonathan R. Weiss*
Jonathan R. Weiss

-11-