**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Tampa Division**

| | |
|---|---|
| Techtronic Industries Company Limited, and Techtronic Industries Factory Outlets, Inc.,<br><br>     Plaintiffs,<br><br> – against –<br><br>Victor Bonilla,<br><br>     Defendant. | Case No. 8:23-cv-01734-CEH-AEP |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**MOTION *IN LIMINE* TO EXCLUDE**
**EVIDENCE AND ARGUMENT NOT RAISED IN PLEADINGS**

Defendant Victor Bonilla published an unequivocally false 73-page report (the "Second Report") for the purpose of tanking TTI's stock, but now moves *in limine* to hide nearly all of the Second Report's contents from the jury on the supposed ground that TTI's Amended Complaint limits the scope of the trial to five specific statements in the report, and nothing else. ECF No. 218. That misguided contention is wrong at every step. TTI alleged that the "gist" or "sting" of the Second Report is false and defamatory, and the Court recognized this construction in its order on summary judgment. Under that construction, the Second Report in its entirety *is* part of the pleadings, TTI alleged that the Second Report *in its entirety* was false and defamatory, and long-settled Florida law dictates that

defamatory statements must be considered in their *full* context, including the whole publication in which they are contained.    Bonilla's motion should accordingly be denied.

To start, Bonilla's motion is founded on a false premise: that TTI's Amended Complaint alleges that only five isolated statements in the 73-page Second Report were defamatory.    ECF No. 128 at 2-3.    On any fair reading of the Amended Complaint, TTI alleges that the Second Report defamed TTI by claiming "TTI was 'systematically defrauding Home Depot'" by "intentionally deceiving Home Depot by falsely labeling hundreds of millions of dollars' worth of products as 'blemished' so that it could sell them through its own network of factory outlets at, Defendant falsely claimed, a high profit margin." ECF No. 68 ¶ 3; *see also id.* ¶ 60.    TTI alleged that "each element of the [Second] [R]eport was devoid of truth" and "demonstrably false." *Id*. ¶¶ 3, 63.

As the Court explained in its order granting summary judgment on falsity, under Florida law, the falsity of the "gist" or "sting" of a statement—not each minute detail—satisfies the falsity element of a defamation claim.    ECF No. 179 at 16 (citing cases).    The Court recognized that TTI's allegations as to the Second Report's falsity were based on Bonilla's claim that "TTI was defrauding its largest customer, Home Depot, by fraudulently labelling hundreds of thousands of products as 'factory-blemished' in order to sell them through TTI's DTFO stores,"

which had "two components:"

> First, the numbers reported by Bonilla are wrong. Second, Bonilla falsely claimed TTI defrauded its customer Home Depot based on the Home Depot Agreement's terms which Bonilla had never seen.

*Id.* at 24.    And the Court subsequently analyzed those statements when determining that they were false. *See id.* This Court's order therefore confirms that that there is no confusion about the meaning of the Second Report, nor the defamatory statements that are in dispute.

There is simply no support for Bonilla's insinuation that TTI's Amended Complaint limits the scope of Bonilla's defamation to five singular statements. *See Smith v. Cuban Am. Nat'l Found.*, 731 So. 2d 702, 705 (Fla. 3d DCA 1999) (recognizing that a plaintiff may allege that "the entire publication is . . . defamatory" or "only a portion" of it).  Rather, the non-exclusive language of TTI's allegations supports that the Second Report must be considered in its entirety  in order for the jury to understand the "gist."  For example,  TTI  alleged that the "[R]eport was . . . rife with false claims *including*"—but not limited to—the five specific statements enumerated in the Amended Complaint.   ECF No. 68 ¶ 3 (emphasis added).  Where the Amended Complaint identified specific defamatory statements, it made clear that it was providing those statements as examples. *E.g.*, *id.* ¶ 69.  And to dispel any doubt that those alleged defamatory statements were exemplary rather than exhaustive, TTI included the Second Report as an exhibit to the Amended Complaint (ECF No. 69-2), making the Report and its entirety "part of the pleadings for *all* purposes." *Jordan v. Miami-Dade Cnty.*, 439 F. Supp. 2d

3

1237, 1240 (S.D. Fla. 2006) (emphasis added).  Bonilla's argument implies an unworkable standard: in order to have the entire report considered, TTI would have had to incorporate the report verbatim into its complaint, which would undoubtedly violate Rule 8's requirement of "a short and plain statement of the claim." Fed. R. Civ. P. 8(a).

The Court should also deny Bonilla's motion because barring TTI from advancing any "[e]vidence or argument related to any other alleged defamatory statements" is incompatible with Florida law.  ECF No. 218 at 3.  Even if TTI, contrary to its own Second Amended Complaint, were required to proceed only on isolated defamatory statements, Florida courts have consistently held that "[t]o determine whether a statement is defamatory, it must be considered in the context of the publication"—that is, of "the entire publication." *Smith*, 731 So. 2d at 705-06.  Decades of controlling precedent—all of which Bonilla's motion ignores—confirm the point:

- "First, a publication *must be considered in its totality*.  'The court must consider all the words used, not merely a particular phrase or sentence.'" *Byrd v. Hustler Magazine, Inc.*, 433 So. 2d 593, 595 (Fla. 4th DCA 1983) (emphasis added; citation omitted).

- "[A] publication claimed to be defamatory must be read and construed in the sense in which the readers to whom it is addressed would ordinarily understand it.  *So the whole item should be read and construed together*, and its meaning and significance thus determined." *Pullum v. Johnson*, 647 So. 2d 254, 257 (Fla. 1st DCA 1994) (emphasis added) (quoting *Wash. Post. Co. v. Chaloner*, 250 U.S. 290, 293 (1819)).

- "It is sound principle that an allegedly defamatory publication *must be considered in its entirety* rather than with an eye constrained to

the objectionable feature alone." *Brown v. Tallahassee Democrat, Inc.*, 440 So. 2d 588, 589 (Fla. 1st DCA 1983) (emphasis added).

- "The publication must also be 'considered in its totality' and in context rather than piecemeal and in isolation." *Johnston v. Borders*, 36 F.4th 1254, 1275 (11th Cir. 2022).

Under Florida law, where the jury must consider the entire Second Report to evaluate whether it or the statements within it were defamatory, it will necessarily need to hear "evidence [and] argument related to . . . defamatory statements" in the Second Report other than those enumerated by Bonilla (ECF No. 218 at 3.). To the extent that the Second Report contains defamatory statements other than those specifically quoted in the Amended Complaint, they would be doubly important for the jury to consider because they bear directly on Bonilla's intent to harm TTI, and by extension on TTI's entitlement to punitive damages.

Straightforward application of these principles suffices for denial of the motion. But if the Court is inclined to consider Bonilla's argument that any introduction of "other alleged" defamatory statements is more prejudicial than probative, the Court should find that standard is not met.[1] Bonilla does not explain how a trial involving the Second Report in its entirety would prejudice him. That is because it would not. The Second Report in its entirety has been central to this

---

[1] Bonilla—citing state cases on procedural rules that do not apply in federal court—contends that trial must be limited to the issues raised in the pleadings absent his consent. ECF 218 at 3-4. These cases do not grapple with the federal amendment standard, *see* Fed. R. Civ. P. 15(b)(1)—and in any event, as explained, TTI's position on the defamatory statements at issue is well-articulated in the Amended Complaint and understood by all.

case since TTI attached it to the initial complaint nearly three years ago, and Bonilla has always been aware of TTI's theory that the Second Report, in its entirety, was defamatory.   Bonilla's last-ditch ploy to exclude evidence and argument related to the Second Report would only deprive the jury of the essential full context of Bonilla's defamatory statements.   There is no good reason, under federal pleading rules or otherwise, to countenance that outcome.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Bonilla's Motion *in Limine* to Exclude Evidence and Argument Not Raised in the Pleadings (ECF No. 218) should be denied.

Dated: May 1, 2026

By: */s/ Jason D. Sternberg*
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Jason D. Sternberg (FL Bar 72887)
Tara MacNeill (FL Bar 1028931)
Laura N. Ferguson (FL Bar 1047701)
David A. Nabors (FL Bar 1024722)
2601 South Bayshore Drive, 15 Floor
Miami, FL 33133
Telephone: (305) 402-4880
Facsimile: (305) 901-2975
jasonsternberg@quinnemanuel.com
taramacneill@quinnemanuel.com
lauraferguson@quinnemanuel.com
davidnabors@quinnemanuel.com

Christopher Tayback (admitted *pro hac vice*)
Kristin Tahler (admitted *pro hac vice*)
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
christayback@quinnemanuel.com
kristintahler@quinnemanuel.com

Nicholas Inns (admitted *pro hac vice*)
555 13th Street, NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
nicholasinns@quinnemanuel.com

*Attorneys for Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc.*