**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Tampa Division**

Techtronic Industries Company
Limited, and Techtronic Industries
Factory Outlets, Inc.,

     Plaintiffs,

  – against –

Victor Bonilla,

     Defendant.

Case No. 8:23-cv-01734-CEH-AEP

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OR ARGUMENT OF
DEFENDANT'S INSURANCE COVERAGE OR INDEMNIFICATION**

Defendant Victor Bonilla seeks to exclude evidence and argument concerning his insurance coverage for statements in the Second Report and indemnification for litigation expenses. (ECF No. 219.) TTI opposes that request to the extent that Bonilla seeks categorical exclusion of such evidence or argument before trial. Although TTI does not intend to offer evidence or make arguments about Bonilla's insurance or indemnification arrangements during its opening statement or case in chief, Florida law permits such evidence in several circumstances, such as to correct a misimpression left by a party about its financial position or the financial harm done to it by its opponent. If Bonilla opens the door by creating any such misimpression at trial, TTI may seek to introduce evidence

during cross-examination or in its rebuttal case.  The Court should accordingly deny the motion and defer any decision on the admissibility of such evidence until trial, when it can evaluate relevance with the benefit of the trial record.

While evidence of payments from a collateral source like an insurance carrier is not generally admissible, "evidence of the receipt of payments from another source can be relevant where the evidence rebuts a party's theory of the case." *Citizens Prop. Ins. v. Ashe*, 50 So. 3d 645, 654 (Fla. 1st DCA 2010).  Courts have allowed such evidence when, for example, a plaintiff "advanced testimony that she was made destitute by the conduct of [the defendant]," and the defendant's subsequent introduction of her receipt of worker's compensation insurance "contradicted [her] allegations," *Rease v. Anheuser-Busch, Inc.*, 644 So. 2d 1383, 1387 (Fla. 1st DCA 1994), and when a plaintiff's receipt of flood insurance payments contradicted his claim in litigation to recover from his wind insurance policy, *Citizens Prop.*, 50 So. 3d at 654.  These decisions establish that the collateral-source rule is context-dependent and should be applied with a view of the entire trial record in mind.  And for that reason, categorical exclusion of collateral-source payments is poorly suited for resolution by a pretrial motion *in limine*.

The risk that Bonilla's collateral sources become relevant is more than theoretical.  Bonilla has signaled throughout the pretrial conferral process that he intends to pursue a trial narrative that TTI targeted and is retaliating against him.  This narrative confirms that Bonilla may seek to introduce evidence that will

2

mislead the jury about issues that implicate his finances.  If Bonilla, for example, suggests that TTI's lawsuit has drained his bank account and may leave him destitute, the availability of indemnification for his legal expenses may be necessary to correct that misleading impression.  Similarly, if Bonilla contends at trial that he would be unable to pay a punitive damages award in addition to any compensatory damages award, the availability of insurance to cover compensatory damages will similarly become relevant for the limited purpose of rebutting that contention.

These possibilities warrant deferring the decision on this issue until trial to determine whether the trial evidence has opened the door to admission of this evidence.  If TTI intends to introduce evidence of Bonilla's collateral sources on cross-examination or in rebuttal, it will notify Bonilla and the Court before doing so to ensure prompt resolution of the matter.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion *in Limine* to Exclude Evidence or Argument of Defendant's Insurance Coverage or Indemnification (ECF No. 219) should be denied.

3

Dated: May 1, 2026

By: /s/ *Jason D. Sternberg*
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Jason D. Sternberg (FL Bar 72887)
Tara MacNeill (FL Bar 1028931)
Laura N. Ferguson (FL Bar 1047701)
David A. Nabors (FL Bar 1024722)
2601 South Bayshore Drive, 15 Floor
Miami, FL 33133
Telephone: (305) 402-4880
Facsimile: (305) 901-2975
jasonsternberg@quinnemanuel.com
taramacneill@quinnemanuel.com
lauraferguson@quinnemanuel.com
davidnabors@quinnemanuel.com

Christopher Tayback (admitted *pro hac vice*)
Kristin Tahler (admitted *pro hac vice*)
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
christayback@quinnemanuel.com
kristintahler@quinnemanuel.com

Nicholas Inns (admitted *pro hac vice*)
555 13th Street, NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
nicholasinns@quinnemanuel.com

*Attorneys for Techtronic Industries Company Limited and Techtronic Industries Factory Outlets, Inc.*

4