UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TECHTRONIC INDUSTRIES
COMPANY LIMITED and
TECHTRONIC INDUSTRIES
FACTORY OUTLETS, INC.,

     Plaintiffs,

v.                                                              Case No: 8:23-cv-1734-CEH-AEP

VICTOR BONILLA,

     Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiffs' Unopposed Motion to Dismiss Without Prejudice Techtronic Industries Factory Outlets, Inc.'s Action and for Leave to Amend Complaint. Doc. 231. In their motion, Plaintiffs seek to dismiss, without prejudice, the claims brought by Plaintiff Techtronic Industries Factory Outlets, Inc. ("TIFO") and proceed only on Plaintiff Techtronic Industries Company Limited's ("TTI") claims against Bonilla. Additionally, to streamline the case and the pleadings, Plaintiff Techtronic Industries Company Limited seeks to file a Second Amended Complaint which reflects changes based on the progress of the litigation and on the Court's summary judgment ruling. The proposed Second Amended Complaint removes allegations regarding Plaintiff TIFO and reflects TTI's intention not to pursue its libel *per quod* claim and proceed only with respect to TTI's libel *per se* claim related to the Second Report. Without waiving any claim for fees or costs arising out of

Plaintiffs' voluntary dismissal of TIFO's claims, Defendant Bonilla does not oppose the motion. Upon consideration, Plaintiffs' motion will be granted.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(a), where a defendant has answered or moved for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Plaintiffs contend that voluntary dismissal of TIFO here would be proper to streamline the case. Plaintiffs represent that Defendant would suffer no prejudice by the voluntary dismissal of TIFO's claims, and Defendant would preserve his right to pursue fees and costs, as warranted. Further, Defendant does not oppose dismissal of TIFO's claims. The Court will dismiss TIFO's claims without prejudice.

Regarding the request to amend, Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." And "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). It is within the discretion of the Court to grant or deny an opportunity to amend. *See id.* Here, Plaintiffs seek leave to amend the complaint to align the pleadings with the progress of the case, following the Court's summary judgment ruling and TTI's decision to pursue its libel *per se* claim only. The request is not made for purposes

2

of delay and will not prejudice any party. The Court will exercise its discretion to permit amendment. Accordingly, it is

ORDERED:

1.    Plaintiffs' Unopposed Motion to Dismiss Without Prejudice Techtronic Industries Factory Outlets, Inc.'s Action and for Leave to Amend Complaint (Doc. 231) is **granted**.

2.    Plaintiff Techtronic Industries Factory Outlets, Inc.'s claims against Defendant Victor Bonilla are **dismissed, without prejudice**.

3.    Within five days of the date of this order, Plaintiff Techtronic Industries Company Limited shall file its Second Amended Complaint as a separate docket entry.

4.    Within seven days of the Second Amended Complaint being filed, Defendant Victor Bonilla shall file his answer to the Second Amended Complaint.[1]

**DONE AND ORDERED** in Tampa, Florida on May 21, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any

---

[1] Because trial of this action is scheduled to begin June 22, 2026, the Court has shortened Defendant's time to respond to the Second Amended Complaint.