**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TECHTRONIC INDUSTRIES
COMPANY LIMITED,

      Plaintiff,

v.                                                            Case No: 8:23-cv-1734-CEH-AEP

VICTOR BONILLA,

      Defendant.

_____/

## ORDER ON PROCEDURES APPLICABLE TO JURY TRIALS

The following procedures are applicable to jury trials conducted before United States District Judge Charlene E. Honeywell:

1.      The Court will begin the *voir dire* by asking general questions of the panel. Counsel will be permitted to participate in the *voir dire* examination by asking follow up questions to specific panel members based on the information they provided in response to the general questioning. However, counsel should refrain from asking questions that have already been asked, and the Court will interrupt the *voir dire* examination when necessary to avoid any delay in the proceedings. After the *voir dire* examination is completed, the venire will be excused from the courtroom before counsel will be heard on challenges for cause or otherwise.

2.      The examination of witnesses shall be limited to direct examination, cross-examination and re-direct examination. Re-cross examination is allowed only if something new was raised on re-direct. It is not allowed as a matter of course.

3.      In making objections, the attorney making the objection shall announce the legal basis for the objection without further argument. The responding attorney shall respond accordingly, giving only the legal basis for opposing the objection. Neither attorney shall make any other argument or comment in the presence of the jury other than at side bar conferences on the record, which conferences will be held, if necessary, to assist the Court in its ruling, upon the request of either attorney or upon the Court's own directive.

4.      All jury instructions and verdict forms shall comply substantially with the Pattern Jury Instructions and verdict forms promulgated by the Eleventh Circuit or the Florida Supreme Court's Standard Jury Instructions. To the extent that any proposed instruction or verdict form deviates from the forms contained in the Eleventh Circuit Pattern Jury Instructions or the Florida Supreme Court's Standard Jury Instructions, the proposed instruction or verdict form shall be clearly denoted as a "modified" jury instruction or verdict form, with appropriate citation of authority. A copy of the jury instructions and verdict form in word format shall be submitted to Chambers_FLMD_honeywell@flmd.uscourts.gov no later than three (3) business days before the start of trial.

5.      Trial Exhibits: All exhibits shall be pre-marked with a permanent exhibit tag or stamp as prescribed by the Clerk's office. Each attorney shall provide to the Court, not later than the commencement of *voir dire*, a list of exhibits, numbered in the sequence in which the attorney will tender same. The exhibit list shall describe the exhibit sufficiently

for the Court to identify it. At the conclusion of trial, counsel shall provide the clerk with a CD which contains the exhibits in .pdf format.

6.     <u>Witness List:</u>  Prior to the commencement of *voir dire*, each attorney shall provide the Court with a list of all witnesses <u>*expected to be called*</u>, listing the full names of the witness and any professional designation applicable to that witness (*e.g.*, M.D.). The list should also, if necessary, include a phonetic spelling of the name.

7.     Any witnesses or exhibits not listed in accordance with the pretrial order will not be allowed to testify or admitted absent extraordinary or compelling reasons outside the control of the attorneys.

8.     It is the responsibility of each attorney to make sure that his/her witnesses are present when needed to testify. It may not be possible to delay the proceedings to accommodate a witness who is tardy or has strayed from the witness room.

It is also counsel's responsibility to make sure that his/her witnesses are properly dressed for appearing in court. In particular, shorts, sweatpants, tank tops, and clothing bearing obscene or otherwise inappropriate words or images are not allowed in the courtroom.

9.     Each attorney shall admonish their client(s) and office staff not to exhibit inappropriate behavior in the presence of the jury. Inappropriate conduct shall include but not be limited to facial gestures and audible comments.

10.     <u>Use of surnames only</u>: Counsel is directed to refer to their clients, each other, members of the jury and all witnesses only by surnames and not by their first or given names.

11.    The conduct of this trial shall be pursuant to and consistent with the Florida Bar, Trial Lawyers Section's, Guidelines for Professional Conduct, specifically Section M thereof, "Trial Conduct and Courtroom Decorum," other than as modified herein and Rule 5.03, Local Rules of the Middle District of Florida – Courtroom Decorum.

12.    Counsel is prohibited from arguing with or addressing an opponent across the courtroom. Instead, address the Court. Formality and courtesy are valued over informality.

13.    **No gum chewing. Please advise your clients and witnesses**.

14.    Observe rule 611(c) of the Federal Rules of Evidence regarding leading and non-leading questions. Additionally, please allow witnesses to finish their answers before asking the next question.

15.    Water will be provided in the courtroom. However, you may bring bottled water into the courtroom. You are not permitted to bring other drinks or food into the courtroom.

**DONE AND ORDERED** in Tampa, Florida on this 3rd day of June 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
All Parties of Record

4