UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TECHTRONIC INDUSTRIES
COMPANY LIMITED,

      Plaintiff,

v.

VICTOR BONILLA,

      Defendant,

_____/

Case No.:  8:23-cv-01734-CEH-AEP

## **O R D E R**

This matter comes before the Court on the following motions *in limine*: Defendant's Motion *in Limine* to Exclude Evidence and Argument Relating to "Benchmarking" Evidence for General Damages (Doc. 196); Plaintiff's Omnibus Motion *in Limine* (Doc. 216); Defendant's Motion *in Limine* Regarding Plaintiffs' Expert Jeffrey Kopa's Testimony (Doc. 217); Defendant's Motion *in Limine* to Exclude Evidence and Argument Not Raised in Pleadings (Doc. 218); and Defendant's Motion *in Limine* to Exclude Evidence or Argument of Defendant's Insurance Coverage or Indemnification (Doc. 219). A hearing on the motions was held on June 2, 2026. This Order serves to memorialize the rulings made at the hearing.

## **DISCUSSION**

In this defamation case, Plaintiffs Techtronic Industries Company Limited ("Techtronic") and Techtronic Industries Factory Outlets, Inc. ("TIFO") (collectively "TTI" or "Plaintiffs") sued Defendant Victor Bonilla ("Bonilla"), a "short-seller,"

alleging he defamed them by publishing two "research" reports containing false statements about Plaintiffs' alleged corporate malfeasance, which caused Plaintiffs' publicly traded stock to drop dramatically and resulted in Defendant reaping huge profits by short-selling Plaintiffs' stock. TIFO has been voluntarily dismissed from the lawsuit. In its order on the motion for summary judgments, the Court ruled against Plaintiffs as to the defamation claims founded on the First Report. Additionally, Techtronic has now dropped its libel *per quod* claim related to the Second Report. Thus, the single claim that remains for trial is Techtronic's libel *per se* claim (Count II) against Bonilla arising out of statements made in the Second Report. The Court has determined that Techtronic is a private (not public) entity (Doc. 179 at 31) and that Bonilla is a non-media defendant. (Doc. 179 at 15).

Before the Court are several motions *in limine* filed by the parties. Motions *in limine* present pretrial issues of admissibility of evidence that are likely to arise at trial, and as such, "the order, like any other interlocutory order, *remains subject to reconsideration by the court throughout the trial.*" *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-EAK-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) (emphasis in original) (citation omitted). "A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)). The Court addresses the parties' motions in turn below.

2

**A.     Defendant's Motion *in Limine* to Exclude Evidence and Argument Relating to "Benchmarking" Evidence for General Damages (Doc. 196)**

In this motion, Bonilla seeks to exclude evidence of (1) the gains or profits he made short-selling Plaintiff's stock; (2) fluctuations in Techtronic's stock price; or (3) evidence and argument that ties plaintiff's claim of damages to market capitalization or stock price. Plaintiff responds in opposition (Doc. 202) arguing that the evidence of Techtronic's stock price decline and Bonilla's own trading profits are evidence of reputational harm the false report caused and the financial motive that drove him to publish it. Plaintiff also contends that the evidence is relevant to its request for punitive damages. Because the Court cannot determine that the evidence is inadmissible on all potential grounds, the motion to exclude the evidence is denied.

**B.     Plaintiff's Omnibus Motion *in Limine* (Doc. 216)**

Techtronic seeks to exclude: (1) Bonilla from asserting at trial that the Second Report was not false; (2) Bonilla from arguing his First Amendment affirmative defenses; and (3) information about the First Report except to the extent that it has relevance to the Second Report, such as the fact that Bonilla published it and financially gained from publishing it. Defendant filed a response in opposition. Doc. 220. As it relates to the first issue, as discussed at the hearing, the parties are unclear and disagree as to the import of the Court's summary judgment ruling on the issue of falsity of statements in the Second Report. Accordingly, the Court has taken the first issue under advisement and defers ruling on that aspect of Plaintiff's motion pending

3

the Court's reexamination of the dispositive motions and subsequent ruling on this issue.

As for the second issue, Defendant's First Amendment free speech affirmative defenses are no longer at issue and thus the motion is due to be granted. As the Court held at the hearing, the motion is granted to the extent that Defendant will not be permitted to advance an argument or affirmative defense regarding the First Amendment freedom of speech.[1]

Finally, on the third issue, the parties acknowledge that claims related to the First Report are no longer at issue, but they also recognize the jury must be made aware of the First Report for purposes of context. The Court defers ruling on this aspect of the Plaintiff's motion pending the parties' efforts to prepare a joint stipulation that addresses the scope of disclosure of the First Report to the jury.

**C.     Defendant's Motion *in Limine* Regarding Plaintiffs' Expert Jeffrey Kopa's Testimony (Doc. 217)**

Defendant's motion seeks to limit the evidence and testimony of Jeffrey Kopa, Techtronic's expert. Specifically, Defendant seeks to preclude opinions related to the First Report; damages and calculation not directly tied to the Second Report; damages tied to Techtronic's long-term incentive plans (LTIPs); money made by Bonilla in connection with the stock transactions; evidence of the impact of Techtronic's stock price decline; and opinions/damages theories or calculations not raised in his report.

---

[1] Moreover, to the extent that issues of law arise on the matter, there is no reason for evidence related to purely legal matters to go to the jury.

Plaintiff responds (Doc. 221) that the motion is an attempt to relitigate the Court's *Daubert* ruling.

The Court has already addressed the admissibility of Kopa's opinions in its order (Doc. 200) of March 6, 2026. As to the opinions related to the First Report, the Court denied the motion as moot because, as discussed again at the hearing, the First Report is no longer at issue. Thus, Kopa's opinions directed to the First Report are not admissible. The Court cannot say, however, that Kopa's opinions regarding Bonilla's profits and Techtronic's stock price decline related to the Second Report are wholly irrelevant as to any issue. Thus, the Court will not exclude those opinions and testimony. The motion is due to be denied in this regard.

**D.    Defendant's Motion *in Limine* to Exclude Evidence and Argument Not Raised in Pleadings (Doc. 218)**

In this motion, Defendant seeks to limit Plaintiff from arguing about any statements in the Second Report that are not the five statements from the Second Report referenced in the Amended Complaint. He seeks to exclude any argument or evidence related to the allegedly defamatory nature of other statements. Plaintiff responds (Doc. 222) that the Court's summary judgment ruling found the entirety of the Second Report false and thus argues the motion should be denied. For the reasons discussed above regarding the first issue of Plaintiff's omnibus motion, the Court will take this matter under advisement and defers ruling on Defendant's motion.

**E.**  **Defendant's Motion *in Limine* to Exclude Evidence or Argument of Defendant's Insurance Coverage or Indemnification (Doc. 219)**

Defendant seeks to exclude any evidence or argument regarding Defendant's insurance coverage or indemnification as the evidence is irrelevant and inadmissible. Plaintiff does not vehemently oppose the motion but wants to preserve its right to correct any misimpression if Defendant opens the door to the admissibility of the evidence. Doc. 223. As discussed at the hearing, the motion is due to be granted. "Evidence of insurance carried by a defendant is not properly to be considered by the jury." *Carls Markets, Inc. v. Meyer*, 69 So. 2d 789, 793 (Fla. 1953).

Accordingly, it is hereby

**ORDERED**:

1.  Defendant's Motion *in Limine* to Exclude Evidence and Argument Relating to "Benchmarking" Evidence for General Damages (Doc. 196) is **denied**.

2.  Plaintiff's Omnibus Motion *in Limine* (Doc. 216) is **granted in part and deferred in part**.

3.  Defendant's Motion *in Limine* Regarding Plaintiffs' Expert Jeffrey Kopa's Testimony (Doc. 217) is **denied** as set forth herein.

4.  Ruling is **deferred** on Defendant's Motion *in Limine* to Exclude Evidence and Argument Not Raised in Pleadings (Doc. 218); and

5.  Defendant's Motion *in Limine* to Exclude Evidence or Argument of Defendant's Insurance Coverage or Indemnification (Doc. 219) is **granted**.

**DONE AND ORDERED** in Tampa, Florida on June 5, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any