**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Tampa Division**

| | |
|---|---|
| Techtronic Industries Company Limited,<br><br>Plaintiff,<br><br>v.<br><br>Victor Bonilla,<br><br>Defendant. | Case No. 8:23-cv-01734-CEH-AEP |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR CLARIFICATION**

The Court has now ruled twice that Bonilla's statement that TTI was "systematically defrauding Home Depot" was false. Unwilling to accept the Court's decision, Bonilla now moves for "clarification" of the Court's Order, asking whether he may present evidence that the statement is true despite the Court's ruling that it is false, on the theory that the Order is ambiguous. But an order does not become ambiguous simply because the unsuccessful party wishes it had come out differently. The Court should deny Bonilla this third bite at the apple and put this serially litigated question to rest, so that the Court, the jury, and the parties can focus at trial on the remaining issues to be determined, namely whether such false statement is defamatory, whether Bonilla made the statement negligently, whether

damage resulted, and if so, how much damage resulted. The Court has confirmed in its Order that it had previously ruled as to the falsity of the statement that TTI was defrauding THD. This substantially narrows the remaining issues to be determined and streamlines the trial in November 2026.

In its clarification Order, the Court specifically addressed the falsity of Bonilla's statement that TTI was "systematically defrauding Home Depot." Holding that it "found no disputed fact as to the falsity" of this statement, "the Court granted summary judgment on the issue of falsity." ECF No. 247 at 10. The Court then amplified that unambiguous holding, ***twice*** enumerating the issues remaining for the jury to determine at trial: "whether such statement is defamatory, whether Bonilla made the statement negligently, whether damage resulted, and if so, how much damage resulted." *Id.* at 10-12. Falsity of the "systematically defrauding" statement did not appear on this list either time. The omission is telling: in specifying the issues remaining for the jury's consideration, the Court held that a ***different*** statement—that TTI mislabeled products as "factory blemished"—would be sent to the jury, and it expressly listed "whether the statement was false" among the trial issues. *Id.* at 10-11. The Order thus draws the very line Bonilla says is missing: it reserves falsity for the jury as to one statement and resolves it as to the other. The Court's Order was clear: the falsity of the "systematically defrauding" statement is no longer in dispute.[1]

[1] Contrary to Bonilla's claim, it is not "[s]trange[]" for TTI to oppose his motion. ECF No. 250 at 6. Bonilla's motion is nothing more than an attempt to relitigate

Despite this clarity, and despite the Court listing precisely the issues remaining for jury consideration, Bonilla now requests that he be permitted to "present[] evidence and argument that the statement that Techtronic was 'systematically defrauding Home Depot' was true or substantially true." ECF No. 250 at 6. Bonilla argues that he has "other arguments and evidence" to support the truth of this statement. *Id.* at 3. But Bonilla already presented that "other evidence" in extensive summary judgment briefing, and the Court fully considered it before ruling that Bonilla's statement was false. Indeed, Bonilla's "other evidence" is false. TTI does not sell tools in its DTFO stores that would otherwise have been sold at THD; TTI sells goods in its DTFO stores that THD does not want, precisely as TTI's contract with THD permits.[2]

Bonilla's invented ambiguity rests on the Court's language that the statement is false "to the extent that the statement relies upon the falsity of the statements about outlet inventory value, sales, and profits." ECF No. 250 at 2-3, 6. The Court's Order, however, makes clear that this phrase is not a limitation of its ruling, but an explanation of why the Court reached the finding of falsity. Read naturally, "to the extent that the statement relies upon" false figures means that the statement is false because it relies on them—not that it is false in some places and true in others. And the Order removes any doubt: the Court found "no

yet again and force the Court to yet again specify that Bonilla's statement that TTI was "systematically defrauding Home Depot" was false.

[2] TTI will further address Bonilla's false statements of fact in its forthcoming summary judgment briefing. *See* ECF No. 253.

disputed fact as to the falsity" and "granted summary judgment on the issue of falsity." ECF No. 247 at 10. As the Court found, Bonilla's "systematically defrauding" statement is predicated on false statements regarding inventory, sales, and profit figures. *Id*. Here, the basis for the statement is false, and, accordingly, as the Court ruled, the statement is false as well.

What Bonilla labels "clarification" is, in substance, a thinly veiled motion to reconsider a summary judgment ruling he does not like. But creative semantics cannot change the reality: This masquerading motion meets none of the narrow grounds for reconsideration, such as an intervening change in controlling law, newly discovered evidence, or the need to correct clear error. Nor could it. The Court has granted summary judgment as to the falsity of this statement precisely because there was no triable dispute to resolve. ECF No. 247 at 11-12 ("Plaintiff's motion for partial summary judgment on the falsity of the statement that TTI was 'systematically defrauding Home Depot' . . . is granted."). The Court should not endorse Bonilla's effort to relitigate a firmly settled issue or needlessly explain a clear ruling a third time. The motion should be denied.

## CONCLUSION

Plaintiff respectfully requests that the Court deny Defendant's motion.

Dated: September 2, 2026

By: */s/ Jason D. Sternberg*
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Jason D. Sternberg (FL Bar 72887)

Tara MacNeill (FL Bar 1028931)
Laura N. Ferguson (FL Bar 1047701)
David Nabors (FL Bar 1024722)
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
Telephone: (305) 402-4880
Facsimile: (305) 901-2975
jasonsternberg@quinnemanuel.com
taramacneill@quinnemanuel.com
lauraferguson@quinnemanuel.com
davidnabors@quinnemanuel.com

Christopher Tayback (admitted *pro hac vice*)
Kristin Tahler (admitted *pro hac vice*)
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
christayback@quinnemanuel.com
kristintahler@quinnemanuel.com

Nicholas Inns (admitted *pro hac vice*)
555 13th St., NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
nicholasinns@quinnemanuel.com

*Attorneys for Techtronic Industries Company Limited*