**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| TECHTRONIC INDUSTRIES COMPANY LIMITED and TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>VICTOR BONILLA,<br><br>Defendant. | Case No. 8:23-cv-01734-CEH-AEP |

**DECLARATION OF DILAN ESPER, ESQ.**
**IN SUPPORT OF DEFENDANT'S OPPOSITION TO TECHTRONIC'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

I, Dilan Esper, Esq., hereby submit this declaration in support of Defendant's Opposition to Techtronic's Motion for Partial Summary Judgment.

1. The facts in this Declaration are within my personal knowledge and are true and correct.

2. I am, and at all relevant times have been, of counsel at Harder Stonerock LLP.

3. I am also counsel of record for Defendant Victor Bonilla in this action and admitted pro hac vice in this matter.

4. Techtronic never produced its full Strategic Initiative Agreement with Home Depot in this action, but instead has only produced extremely heavily redacted versions. Instead, Techtronic originally stamped the document

confidential and produced a copy of the document that was so heavily redacted it did not even contain the provision that permitted the sale of Techtronic tools at its factory outlets under limited circumstances.

5. At one of its corporate designee depositions, after I identified this defect, Techtronic produced another heavily redacted, stamped confidential version of the SIA (this is the version that is before the Court on this motion). In this new version, Techtronic redacted the entire agreement except for the provision governing exclusivity of the tools to Home Depot and the provision permitting limited sales of excess, obsolete, and reconditioned goods at factory outlet stores.

6. Techtronic never produced an unredacted version of the SIA, on the ground that the rest of the agreement was so sensitive that we could not be allowed to see it even under the protections of a protective order. To this day, I have no idea whether the SIA contains an integration clause, or provisions restricting its modification, or waiver of its provisions, or provisions otherwise denying effect to any action by Home Depot to supposedly acquiesce in Techtronic's sales of goods that are not excess, obsolete, or reconditioned.

Under penalty of perjury, I declare that the foregoing is true to the best of my knowledge.

Dated: September 22, 2026

*/s/Dilan Esper*
Dilan Esper

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 22, 2026, the foregoing document was electronically filed with the Clerk of Court using CM/ECF, which will electronically send a notice of electronic filing to Plaintiff's attorneys of record


Jason Sternberg (*pro hac vice*)
Quinn Emanuel Urquhart Sullivan LLP
2601 South Bayshore Dr., Ste 1550
Miami, FL 33133
jasonsternberg@quinnemanuel.com

Kristin Tahler (*pro hac vice*)
Quinn Emanuel Urquhart Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
kristintahler@quinnemanuel.com

David A. Nabors
Fla. Bar No. 1024722
Quinn Emanuel Urquhart Sullivan LLP
2601 S. Bayshore Drive, Suite 1550
Miami, FL 33133-5417

Nicholas Inns (*pro hac vice*)
Quinn Emanuel Urquhart Sullivan LLP
1300 I Street, NW, Suite 900
Washington, D.C. 20005
nicholasinns@quinnemanuel.com


*/s/ Jonathan Weiss*
Attorney