**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Tampa Division**

| | |
|---|---|
| Techtronic Industries Company Limited,<br><br>Plaintiff,<br><br>v.<br><br>Victor Bonilla,<br><br>Defendant. | Case No. 8:23-cv-01734-CEH-AEP |

**PLAINTIFF'S RESPONSE TO EVIDENTIARY OBJECTION RE: REPLY IN SUPPORT OF PARTIAL SUMMARY JUDGMENT**

Plaintiff Techtronic Industries Company Limited ("TTI"), by and through its undersigned counsel, hereby files this Response to Evidentiary Objection of Defendant Victor Bonilla ("Bonilla") Re: Plaintiff's Reply in Support of Partial Summary Judgment, ECF No. 274. In support, TTI states as follows:

1. Defendant Victor Bonilla objects to TTI's reliance on an agreement between TTI and The Home Depot that he subpoenaed and received a copy of more than two years ago. The objection is a misguided effort to keep from the Court a contract that refutes Bonilla's position on summary judgment, and it should be overruled for several independent reasons.

2. *First*, the objection should be rejected because it is an improper and unauthorized sur-reply. Neither the Local Rules nor Rule 56 permits a party to file

further argument on a fully briefed motion for summary judgment without leave of Court. *See* M.D. Fla. R. 3.01(e).

3. *Second*, Bonilla's complaint that TTI should have produced the agreement in response to Document Demand 71 is contradicted by the record and the requirements of Rule 26. Bonilla subpoenaed The Home Depot, and on July 30, 2024, The Home Depot produced the agreement to his counsel. *See* Sternberg Decl. ¶¶ 3–4 & Ex. A. Bonilla's objection acknowledges as much: "Doc 270-3 was produced by Home Depot in response to a third-party subpoena." ECF No. 274 at 2. Bonilla therefore has had the agreement for more than two years, since well before the deposition of The Home Depot's corporate representative, and throughout the summary judgment briefing. Nothing in the Rules required TTI to give him a second copy of a document he had already obtained. Indeed, Rule 26(e)(1)(A) calls for supplementation only where the information "has not otherwise been made known to the other parties during the discovery process or in writing."[1]

4. *Third*, Bonilla argues that the agreement does not appear on TTI's exhibit list, that TTI did not question Home Depot's corporate representative about it, and that it was not authenticated at her deposition. But Rule 56(c)(2) permits a party to object to the use of evidence on summary judgment where the evidence

1. Even if TTI had been required to produce the same agreement, Rule 37(c)(1) does not bar use of the information where the failure "was substantially justified or is harmless." Any failure here was harmless, as Bonilla had a copy of the agreement for more than two years before TTI relied on it.

"cannot be presented in a form that would be admissible in evidence." Bonilla does not contend that the agreement cannot be presented at trial. *See Wey v. City of St. Petersburg*, 2020 WL 7024907, at *3 (M.D. Fla. Nov. 30, 2020) (denying motion to strike where evidence could be authenticated at trial). None of his points bears on that question. Bonilla refers to the fact that the agreement was not included in TTI's prior exhibit list. But an exhibit list identifies evidence a party may offer at trial; it does not limit the evidence the Court may consider on summary judgment. Also, the fact that the agreement was not used at the deposition is irrelevant. No rule requires a party to use a document at a deposition before relying on it, and Bonilla could have examined the witness himself. Moreover, there is no doubt that TTI can authenticate the agreement at trial. It is, after all, TTI's own contract, and TTI can authenticate it through a TTI witness or a The Home Depot records custodian.

5. *Fourth*, Bonilla complains that TTI submitted the agreement for the first time in reply and that he has had "no opportunity in the authorized briefing to address" it. ECF No. 274 at 2. But TTI did so only after, as Bonilla concedes, he "challenged that agreement's applicability to the period addressed in the Second Report." *Id.* Evidence offered to rebut an argument first raised in the opposition is a proper subject of a reply.

6. The objection should be overruled.

Dated: October 7, 2026

By: /s/ *Jason D. Sternberg*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Jason D. Sternberg (FL Bar 72887)
Tara MacNeill (FL Bar 1028931)
Laura N. Ferguson (FL Bar 1047701)
David Nabors (FL Bar 1024722)
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
Telephone: (305) 402-4880
Facsimile: (305) 901-2975
jasonsternberg@quinnemanuel.com
taramacneill@quinnemanuel.com
lauraferguson@quinnemanuel.com
davidnabors@quinnemanuel.com

Christopher Tayback (admitted *pro hac vice*)
Kristin Tahler (admitted *pro hac vice*)
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
christayback@quinnemanuel.com
kristintahler@quinnemanuel.com

Nicholas Inns (admitted *pro hac vice*)
555 13th St., NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
nicholasinns@quinnemanuel.com

*Attorneys for Techtronic Industries Company Limited*