**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TECHTRONIC INDUSTRIES COMPANY LIMITED,

Plaintiff,

v. Case No: 8:23-cv-1734-CEH-AEP

VICTOR BONILLA,

Defendant.
___________________________________/

**ORDER**

This matter comes before the Court on the following motions to seal filed by the parties:

> Plaintiffs' Motion for Leave to File Under Seal (Doc. 259), which seeks to seal an unredacted copy of Plaintiff's Motion for Partial Summary Judgment and four exhibits to the motion;
>
> Defendant's Unopposed Motion for Leave to File Under Seal (Doc. 264), which seeks to seal an unredacted copy of Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment and one exhibit to the motion;[1]
>
> Defendant's Unopposed Motion for Leave to File Under Seal (Doc. 266), which seeks to seal an unredacted copy of his substitute Opposition to Plaintiff's Motion for Partial Summary Judgment;

[1] Defendant withdrew his redacted response at Doc. 261 and filed a subsequent motion to seal (Doc. 266) directed to his substitute response. Thus, the motion is moot as to his request to seal Doc. 264-1, which was the unredacted version of the now withdrawn Doc. 261.

> Plaintiff's Motion for Leave to File Under Seal (Doc. 270), which seeks to seal an unredacted copy of Plaintiff's Reply in Support of its Motion for Partial Summary Judgment ("Reply") and two exhibits to the Reply.

Upon consideration, the parties' requests to seal will be granted-in-part and denied-in-part. As discussed below, the Court makes no finding that these matters warrant sealing at the trial.

Also pending is Defendant's objection to the Home Depot supplier agreement filed as an exhibit in support of Plaintiff's reply, specifically the exhibit filed at Doc. 270-3, and any discussion of the exhibit on the basis that the document was requested by Defendant in discovery and was not produced by Plaintiff. Doc. 274. Defendant's objection requests the Court disregard the exhibit and any discussion of it. *Id.* at 3. Plaintiff filed a response in opposition (Doc. 275) and Declaration of its counsel (Doc. 276). Upon consideration, Defendant's objection will be overruled.

## DISCUSSION

### A. Motions to Seal

The Court has previously advised the parties that there is a "presumptive common law right to inspect and copy judicial records." Doc. 100 at 3 (quoting *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597, (1978)). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007)

(quoting *Chicago Tribune v. Bridgestone/Firestone,* 263 F.3d 1304, 1309 (11th Cir. 2001)); *Digital Assurance Certification, LLC v. Pendolino*, No. 6:17-CV-72-CEM-TBS, 2017 WL 320830, at *2 (M.D. Fla. Jan. 23, 2017) (stating same).

The question of whether good cause exists is decided:

> "by the nature and character of the information in question." [*Chicago Tribune,* 263 F.3d] at 1315. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

The parties' requests to seal are tethered to their mutual agreement to keep documents confidential. However, such agreements of confidentiality or to seal materials is "'immaterial' to a court's decision regarding the public's right of access." *Reed v. CRST Van Expedited, Inc.*, 8:17-cv-199-JDW-CPT, 2018 WL 5077179, *2 (M.D. Fla. April 17, 2018) (citing *Brown v. Advantage Eng'g*, 960 F.2d 1013, 1016 (11th Cir. 1992)). The Local Rules make clear that "sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation." Local Rule 1.11(a), M.D. Fla. Thus, the fact that the parties agreed to the material's confidentiality does not constitute good cause.

Relevant to the documents sought to be sealed here, a motion to seal pursuant to Local Rule 1.11(b) must establish "that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory." M.D. Fla. Local Rule 1.11(b)(3)(C). Caselaw and the Local Rules contemplate redaction as a more favorable method to protect matters deemed proprietary and confidential rather than sealing the entire document. *See* M.D. Fla. Local Rule 1.11(b)(3)(C). While the parties do file redacted versions of the motion and responses sought to be sealed, the parties have made no effort to redact the exhibits they want to file under seal, erroneously relying solely upon their own confidentiality agreements as a basis for sealing the testimony and documents filed in support of their motions and responses.

Redaction is a reasonable means of balancing the public's right of access with a party's concern of confidentiality. The parties have made reasonable efforts to file on the public docket minimally redacted versions of the motion and responses sought to be sealed. As the Court will need to review the entirety of the documents to rule on the supplemental summary judgment motions, the Court will permit the parties to file the unredacted versions of the motion and responses under seal at Docs. 259-1 (Plaintiff's Motion for Partial Summary Judgment), 266-1 (Defendant's Response to Plaintiff's motion), and 270-1 (Plaintiff's reply).[2]

As for the deposition excerpts (Docs. 259-2, 259-3, 264-2, 270-2) that the parties request be sealed, the parties have made no effort to balance the public's interest by

[2] The redacted versions of Docs. 259-1, 266-1, and 270-1 have been filed on the public record at Docs. 257, 273, and 268, respectively.

redacting the specific proprietary and confidential information which they claim warrants sealing. Instead, they have sought to seal the entire filing. Similarly, Plaintiff seeks to file the entire Home Depot supplier agreements (Doc. 259-4, 270-3) under seal without any effort at redaction. The motions to seal will be denied as to the exhibits. The parties have failed to show good cause for sealing the exhibits in their entirety.

The Court notes that most of the documents sought to be sealed have been submitted or requested by Plaintiff. As the Court previously cautioned, and it bears repeating again, there has been no good cause showing that the trial proceedings in this matter will be sealed and it will be logistically impossible to adjudicate the defamation claims without publicly discussing the allegedly-false statements, the basis for same, and Plaintiffs' claimed damages. Thus, trial of these issues will occur in public before a jury, unless otherwise ordered.

**B. Objection to Home Depot Supplier Agreement Exhibit**

Defendant requests this Court disregard the Home Depot Supplier Agreement that Plaintiff attaches as an exhibit at Doc. 270-3. In support of its argument, Defendant submits that despite Defendant requesting the document, Plaintiff never produced it in discovery.

Plaintiff responds that Defendant has been in possession of the document since July 2024 when it was produced by Home Depot in response to a third-party subpoena. As Defendant has been aware and has had a copy of the document for over two years, the Court finds Defendant is not prejudiced by the fact it received the document from Home Depot rather than Plaintiff directly. Defendant's objection is overruled.

Accordingly, it is

**ORDERED**:

1. Plaintiffs' Motion for Leave to File Under Seal (Doc. 259), is **granted** to the extent that Plaintiff's unredacted Motion for Partial Summary Judgment (Doc. 259-1) is to remain under seal until further order of the Court. In all other respects, the motion is **denied**.

2. Defendant's Unopposed Motion for Leave to File Under Seal (Doc. 264) is **denied as moot** as to Doc. 264-1 and the Clerk is directed to strike and delete the image at Doc. 264-1. In all other respects, the motion is **denied**.

3. Defendant's Unopposed Motion for Leave to File Under Seal (Doc. 266) is **granted** and Defendant's unredacted substitute Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. 266-1) shall remain under seal until further order of the Court.

4. Plaintiff's Motion for Leave to File Under Seal (Doc. 270) is **granted** to the extent that an unredacted copy of Plaintiff's Reply in Support of its Motion for Partial Summary Judgment (Doc. 270-1) shall remain under seal until further order of the Court. In all other respects the motion is **denied**.

5. Absent a court order to the contrary, the items sealed by this Order shall remain under seal for one year after which time any party may file a motion to renew sealing of the document.

6. The portions of this Order denying the requests to seal are stayed for **7 days** to permit withdrawal of the item or for other relief. *See* M.D. Fla. Local Rule 1.11(d).[3] Absent withdrawal or other requests for relief, **EIGHT (8) DAYS** from the date of this Order, the Clerk is directed to unseal the documents at Docs. 259-2, 259-3, 259-4, 264-2, 270-2, 270-3.

7. Defendant's objection (Doc. 274) to Plaintiff's exhibit at Doc. 270-3 is **overruled**.

**DONE AND ORDERED** in Tampa, Florida on October 29, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record
Unrepresented Parties

[3] Although the Local Rules generally permit a stay of 14 days, given the pending summary judgment motions which the Court has under advisement and the impending trial, the Court has shortened the time to 7 days. If either party needs more than 7 days, a motion seeking an extension of time may be filed.