UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TECHTRONIC INDUSTRIES COMPANY LIMITED,

Plaintiff,

v. Case No.: 8:23-cv-01734-CEH-AEP

VICTOR BONILLA,

Defendant,
________________________________/

# ORDER

This matter is before the Court on Defendant's Motion *in Limine* to Exclude Evidence and Argument Not Raised in Pleadings (Doc. 218) and the first issue from Plaintiff's Omnibus Motion *in Limine* regarding the falsity of the Second Report (Doc. 216). For the reasons that follow, the motions are due to be denied.

## DISCUSSION

Motions *in limine* present pretrial issues of admissibility of evidence that are likely to arise at trial, and as such, "the order, like any other interlocutory order, *remains subject to reconsideration by the court throughout the trial.*" *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-EAK-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) (emphasis in original) (citation omitted). "A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)).

The parties are familiar with the factual and procedural background in this case, and thus it will not be repeated here. Relevant to the matters before the Court, the Court held a hearing on the parties' motions *in limine* on June 2, 2026. Docs. 236, 240. The Court issued an order on June 5, 2026, which memorialized the Court's rulings at the hearing. Doc. 241. As indicated in the Order (Doc. 241 at 6), the Court deferred ruling, in part, on Plaintiff's Omnibus Motion *in Limine* (Doc. 216) and deferred ruling on Defendant's Motion *in Limine* to Exclude Evidence and Argument Not Raised in Pleadings (Doc. 218). Both motions seek to limit the opposing party from presenting argument related to the Second Report—Defendant does not want Plaintiff to argue any statements from the Second Report other than the five alleged defamatory statements and Plaintiff does not want Defendant to argue the truthfulness of any statement in the Second Report. These matters were taken under advisement pending the Court's issuance of a clarifying order as it relates to the Court's summary judgment ruling.[1] The Court issued its clarifying order on August 12, 2026. Doc. 247.

The Court's clarifying order specifically noted that "not every statement in the Second Report is a basis for Plaintiff's defamation claim; rather only those statements alleged in the operative Complaint form the basis for the claims of defamation." Doc. 247 at 8. In that regard, "[a] false statement of fact is the *sine qua non* for recovery in a

[1] Despite neither party raising any "confusion" or need for clarification following the issuance of the Court's summary judgment ruling, at the pretrial conference, the parties indicated they prepared for trial based on divergent understandings of the Court's order. To avoid prejudice, the Court granted the request for clarification (Doc. 242), issued a clarifying order (Doc. 247), and allowed the parties to submit supplemental briefing (Doc. 253).

defamation action" under Florida law. *Klayman v. Jud. Watch, Inc.*, 22 F. Supp. 3d 1240, 1253 (S.D. Fla. 2014), aff'd (Feb. 17, 2015) (quoting *Byrd v. Hustler Magazine, Inc.*, 433 So. 2d 593, 595 (Fla. 4th DCA 1983)). And statements not challenged as defamatory in the complaint cannot be the basis for a plaintiff's claim of defamation. *See Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 705 (11th Cir. 2016). Notwithstanding, the Court explained "[t]hat does not mean that Plaintiff will be limited to raising only [the alleged] statements before the jury. Plaintiff may properly present the statements in the context of the entire Second Report. But the issue for the jury's consideration will be whether the alleged statements are defamatory, not whether the entire Second Report or the gist of the Second Report is defamatory." Doc. 247 at 8 n.12.

With that backdrop, the Court denies Defendant's motion *in limine* to exclude evidence and argument not raised in the pleadings (Doc. 218) to the extent that Defendant seeks to preclude Plaintiff from presenting any evidence or argument as to statements in the Second Report other than the five specific statements referenced in the complaint. Statements should be considered in context. And a publication must be considered in its totality. *See Byrd v. Hustler Mag., Inc.*, 433 So. 2d 593, 595 (Fla. 4th DCA 1983). To that end, Plaintiff will be permitted to discuss the entire Second Report, in general, including statements contained within the report besides the five alleged defamatory statements. However, in rendering its verdict, the jury will only consider the alleged defamatory statements.

Regarding the first issue in Plaintiff's Omnibus Order, Plaintiff requests this Court preclude Defendant from asserting at trial that the Second Report was not false.

In support, Plaintiff argues that the Court's summary judgment ruling granting partial summary judgment on the issue of falsity as to the Second Report precludes Defendant from arguing to the contrary. Doc. 216 at 1. Plaintiff's motion on this issue is due to be denied. As explained in the Court's summary judgment order and subsequent clarifying order, the Court granted partial summary judgment as to the falsity of the statements made in the Second Report regarding the value, profit, and annual sales of the DTFO's stores. Doc. 179 at 27; Doc. 247 at 10. The Court made no other finding of falsity. And specifically, as to the "factory blemished" issue, the Court found there was a dispute of fact that is better left for the jury. Doc. 179 at 27; Doc. 247 at 6, 10.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Omnibus Motion *in Limine* (Doc. 216) on the issue of the falsity of the entire Second Report is **denied**.

2. Defendant's Motion *in Limine* to Exclude Evidence and Argument Not Raised in Pleadings (Doc. 218) is **denied**.

**DONE AND ORDERED** in Tampa, Florida on October 29, 2026.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any