UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| TECHTRONIC INDUSTRIES COMPANY LIMITED and TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.<br>Plaintiffs,<br>v.<br>VICTOR BONILLA,<br>Defendant. | Case No. 8:23-cv-01734-CEH-AEP |

**DEFENDANT'S MOTION FOR TRIAL CONTINUANCE**

## I. INTRODUCTION

With three weeks to go before trial, there are numerous outstanding issues: (1) the parties just received the Court's summary judgment order [ECF No. 294], which contains language making clear the issues remaining in the case and thus affects the parties' trial preparation, as well as the jury instructions and verdict forms; (2) the Court has pending before it a motion for sanctions against Plaintiff Techtronic Industries Co. ("Techtronic") based on Techtronic's failure to identify in discovery and on its exhibit list the 2022 Supplier Buying Agreement, which Techtronic now claims helps define whether it can sell "factory blemished" goods in its outlet stores, and which could result either in the exclusion or admission of that agreement as well as additional pre-trial discovery[1]; (3) deposition

[1] In discussing the sanctions motion at the recent court hearing, Techtronic argued that the sanctions motion was brought late. It was not. Techtronic for the first time disclosed its intention

designations, counter-designations, and objections to them [ECF No. 227] remain to be resolved; and (4) the Court will still need to resolve objections to exhibits and other matters before trial.

Thus, Defendant Victor Bonilla ("Bonilla") believes the current trial date, November 30, 2026, is unrealistic. Bonilla therefore requests a continuance of the trial date. Because Techtronic has raised concerns about witness availability, Bonilla respectfully requests that the Court direct the parties to meet and confer regarding potential trial dates in January or February 2027. Pursuant to Local Rule 3.08(b), the undersigned certifies that Bonilla has been informed of and consents to this request for a continuance.

## II. LEGAL STANDARD

A district court may modify a scheduling order for good cause. Fed. R. Civ. P. 16(b)(4). In evaluating a request to continue trial, courts in this Circuit consider (1) the moving party's diligence in its efforts to ready its case; (2) the likelihood that a continuance will remedy the need for it; (3) the extent to which a continuance will inconvenience the court and the opposing party; and (4) the extent to which the moving party will suffer harm if the continuance is denied. *See Romero v. Drummond Co.*, 552 F.3d 1303, 1320 (11th Cir. 2008). Each factor favors a continuance here.

---

to use the 2022 Supplier Buying Agreement, which it now contends was the operative contract that permitted it to sell factory blemished goods in stores, when it filed its supplemental reply papers in support of summary judgment on September 29, 2026 [ECF Nos. 270, 270-3]. The sanctions motion was timely filed after this.

## III. ARGUMENT

### A. Denial of a Continuance Would Prejudice Bonilla.

Most importantly, going forward on November 30, 2026, will prejudice Bonilla. Bonilla would be learning on the eve of trial whether Techtronic may rely on the 2022 Supplier Buying Agreement—an agreement it never identified in discovery or on its exhibit lists—to justify its position that it is permitted to sell factory blemished goods. Bonilla would have no meaningful opportunity to take discovery on that agreement, prepare cross-examination, or tailor his jury instructions and verdict form to the issues that actually remain. This will seriously impair Bonilla's ability to prepare his defense.

### B. Bonilla Has Been Diligent, and a Continuance Will Remedy the Problem.

Bonilla has been diligent in readying this case for trial, including by conferring in-person with Techtronic regarding pretrial filings [ECF No. 207], timely filing the joint Final Pretrial Statement on April 17, 2026 [ECF No. 215] that identified proposed jury instructions and verdict form, *voir dire* questions, witness lists, and exhibit lists. Bonilla also filed motions *in limine* on April 17, 2026 [ECF Nos. 217-219]. Bonilla also timely filed deposition designations, counter-designations, and objections thereto [ECF No. 227], and a trial brief [ECF No. 225] on May 5, 2026. Of course, none of these trial materials contemplate the now-narrowed scope of trial in light of this Court's ruling on the pending supplemental motions for partial summary judgment. [*See* ECF Nos. 242, 247, 255, 257, 294].

The need for a continuance does not stem from any lack of diligence; it stems from unresolved legal issues that must be decided so that the parties know what issues they will be trying. These include the summary judgment order issued today and the sanctions motion. [ECF Nos. 283, 294]. The sanctions motion may also require additional discovery, which will, as the Court has already noted during the status conference on November 5, 2026, necessitate a trial continuance in any event. A short continuance will give the Court time to rule on these matters and allow any resulting discovery, fully remedying the need for the continuance.

**C. A Short Continuance Will Not Unduly Inconvenience the Court or Techtronic.**

Bonilla is willing to work with both Techtronic and the Court to ensure the trial continuance is short and the case can be tried in January or February 2027, or as soon as the Court has another date available, in order to minimize any prejudice to Techtronic. Bonilla is further willing to cooperate in selecting dates on which Mitchell Schwartz can testify live, in the order Techtronic wishes to present him. A continuance would therefore also likely eliminate the current dispute over whether Mr. Schwartz is unavailable within the meaning of Federal Rule of Civil Procedure 32(a)(4) and whether his deposition testimony may be used in lieu of live testimony.

## IV. CONCLUSION

Accordingly, Bonilla respectfully requests that the Court continue the November 30, 2026, trial date and direct the parties to meet and confer to set a

trial date in January or February 2027 or at such other time as dates are available on the Court's calendar.

**LOCAL RULE 3.01(g) CERTIFICATION**

The undersigned hereby certifies that, prior to filing this motion, Bonilla's counsel conferred via Zoom conference on November 6, 2026 with counsel for Techtronic, which opposes the relief requested herein. At the conference, Bonilla's counsel informed Techtronic's counsel of the basis for this motion.

Dated: November 9, 2026

Respectfully submitted,

By: */s/ Dilan A. Esper*
Dilan A. Esper (*pro hac vice*)
desper@Harderstonerock.com
Charles J. Harder (*pro hac vice*)
charder@Harderstonerock.com
Harder Stonerock LLP
6300 Wilshire Boulevard,
Suite 640
Los Angeles, CA 90048
Telephone (424) 203-1600

By: */s/ Jonathan R. Weiss*
Jonathan R. Weiss (FBN: 57904)
Jonathan.weiss@squirepb.com
Squire Patton Boggs (US) LLP
200 S. Biscayne Boulevard,
Suite 3400
Miami, Florida 33131
Telephone: (305) 577-7000

*Attorneys for Defendant Victor Bonilla*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 9, 2026, the foregoing document was electronically filed with the Clerk of Court using CM/ECF, which will electronically send a notice of electronic filing to Plaintiffs' attorneys of record:

Jason Sternberg (*pro hac vice*)
Quinn Emanuel Urquhart Sullivan LLP
2601 South Bayshore Dr., Ste 1550
Miami, FL 33133
jasonsternberg@quinnemanuel.com

Kristin Tahler (*pro hac vice*)
Quinn Emanuel Urquhart Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
kristintahler@quinnemanuel.com

David A. Nabors
Fla. Bar No. 1024722
Quinn Emanuel Urquhart Sullivan LLP
2601 S. Bayshore Drive, Suite 1550
Miami, FL 33133-5417
davidnabors@quinnemanuel.com

Nicholas Inns (*pro hac vice*)
Quinn Emanuel Urquhart Sullivan LLP
1300 I Street, NW, Suite 900
Washington, D.C. 20005
nicholasinns@quinnemanuel.com

*/s/ Jonathan R. Weiss*
Jonathan R. Weiss