**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Tampa Division**

Techtronic Industries Company Limited,

Plaintiff,

v.

Victor Bonilla,

Defendant.

Case No. 8:23-cv-01734-CEH-AEP

**<u>TTI's OPPOSITION TO MOTION FOR TRIAL CONTINUANCE</u>**

Plaintiff Techtronic Industries Company Limited ("TTI") opposes Defendant Victor Bonilla's ("Bonilla") Motion for Trial Continuance (ECF No. 295) (the "Motion") for the reasons stated below:

## INTRODUCTION

For more than three years, TTI has sought to hold Bonilla accountable for a "report" falsely accusing TTI of deceiving its largest customer, a report this Court has already held contains false statements of fact and yet nevertheless remains on Bonilla's website, unedited, to this day. The trial at which TTI will at last have the opportunity to vindicate its claims is less than three weeks away, on a date-certain setting the Court fixed in June. The premise of Bonilla's Motion is that something has changed in recent weeks that makes a November 30 trial impracticable.

Bonilla is mistaken. In fact, the only change since June is that the case has become narrower and more trial ready. The cost of postponement, by contrast, would fall on TTI, which has now prepared its witnesses, worked through its multitude of logistics twice, and would bear the continuing injury of Bonilla's report for every month the trial is delayed.

The Scheduling Order provides that motions to continue trial are "generally denied" and will be granted only "to prevent manifest injustice." This stands to reason as a continuance, particularly at this late stage, is highly prejudicial and disruptive for the dissenting party, as well as the Court, which has reserved time on its schedule for trial at the exclusion of other matters and priorities. Bonilla offers three reasons for a continuance, and none comes close to meeting that standard. *First*, in contrast to Bonilla's claims, the summary judgment ruling narrowed the trial by resolving one statement in Bonilla's favor. The statements that remain have been in the case since July 2024 and turn on the same evidence the jury would hear regardless. Notably, Bonilla cannot identify a single new witness, exhibit, or theory of proof the ruling requires. *Second*, this case has been effectively trial-ready since the spring. In preparation for the June trial setting the parties filed their Joint Final Pretrial Statement, witness and exhibit lists, jury instructions, verdict forms, trial briefs, and deposition designations. What is left is resolving a handful of objections and conforming the instructions and verdict form to the Court's latest ruling. That is the routine work of the final weeks before any trial, and Bonilla, represented by two law firms including the international

firm Squire Patton Boggs is well equipped to finish it. The witnesses who will testify in person are set to appear in Tampa later this month and even Mitchell Schwartz's trial availability is no longer at issue for the Court, having agreed to appear at trial in accordance with TTI's subpoena. *Third*, the pending motion to exclude the SBAs provides no basis for a continuance because TTI produced SBAs long ago, and, as the Court has already found, Bonilla has had the documents in question for more than two years.

Bonilla simply fails to provide any availing justification for the continuance he seeks. To the extent Bonilla is not ready for a trial he has known about for months, on claims he has known about for years, the difficulty is of his own making and in no event is it a persuasive basis for a continuance. Holding him to the trial date thus works no injustice, while postponing it would reward delay at TTI's expense. The Court should deny the Motion and begin trial on November 30 as scheduled.

## FACTUAL BACKGROUND

TTI filed this defamation case on August 3, 2023. ECF No. 1. Discovery closed in August 2024, and on April 17, 2026, the parties filed their Joint Final Pretrial Statement, with proposed jury instructions, verdict forms, voir dire questions, witness lists, and exhibit lists. ECF No. 215. On May 5, the Court set a date-certain jury trial for June 22, 2026, and the parties filed their trial briefs and deposition designations. ECF Nos. 224–227. The Court held the final pretrial conference and heard argument on the motions in limine on June 2, entered its

Pretrial Order on June 3, and ruled on motions in limine on June 5. ECF Nos. 235–236, 239, 241. On June 25, the Court set a new date-certain jury trial for November 30, 2026, ECF No. 246, and it has since resolved the remaining motions in limine and set the outstanding deposition-designation objections for hearing on November 19, ECF Nos. 282, 293.

On August 12, the Court issued its clarifying order and identified the specific issues that remained for trial on two of Bonilla's statements. ECF No. 247. The Court then permitted further briefing on three additional statements that TTI alleged to be false. ECF No. 253. The parties filed cross motions for summary judgment on those statements, ECF Nos. 255, 257, and on November 9 the Court granted Bonilla summary judgment on one statement and held that the other two will go to the jury, ECF No. 294..

On October 2, Bonilla objected to TTI's use of two Supplier Buying Agreements in the supplemental summary judgment briefing. ECF No. 274. On October 29, the Court overruled the objection because Bonilla "has been aware and has had a copy of the document for over two years." ECF No. 281 at 5. Bonilla nevertheless filed a motion to exclude those documents from trial that very same day. ECF No. 283. TTI opposed that motion, explaining that Bonilla received the SBAs in discovery from both TTI and THD and that any failure to explore the SBAs in discovery was an issue of Bonilla's own making. ECF No. 290.

Throughout this period, TTI has diligently prepared to try this case on November 30, and it is ready to do so.

## LEGAL STANDARD

Under this Court's Scheduling Order, motions to continue trial are "generally denied" and the Court will grant an exception "only when necessary to prevent manifest injustice." ECF No. 35, CMSO II(B)(1). Whether to continue a trial date rests firmly in the discretion of the trial court. *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (internal citation omitted). In exercising that discretion, courts consider four factors: "(1) the moving party's diligence in its efforts to ready its case prior to the date set for hearing; (2) the likelihood that the need for a continuance would have been remedied had the continuance been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; and (4) the extent to which the moving party might have suffered harm as a result of the district court's denial." *High Soc'y Exotics, LLC v. Bellsouth Telecomms, LLC*, No. 1:24-CV-22768-KMM, 2025 WL 3723044, at *2 (S.D. Fla. Sept. 8, 2025) (declining continuance where moving party failed to satisfy these factors).

## ARGUMENT

Bonilla's Motion should be denied because he has not shown that he would suffer a "manifest injustice" without a continuance. The parties have had ample time to prepare for trial, and the pretrial work that remains is routine and largely complete. Bonilla's request for discovery he could have taken years ago is no basis for delay. And TTI would be prejudiced by further delay, having diligently prepared for trial and expended resources in doing so in preparation for the

November 30 date.

## I. THE PARTIES HAVE HAD AMPLE TIME TO PREPARE FOR TRIAL

Bonilla cannot credibly claim that he lacks time to prepare for a trial whose date he has known for nearly five months and whose issues he has been litigating for three years. The Court set the November 30 date-certain trial on June 25, nearly five months ago. Since at least the Court's August 12 Order, the parties have known the core issues the jury will decide: whether TTI defrauded Home Depot[1], and whether TTI used the "factory blemished" label to sell products through its outlet stores to Home Depot's detriment. Courts routinely deny similar eleventh-hour requests in long-pending cases. *Bahr v. NCL (Bahamas) Ltd.*, No. 19-CV-22973, 2022 WL 293255, at *4 (S.D. Fla. Feb. 1, 2022) (denying continuance motion for a "straightforward and otherwise simple case … filed over two and [a] half years ago" where movant filed continuance motion twenty days before calendar call). The case for denial is stronger here, where the litigation has been pending for more than three years and the trial date has been fixed since June.

Nor did the November 9 Order change what the parties must prepare to try. The Order narrowed the case, leaving two rather than three additional statements for the jury. Those two statements, that "TTI has successfully deceived Home

[1] The Court further instructed that the falsity of the fraud statement had been found "to the extent that the statement was predicated [] upon the false facts related to DTFO inventory, value, and sales," leaving for the jury to determine whether the statement was defamatory per se, whether Bonilla made the statement negligently, and damages. ECF No. 247 at 10-11.

Depot" and that TTI "has used the 'Factory Blemished' nomenclature specifically to deceive Home Depot," restate the fraud and labeling accusations already set for trial, and both have been pleaded since July 2024. They add no new theory, element, or burden of proof. That they rest on Bonilla's source interviews changes nothing, because it is well understood that both parties have long planned to make those interviews central to their cases. Tellingly, Bonilla cannot identify a single witness, exhibit, or line of proof that the November 9 Order requires him to develop. A ruling that removes a statement from the case cannot justify delaying trial on the long-known statements that remain.

## II. NO PRETRIAL FILINGS REQUIRE ADDITIONAL TIME

Bonilla argues that open pretrial matters make the November 30 trial date "unrealistic," Mot. at 2, but his own Motion shows that the pretrial work is all but complete. As Bonilla acknowledges, the parties many months ago filed the "joint Final Pretrial Statement" with "proposed jury instructions and verdict form, voir dire questions, witness lists, and exhibit lists," as well as "deposition designations, counter-designations, and objections thereto," and trial briefs. Mot. at 3. Bonilla does not identify a single change he would need to make to any of those filings, much less one that would take months. At most, the November 9 Order requires conforming edits to the jury instructions and verdict form to reflect that one statement is no longer in the case, and those documents will be finalized at the charge conference in any event. That is modest work, and Bonilla's two law firms can readily complete it in the time remaining.

Nor does Mitchell Schwartz's availability warrant a continuance. Bonilla argues that a continuance might "eliminate the current dispute over whether Mr. Schwartz is unavailable within the meaning of Federal Rule of Civil Procedure 32(a)(4) and whether his deposition testimony may be used in lieu of live testimony." Mot. at 4. That dispute no longer exists, however, because on November 10, Mr. Schwartz agreed to appear at trial pursuant to TTI's subpoena.

## III. NO ADDITIONAL DISCOVERY IS WARRANTED OR REQUIRES A CONTINUANCE

Bonilla's failure to adequately pursue discovery does not warrant a continuance. As detailed in TTI's Opposition, ECF No. 290, Bonilla's Motion to Exclude the SBAs is meritless and his demand to reopen discovery more than two years after it closed should be denied. Bonilla has had the SBAs for well over two years and chose to not take any discovery about them. ECF No. 290, at 8-10. Bonilla's explicit request to depose Randy Davis—a TTI witness that he was on notice of, but failed to depose during discovery—betrays the motivation behind this out-of-time attempt at a discovery do-over. *Rodriguez v. Whitestone Group, Inc.*, No. 12-CV-23974-UU, 2014 WL 11878380, at *3 (S.D. Fla. May 2, 2014) (denying continuance where "Plaintiff sought a continuance so that it could take depositions six months after the close of discovery and five days before trial, which had already been continued for over three months" and finding that the discovery failure weighed against plaintiff's diligence). A continuance to enable further discovery is neither necessary nor warranted and would be prejudicial to TTI, which completed

its discovery on the schedule this Court ordered. *Syffrad v. City of Fort Lauderdale*, No. 0:21-CV-62187, 2026 WL 1574683, at *2 (S.D. Fla. May 8, 2026) ("To allow depositions of 'critical' witnesses after the summary judgment record has been closed for years (without any newly discovered evidence) when Plaintiff sat on his hands would be unfair and, indeed, unjust.").

## IV. THE BALANCE OF HARMS WEIGHS DECISIVELY AGAINST A CONTINUANCE

Lastly, the prejudice to TTI and the burden of resetting trial far outweigh any harm Bonilla faces in trying this case as scheduled. *Drummond Co., Inc. v. Collingsworth*, No. 2:11-CV-3695-RDP, 2025 WL 3067918, at *7 (N.D. Ala. Nov. 3, 2025) (non-movant's expense and time weighed in favor of denying continuance). TTI has been diligently preparing for trial, including preparing its witnesses and incurring significant costs and expending resources associated with trial preparation and logistics. This is all work and expense that TTI would again have to shoulder should the Court grant Bonilla's motion. *See Martins v. Royal Caribbean Cruises, Ltd.*, No. 15-21124-CIV, 2018 WL 1072196, at *17 (S.D. Fla. Feb. 27, 2018). It is well-established that the Court similarly faces logistical hurdles when resetting a trial. *See Morris v. Slappy,* 461 U.S. 1, 11 (1983) ("Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons.").

Moreover, TTI has a heightened interest in bringing this trial to a prompt conclusion because, for over three years, Bonilla has maintained the Second Report on his website without correction. Bonilla has done so even though the Court has held, as a matter of law, that the Second Report's statements regarding the value, sales, and inventory of DTFO are false. Each delay prolongs adjudicated falsehoods remaining online. TTI is prepared to vindicate its claims at trial and should be permitted to do so on November 30.

In contrast, as explained throughout this Opposition, Bonilla's claimed harm is either non-existent or the result of his own lack of diligence. Bonilla can identify no cognizable harm from being required to try a case he has had months, and in many respects years, to prepare. Being held to a trial date is not prejudice; it is the consequence of litigation and the result the Scheduling Order and the law demand.

## CONCLUSION

TTI respectfully requests that the Court deny Bonilla's Motion.

Dated: November 12, 2026

By: <u>*/s/ Jason D. Sternberg*</u>
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Jason D. Sternberg (FL Bar 72887)
Tara MacNeill (FL Bar 1028931)
Laura N. Ferguson (FL Bar 1047701)
David Nabors (FL Bar 1024722)
2601 South Bayshore Drive, 15th Floor
Miami, FL 33133
Telephone: (305) 402-4880

Facsimile: (305) 901-2975
jasonsternberg@quinnemanuel.com
taramacneill@quinnemanuel.com
lauraferguson@quinnemanuel.com
davidnabors@quinnemanuel.com

Christopher Tayback (admitted *pro hac vice*)
Kristin Tahler (admitted *pro hac vice*)
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
christayback@quinnemanuel.com
kristintahler@quinnemanuel.com

Nicholas Inns (admitted *pro hac vice*)
555 13th Street, NW, Suite 600
Washington, D.C. 20004
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
nicholasinns@quinnemanuel.com

*Attorneys for Techtronic Industries Company Limited*