UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TECHTRONIC INDUSTRIES
COMPANY LIMITED,

Plaintiff,

v. Case No.: 8:23-cv-01734-CEH-AEP

VICTOR BONILLA,

Defendant,
____________________________________/

**ORDER**

This matter is before the Court on Defendant's Motion for Clarification (Doc. 250) and Plaintiff's response in opposition (Doc. 254). In the motion, Defendant seeks an order clarifying an issue the Court has already addressed in two separate orders. Upon consideration, Defendant's motion will be denied.

**DISCUSSION**

Defendant Victor Bonilla filed a motion requesting clarification regarding the scope of the Court's April 12, 2026 Order, related to the alleged defamatory statement that TTI is systematically defrauding Home Depot. Defendant argues he should be able to present evidence as to the statement's truthfulness to the extent based on other facts besides the falsity of the statements about outlet inventory value, sales, and profits. Plaintiff opposes the motion arguing that the Court's prior Orders found the statement to be false because it relied on false facts regarding value, sales, and profits. As to this statement, the Court ruled the following issues would be decided by the jury:

whether the statement is defamatory, whether Bonilla made the statement negligently, whether damage resulted, and if so, how much damage resulted. No further clarification is needed.[1]

Although labeled as a motion for clarification, Bonilla essentially is seeking reconsideration of the Court's prior rulings. "The only grounds for granting a Rule 59 motion [for reconsideration] are newly-discovered evidence or manifest errors of law or fact." *Anderson v. Fla. Dep't of Envtl. Prot.*, 567 F. App'x 679, 680 (11th Cir. 2014) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (modified)). Bonilla fails to cite to the Court any newly-discovered evidence or manifest error to support reconsideration of the Court's rulings. Significantly, a motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (citing *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998)). Bonilla seeks to reargue the issue of the falsity of the alleged defamatory statement. A motion for reconsideration is not the vehicle to do that and he fails to cite any legal basis or authority to otherwise disturb the Court's prior rulings. Accordingly, it is

**ORDERED**:

---

[1] The Court has previously ruled that there has been no finding of falsity as to the entire Second Report. And Bonilla is not precluded from presenting evidence and argument regarding the factual disputes related to the factory blemished nomenclature, particularly as it relates to the falsity or truthfulness of the other alleged defamatory statements at issue. But the question of the falsity of the statement referenced in this motion for clarification has already been determined.

1. Defendant's Motion for Clarification (Doc. 250) is **denied**.

**DONE AND ORDERED** in Tampa, Florida on November 18, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any