UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TECHTRONIC INDUSTRIES COMPANY LIMITED,

Plaintiff,

v. Case No.: 8:23-cv-01734-CEH-AEP

VICTOR BONILLA,

Defendant,
___________________________________/

**ORDER**

This matter is before the Court on Defendant's Motion to Exclude Home Depot Supplier Buying Agreements Not Listed on Plaintiff's Exhibit List from Trial, and for Sanctions under Rule 37 (Doc. 283) and Plaintiff's response in opposition (Doc. 290). A hearing on the motion was held on November 19, 2026. Upon consideration and as discussed at the hearing, Defendant's motion will be denied.

**BACKGROUND**

In this defamation action against short-seller Victor Bonilla, Bonilla moves for an order sanctioning Plaintiff, Techtronic Industries Company Limited ("TTI"), for TTI's alleged discovery disclosure failures. Specifically, Bonilla argues that during the entire discovery period, TTI took the position that the Strategic Initiative Agreement ("SIA") with Home Depot, a heavily-redacted copy of which was produced in discovery, is the only document that governed TTI's relationship with Home Depot. Bonilla claims that three months before trial, for the first time, TTI introduced two

Supplier Buying Agreements ("SBAs") that TTI purportedly never produced in discovery and never identified as governing TTI's ability to sell factory blemished goods at its factory outlet stores. Bonilla submits that this is a brand-new argument that TTI intends to present at trial even though TTI never previously listed the SBAs as a trial exhibit, never used the SBAs in previous summary judgment briefing, never identified the SBAs as relevant in interrogatory responses or in Rule 26 disclosures, and TTI's corporate designees never identified or discussed the SBAs. Bonilla contends he has been deprived of the ability to conduct discovery related to the SBAs given TTI's omissions and nondisclosure. He further argues that he will be extremely prejudiced by TTI's late change in position to now contend that the SBAs permit TTI to sell "factory blemished" goods at the outlet stores because his trial preparation up to this date had focused only on the disclosed SIA as governing the business relationship.

As a sanction, Bonilla requests the Court exclude the SBAs from being used by TTI at trial. Alternatively, Bonilla requests that he be provided complete unredacted[1] copies of the operative agreements and related amendments, a supplemental Rule 30(b)(6) deposition, and limited additional examination of TTI witnesses David Stearns and Randy Davis, with the additional discovery being at TTI's expense.

[1] In this litigation, TTI has only produced a redacted version of the Strategic Initiative Agreement ("SIA") between TTI and the Home Depot. As a sanction, Bonilla seeks to obtain the unredacted version of this agreement. TTI submits that Bonilla's conjecture that the redacted SIA might defeat TTI's interpretation of the SBAs is pure speculation.

In response, TTI states that it produced four SBAs to Bonilla on June 26, 2024—more than two years ago.[2] Additionally, on July 30, 2024, Home Depot produced to Bonilla two additional SBAs in response to a third-party subpoena.[3] *See* Doc. 276-1 (Home Depot's cover letter that accompanied documents produced in response to subpoena, including SBAs, which were specifically referenced in the production letter). All six SBAs are standard forms covering different products but otherwise containing identical language related to the quality warranty at issue here. The warranty language at issue is the SBA's representation that:

> Supplier represents and warrants that all Merchandise will be of good quality, material and workmanship, new, merchantable, fit for its intended purpose and free from any and all defects.

Doc. 291-2 at 3 (quoting Section 5.2 of the SBA).

Despite having SBAs in his possession before taking the deposition of TTI's corporate representative, David Stearns, on July 15, 2024, Bonilla did not ask any SBA-related questions at the deposition. At the deposition of the Home Depot representative taken earlier in this year, Bonilla only asked about the 2024 SBA, not

---

[2] TTI attaches to its response its June 26, 2024 production letter, which included, among other documents, production of four SBAs. Docs. 291-1–291-5. Of note, the production letter included a password for defense counsel to access the zip file that contained the production and also included instructions that the file-sharing hyperlink is available for download for only seven days. The total production on this date consisted of documents numbered TTI0003969 to TTI0007246. The SBAs included with this production have different dates from the SBAs attached as exhibits to TTI's supplemental summary judgment briefing. *Compare* Docs. 291-2–291-5 *with* Docs. 259-4 and 270-3.

[3] The defense acknowledges that it received in 2024 two SBAs from the Home Depot non-party production. *See* Doc. 291-7 at 4-5.

the 2022 SBA. TTI submits that Bonilla's failures to conduct further discovery related to the SBAs are of his own doing.

TTI argues that the motion should be denied for three reasons. First, the Court has already overruled Bonilla's objection to the SBAs. Second, TTI was under no obligation to emphasize, flag, or otherwise spotlight the SBAs that were produced in discovery. TTI contends that the SBAs became a focal point only after Bonilla changed his litigation strategy inconsistent with his report to now argue that TTI could not sell blemished product at all. TTI submits that it has consistently argued that the "fraud" the Second Report alleged was that TTI applied the "factory-blemished" label to "virtually all" of its Home Depot-exclusive products regardless of whether they were blemished. Finally, TTI argues the motion should be denied because any claim of prior non-disclosure should have been raised when the SBAs were produced in 2024. Moreover, TTI submits that the Home Depot witness testified about the SBAs and the SBAs were included on TTI's exhibit list in May 2026.[4] Yet, Bonilla waited until only weeks before trial to claim prejudice. TTI argues that Bonilla's own delay cannot create prejudice, nor justify a continuance.[5] TTI seeks attorney's fees incurred in

[4] Review of the cm/ecf docket reveals that TTI filed an exhibit list on April 17, 2026. Doc. 215-3. The SBAs are not included on that list. However, at the hearing, TTI's counsel represented that the 2024 SBA was included on an amended trial exhibit list provided to Defendant in May 2026, and Defendant received copies of both the 2022 and 2024 SBAs from Home Depot in July 2024.

[5] Bonilla has filed a separate motion seeking a continuance of the trial (Doc. 295), which was also argued at the November 19, 2026 hearing. The Court will issue a separate order on the motion to continue.

responding to the motion for sanctions, which TTI argues never should have been filed.

## DISCUSSION

Bonilla requests Rule 37 sanctions be imposed against TTI for its failure to comply with discovery disclosure requirements by failing to produce in discovery the two SBAs TTI attaches to its supplemental summary judgment briefing. TTI responds in opposition arguing the Court has already ruled on the issue,[6] the documents have been provided to Bonilla by TTI, as well as Home Depot, over two years ago, and any prejudice is a result of Bonilla's own doing.

In its initial Rule 26 disclosures, TTI stated it intended to rely on certain documents and communications related to TTI's contractual relationship with the Home Depot, including any contracts and agreements between them. No documents were disclosed at that time, but in response to discovery requests, TTI responded on February 26, 2024, that it would produce its relevant, non-confidential contracts with the Home Depot that were in effect between 2020 and June 2023 and that relate to TTI's DTFO business. Bonilla contends that TTI "subsequently dumped over 11,000 pages of documents in response to Bonilla's requests." Doc. 283 at 6. Bonilla complains that the SBAs attached to the summary judgment briefing were not included in that production. Bonilla seeks Rule 37 sanctions in the form of excluding the SBAs

[6] The Court previously overruled Bonilla's objections to the document. Doc. 281. Nothing in Bonilla's motion has persuaded the Court to alter its prior finding that there has been no prejudice to Defendant.

from trial, or alternatively, allowing Bonilla additional discovery (at TTI's expense) related to the SBAs.

Although Bonilla does not identify specifically the discovery rule purportedly violated, Rule 26(a) requires, in relevant part, that a party must, without awaiting a discovery request, provide to the other parties:

> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and other tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A)(ii). Here, TTI identified the category (any contracts and agreements between them) and appears to have produced in its June 2024 discovery production some SBAs, although not the ones attached to its summary judgment briefing.

Under Rule 37(c)(1),

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions[.]

Fed. R. Civ. P. 37(c)(1). Rule 37 sanctions are "intended to prevent unfair prejudice to the litigants and to ensure the integrity of the discovery process." *Browning v. Bay Radiology Assocs. PL*, No. 23-13842, 2024 WL 3200472, at *1 (11th Cir. June 27, 2024)

(modified) (quoting *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999)).

By its terms, Rule 37(c)(1) applies only if the failure to comply with Rule 26(a) was not "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The Eleventh Circuit has not defined harmlessness. *See Circuitronix, LLC v. Kinwong Electronic (Hong Kong) Co.*, Ltd., 993 F.3d 1299, 1307–08 (11th Cir. 2021) ("Although we have not settled the meaning of harmlessness under Rule 37 and, in particular, its relationship to prejudice, we need not do so here."). Some district courts have applied a multi-factor test to determine whether non-disclosure is harmless: "(1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Mortg. Payment Prot., Inc. v. Cynosure Fin., Inc.*, No. 6:08-cv-1212-ACC-GJK, 2010 WL 11507658, *2 (M.D. Fla. Nov. 5, 2010) (citation omitted); see also *Warner v. Ventures Health Care of Gainesville, Inc.*, No. 5:00-cv-308-WTH-GRJ, 2001 WL 36098008, at *1 (M.D. Fla. Aug. 1, 2001).

As a preliminary matter, it is not apparent that TTI failed to comply with Rule 26(a), as it did produce SBAs with the June 2024 discovery production.[7] And TTI is

[7] The SBAs appear to be only marginally relevant. Moreover, the operative warranty language is the same in the SBAs produced in June 2024, as were produced by Home Depot in July 2024, and upon which Plaintiff relied in its summary judgment briefing in 2026. And despite defense counsel's arguments at the hearing, Defendant fails to demonstrate any material difference in the various versions of the SBAs produced.

correct that it was under no obligation to highlight for the defense the relevant language of the SBAs. Moreover, Bonilla's interrogatory question asked for the "contractual preconditions . . . for TTI to be able to sell [tools]" through DTFO. According to TTI, that would only be the SIA, not the SBA. The SBA instead addresses the merchandise TTI supplies to the Home Depot. Doc. 290 at 9. Thus, there was no need for TTI to amend its interrogatory answer.

At the hearing, Defendant raised the fact that the SBAs reference a 2017 agreement that governs the terms and conditions of the SBAs and that such 2017 agreement was never produced. As Defendant has been in possession of the SBAs since 2024, he could have requested the 2017 agreement before the discovery deadline passed or at any time in the last two years. Notwithstanding, Plaintiff has agreed to produce to Defendant the 2017 agreement referenced in the SBAs, and the Court has ordered the production to be made by November 24, 2026. *See* Doc. 309.

Although the defense complains that over 11,000 pages of documents were produced by TTI, Bonilla never sought to compel the production of more documents or better answers to the interrogatories to identify which documents responded to which requests. Bonilla's counsel contends that the SBAs attached to TTI's supplemental briefing were not included in that production.[8] Doc. 284 ¶ 7. But even if

[8] At the hearing, defense counsel clarified that Defendant received four "random" SBAs in the June 2024 production from Plaintiff and received the 2022 and 2024 SBA in July 2024 from Home Depot. Defendant's complaint is he never received the 2022 and 2024 SBAs directly from Plaintiff in response to discovery.

the SBAs later relied upon in summary judgment briefing were dated differently than those produced in June 2024, the Court finds no harm has occurred here.

Bonilla's argument that he has been prejudiced because he just learned of these documents when TTI attached the SBAs to the recent summary judgment briefing is unavailing. The SBAs attached to the summary judgment briefing were attached for purposes of referencing the warranty language, which is the identical language that appears in the SBAs that were produced by TTI in June 2024 and are the identical documents that Home Depot produced to Bonilla in July 2024. Bonilla acknowledges receiving the SBAs from the Home Depot production. Thus, Bonilla has been aware of the SBAs and their warranty language since at least July 2024.

Bonilla's argument that he has been deprived of the ability to conduct discovery related to the SBAs is equally without merit. Even if Bonilla did not discover the SBAs in TTI's voluminous discovery production, the Home Depot production letter highlighted that SBAs were being produced in response to the non-party subpoena in July 2024. *See* Doc. 276-1 ("This production includes the relevant Supplier Buying Agreements between TTI and Home Depot as well as responsive email communications."). The fact that Bonilla chose not to question the witnesses during their depositions about the warranty language contained in the SBAs (either at the Home Depot deposition or by requesting to re-open the TTI corporate representative deposition) is not a basis to re-open discovery two years later.[9]

[9] Even if the Court were to consider re-opening discovery--which it is not--defense counsel, at the hearing, did not articulate a meritorious basis to support reopening discovery. Defendant

Bonilla's argument that TTI's trial theory has changed is similarly unpersuasive to show prejudice. Bonilla seeks to fault TTI for not highlighting the significance of the SBAs. But, as noted in TTI's response, it was Bonilla who changed his theory to abandon the premise of his Second Report, which expressly acknowledged a "Factory Blemished" exception, to now argue that the "only exceptions" to the Home Depot and TTI's exclusivity are for reconditioned, excess, or obsolete goods. In response, TTI addressed the SBAs with Home Depot's Kelly Bradley in her May 2026 deposition to explain why damaged or blemished merchandise could not be sold to Home Depot.

The Court agrees with TTI that Bonilla had the operative warranty language and the challenged SBAs since 2024 and nothing prevented Bonilla from engaging in discovery regarding the SBAs. TTI produced SBAs containing the warranty language in its June 2024 production and the Home Depot produced the SBAs in its July 2024 production that TTI seeks to rely on. The Court finds no disclosure violation, but even if there was a violation, Bonilla can show no prejudice caused by TTI.

TTI has requested reimbursement of attorney's fees for having to respond to Bonilla's motion. Because the SBAs upon which Plaintiff seeks to rely were not included on Plaintiff's initial exhibit list and the 2022 SBA was not included on any

---

stated it would need the 2017 agreement; Plaintiff has agreed to produce that. As for Defendant's purported need to depose Randy Davis, TTI argues that Randy Davis has been disclosed since July 2024 as a person with knowledge. Bonilla chose not to depose Davis. As for Defendant's need to re-open the deposition of David Stearns, Defendant had SBAs with the warranty language prior to the Stearns' deposition but did not ask any questions about the SBAs.

list, the Court cannot say that Defendant's motion was wholly without any objective basis, and therefore Plaintiff's request for fees will be denied.

Accordingly, it is

**ORDERED**:

1. Defendant's Motion to Exclude Home Depot Supplier Buying Agreements Not Listed on Plaintiff's Exhibit List from Trial, and for Sanctions under Rule 37 (Doc. 283) is **denied**.

2. TTI's request for attorney's fees is **denied**.

**DONE AND ORDERED** in Tampa, Florida on November 25, 2026.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any