**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TECHTRONIC INDUSTRIES COMPANY LIMITED and TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.,

Plaintiffs,

v. Case No: 8:23-cv-1734-CEH-AEP

VICTOR BONILLA,

Defendant.
___________________________________/

# ORDER

This matter comes before the Court on Defendant's Motion for Leave to File Under Seal. Doc. 285. In the motion, Defendant seeks an order permitting him to file under seal an unredacted copy of "Bonilla's Motion to Exclude Home Depot Supplier Buying Agreements Not Listed on Plaintiff's Exhibit List from Trial and for Sanctions under Rule 47" and a select exhibit to the motion. The motion is unopposed. Upon consideration, the Court will grant-in-part and deny-in-part Defendant's motion.

## DISCUSSION

On October 29, 2026, Defendant filed a redacted version of his Motion to Exclude Home Depot Supplier Buying Agreements Not Listed on Plaintiff's Exhibit List from Trial, and for Sanctions under Rule 37 (Doc. 283). Thereafter, he filed the instant motion (Doc. 285) requesting to seal the unredacted version (Doc. 285-1). The redacted version filed on the public docket removes references to TTI and Home

Depot's confidential business information including policies and pricing. This Court has previously permitted the parties to file unredacted motions and responses under seal with a minimally redacted version on the public docket as it balances the parties' concerns of maintaining the proprietary information confidential with the public's right of access. As the Court needs to review the entirety of the document in order to rule on the motion, the Court will permit the unredacted version of Defendant's motion to exclude and for sanctions to be filed under seal.

As for the excerpts of the Stearns' deposition (Doc. 285-2) that Defendant seeks to file under seal, the motion will be denied. The motion represents that the deposition excerpts are being filed under seal pursuant to the party's stipulated protective order. This Court has previously advised the parties that "the fact that the parties agreed to the material's confidentiality does not constitute good cause" to support sealing the document in its entirety. *See* Doc. 164 at 5. Such agreements of confidentiality or to seal materials is "'immaterial' to a court's decision regarding the public's right of access." *Reed v. CRST Van Expedited, Inc.*, 8:17-cv-199-JDW-CPT, 2018 WL 5077179, *2 (M.D. Fla. April 17, 2018) (citing *Brown v. Advantage Eng'g*, 960 F.2d 1013, 1016 (11th Cir. 1992)). And the Local Rules make clear that "sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation." Local Rule 1.11(a), M.D. Fla. Moreover, the Court recently held that, at this juncture of the proceedings, where no effort is made to balance the public's interest by redacting only the specific proprietary and confidential information which they

claim warrants sealing, the Court will not permit the entire filing to be sealed. *See* Doc. 281 at 4–5.

The Court recently granted Plaintiff's motion to seal two pages of the Stearns' deposition (pages 18 and 19),[1] *see* Doc. 325 at 2, as Plaintiff's request made the concerted effort to seek sealing of only specific, limited confidential portions of the Stearns' testimony. Here, Defendant seeks to file 14 pages of testimony under seal with no effort whatsoever to identify and redact the specific testimony regarding confidential information. Accordingly, the motion is due to be denied as to the proposed sealed item at Doc. 285-2. Accordingly, it is

**ORDERED**:

1. Defendant's Motion for Leave to File Under Seal (Doc. 285) is **granted-in-part** and **denied-in-part**.

2. The motion is granted to the extent that the document at Doc. 285-1 is to remain under seal until further order of the Court. In all other respects, the motion is **denied**.

3. The portion of this Order denying the request to seal the document at Doc. 285-2 is stayed for 14 days to permit withdrawal of the item or for other relief. *See* M.D. Fla. Local Rule 1.11(d). Absent withdrawal or other requests for relief, **FIFTEEN (15) DAYS** from the date of this Order, the Clerk is directed to unseal the document at Doc. 285-2.

[1] Defendant's excerpts of the Stearns' deposition do not include pages 18 and 19, which the Court has permitted to be sealed.

**DONE AND ORDERED** in Tampa, Florida on November 25, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record
Unrepresented Parties